**<u>Tab 1</u>**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**APRIL 2023**

E-Filing Number: 2303074399

**00452**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| EDWIN LEON | CHEYENNE A. GOODMAN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 622 FULTON STREET<br>CONSHOHOCKEN PA 19428 | 830 FULTON AVE<br>LANSDALE PA 19446 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | CHEYENNE A. GOODMAN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 101 W. 10TH STREET APT. 1213<br>WILMINGTON  DE 19801 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☐ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☒ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

2E - WRONGFUL USE OF CIVIL PROCESS

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED**
**PRO PROTHY**

MAR **31** 2023

**S. RICE**

IS CASE SUBJECT TO
COORDINATION ORDER?

YES          NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: EDWIN LEON

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| EDWIN LEON | 622 FULTON STREET<br>CONSHOHOCKEN PA 19428 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (484)866-3399 | none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 331552 | edwinleonjd@gmail.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| EDWIN LEON | Friday, March 31, 2023, 06:00 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**Tab 2**

# Commonwealth of Pennsylvania

COUNTY OF PHILADELPHIA



*Filed and Attested by the Office of Judicial Records 03/31/2023 06:00 pm K. KALOGRIAS*

## Edwin Leon

Plaintiff(s) Name(s) & Address(es)

VS

## Cheyenne Goodman

830 Fulton Avenue, Lansdale, PA 19446

101 W. 10th Street, Wilmington, DE 19801 Apt 1213

Email - cheyenne.a.goodman@gmail.com

Defendant(s) Name(s) & Address(es)

COURT OF COMMON PLEAS
Trial Division

_____ TERM, 20_____

NO._____

## PRAECIPE FOR WRIT OF SUMMONS

TO THE OFFICE OF JUDICIAL RECORDS:

Kindly issue a Writ of Summons in the above captioned civil action.

Date: April 03, 2023

*Edwin Leon*  #331552

Signature of Attorney or Plaintiff(s)

_____

Print Name

_____

Address

_____

_____

Phone Number

Case ID: 230400452

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

_____

*Plaintiff*

vs.

_____

*Defendant*

:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS

_____Term, 20_____

No._____

To[1]

_____

_____

_____

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

_____

_____

_____

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*

ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date:_____

230400452
03/31/2023 06:00 pm
K. KALOGRIAS

10-208 (Rev. 6/14

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 230400452

# Court of Common Pleas

_____ Term, 20 _____

No. _____

_____
_Plaintiff_

vs.

_____
_Defendant_

# SUMMONS

Case ID: 230400452

**Tab 3**

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS OF PHILADELPHIA**
**TRIAL DIVISION - CIVIL**

**LEON VS GOODMAN ETAL**

**APRIL** TERM, **2023**

**No. 00452**

## PRAECIPE TO PROCEED IN FORMA PAUPERIS

**TO THE PROTHONOTARY:**

Kindly allow, <u>EDWIN LEON</u> , (plaintiff) (defendant), to proceed in forma pauperis.

I, _____ EDWIN LEON _____, attorney for the party proceeding in forma pauperis, certify that I believe the party is unable to pay the costs and that I am providing free legal service to the party.

EDWIN LEON
_____
**Attorney for Plaintiff/Defendant**

**Date:** _04/05/2023_____

2303074399

\\zdrprifp 5/07

**<u>Tab 4</u>**

**RUDOLPH CLARKE, LLC**
**By:  Derek A. Keightly, Esquire**
**Attorney I.D. No. 325899**
**By:  Harrison E. Fonteix, Esquire**
**Attorney I.D. No. 326300**
**Seven Neshaminy Interplex**
**Suite 200**
**Trevose, PA  19053**
**(215) 633-1890**



*Filed and Attested by the*
*Office of Judicial Records*
*27 APR 2023 02:19 pm*
*N. SWEENEY*

*Attorneys for Plymouth Township*

| | | |
|---|---|---|
| **EDWIN LEON** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **CIVIL TERM** |
| | : | |
| **CHEYENNE GOODMAN, et. al.,** | : | **NO. 230400452** |
| | : | |
| *Defendants.* | : | |

## MOTION FOR PROTECTIVE ORDER

Plymouth Township ("Township"), by and through its attorneys Derek A. Keightly, Esquire, and Harrison E. Fonteix, Esquire, and per Pennsylvania Rule of Civil Procedure 4012(a), respectfully requests that this Honorable Court issue an Order directing that the Plymouth Township Police Department ("Department") is not required to produce the documents and things requested in Plaintiff's Subpoena to Produce Documents or Things For Discovery Pursuant to Rule 4009.22, dated April 5, 2023, and received by the Department on or about April 11, 2023, regarding the above-referenced matter, and in support thereof, alleges the following:

1.      On or about April 11, 2023, the Department received Plaintiff Edwin Leon's ("Plaintiff") Subpoena to Produce Documents or Things for Discovery Pursuant to Rule 4009.22, dated April 5, 2023 ("Subpoena"). The Subpoena seeks to require the Department to produce, "Any document, file, case note, video, audio, or other item,

electronic or otherwise kept relating to Cheyenne Goodman (03/06/1997), Edwin Leon (06/21/1990), and the report filed on December 22, 2022." A true and accurate copy of the Subpoena is attached hereto, incorporated herein, and labeled as Exhibit "A".

2.     In making this request, Plaintiff requests production of documents and things that contain police investigatory information and treatment information as defined by the Criminal History Record Information Act.

3.     The Criminal History Record Information Act ("CHRIA") regulates the manner in which a criminal justice agency retains and disseminates protected information. 18 Pa.C.S. §9106(b-c).

4.     "Protected information" is comprised of, among other things, "investigative information." 18 Pa.C.S. §9106(b).

5.     "Investigative information" is, among other things, police incident reports that contain "information assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing[.]" 18 Pa.C.S. §9102.

6.     CHRIA clearly states, "Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic." 18 Pa.C.S. § 9106(c)(4).

7.     The Commonwealth Court defined "investigative information" broadly, holding that information on sexual offenders kept with the Pennsylvania State Police

Certification Due Date: 05/04/2023
Response Date: 05/11/2023
Case ID: 230400452
Control No.: 23045551

("State Police") was information used as an "investigatory tool," and thus was "investigative information" that the State Police could not turn over even to the Pennsylvania Auditor General. Dep't of the Auditor Gen. v. Pa. State Police, 844 A.2d 78, 82 (Pa. Commw. Ct. 2004) (Auditor General).

8.     The Commonwealth Court has further clarified that "investigative content…would include activities such as taking measurements, collecting evidence, or physically inspecting or analyzing an accident scene." Pa. State Police v. Grove, 119 A.3d 1102, 1109 (Pa. Commw. Ct. 2015), aff'd by Pa. State Police v. Grove, WL 2645401 (Pa. 2017).

9.     Even when documents contain some information that a criminal justice agency may release, when said documents also contain protected investigative information, said documents shall not be turned over to a non-criminal justice agency. In re Pittsburgh Citizen Police Review Bd., 36 A.3d 631 (Pa. Commw. Ct. 2011).

10.     Like the information the Commonwealth Court deemed investigative in Auditor General, the information sought in the instant case is investigative information.

11.     CHRIA prohibits the Department from producing the investigative information Plaintiff requests through their Subpoena, as Plaintiff is not an "authorized member" or a "criminal justice agency."

12.     Rule 4012(a) of the Pennsylvania Rules of Civil Procedure provides that a court may enter a protective order "upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown." Pa.R.C.P. 4012(a).

13.     The court is empowered to "make any order which justice requires to protect …[the] person from unreasonable annoyance, embarrassment, oppression, burden or expense[.]" Id.

14.     Production of the documents and things requested in Plaintiff's Subpoena would subject the Department to unreasonable annoyance, embarrassment, oppression, burden and expense due to the penalties outlined by CHRIA, including that "[a] person found by the court to have been aggrieved by a violation of this chapter or the rules or regulations promulgated under this chapter, shall be entitled to actual and real damages of not less than $100 for each violation and to reasonable costs of litigation and attorney's fees. Exemplary and punitive damages of not less than $1,000 nor more than $10,000 shall be imposed for any violation of this chapter, or the rules or regulations adopted under this chapter, found to be willful." 18 Pa.C.S.A. § 9183(b)(2).

15.     Among the court's enumerated powers under Rule 4012(a) is the court's ability to enter an order "that the discovery … shall be prohibited." Pa.R.C.P. 4012(a)(1).

16.     Furthermore, the contours of discovery are not boundless. A party may only obtain discovery regarding matters that are not privileged. Pa.R.C.P. 4003.1.

**WHEREFORE**, for the foregoing reasons, Plymouth Township respectfully requests that this Honorable Court issue a protective order directing that the Department need not produce the investigatory information Plaintiff seeks through their Subpoena.

Respectfully submitted,

**RUDOLPH CLARKE, LLC**

By: _____
Derek A. Keightly, Esquire
*Attorney for Plymouth Township*

Date: April 27, 2023

## **VERIFICATION**

Derek A. Keightly, Esquire verifies that he is the attorney for the party filing the foregoing document, that he is empowered to sign this Verification on behalf of the party filing the foregoing document, and he further verifies that he has sufficient knowledge or information based upon his own investigation of the matters set forth in the foregoing document, to make this Verification; and that the facts set forth in the foregoing document are true and correct to the best of his knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

Derek A. Keightly, Esquire
*Attorney for Plymouth Township*

| | | |
|---|---|---|
| **EDWIN LEON** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **CIVIL TERM** |
| | : | |
| **CHEYENNE GOODMAN, et. al.,** | : | **NO. 230400452** |
| | : | |
| *Defendants.* | : | |

## ORDER

    **AND NOW**, this _____ day of _____, 2023 upon consideration of Plymouth Township's Motion for Protective Order, and any response thereto, it is hereby **ORDERED** that the Plymouth Township Police Department is **not** required to produce the documents and things sought in Plaintiff's Subpoena to Produce Documents or Things For Discovery Pursuant to Rule 4009.22, dated April 5, 2023.

BY THE COURT:

_____

J.

# EXHIBIT "A"

Certification Due Date: 05/04/2023
Response Date: 05/11/2023
Case ID: 230400452
Control No.: 23045551



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

LEON VS GOODMAN ETAL

_____ April____ Term, _23__

No.___ 00452 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO:  Plymouth Township Police Department Attn Moretti _____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

Any document, file, case note, video, audio, or other item, electronic or otherwise kept relating to
Cheyenne Goodman(03/06/1997), Edwin Leon (06/21/1990), and the report filed on December 22, 2022.
Personal appearance may be waived upon satisfactory receipt of the requested documents.

at: 700 Belvoir Road   Plymouth Meeting PA 19462 _____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: April 05, 2023



Name:  Leon, Edwin

Address:

622 Fulton Street

Telephone:  484 866-3399

Supreme Court ID#: 331552

Attorney for:  Pro Se

**You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-6652  or Email: OJRCivil@courts.phila.gov**

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

<span style="color:red">Certification Due Date: 05/04/2023
Response Date: 05/11/2023
Case ID: 230400452
Control No.: 23045551</span>

**RUDOLPH CLARKE, LLC**
**By:  Derek A. Keightly, Esquire**
**Attorney I.D. No. 325899**
**By:  Harrison E. Fonteix, Esquire**
**Attorney I.D. No. 326300**
**Seven Neshaminy Interplex**
**Suite 200**
**Trevose, PA  19053**
**(215) 633-1890**

*Filed and Attested by the*
*Office of Judicial Records*
*27 APR 2023 02:19 pm*
*N. SWEENEY*

*Attorneys for Plymouth Township*

| | | |
|---|---|---|
| **EDWIN LEON** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **CIVIL TERM** |
| | : | |
| **CHEYENNE GOODMAN, et. al.,** | : | **NO. 230400452** |
| | : | |
| *Defendants.* | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLYMOUTH TOWNSHIP'S
## MOTION FOR PROTECTIVE ORDER

Plymouth Township ("Township"), by and through its attorneys Derek A. Keightly, Esquire, and Harrison E. Fonteix, Esquire, and per Pennsylvania Rule of Civil Procedure 4012(a), respectfully requests that this Honorable Court issue an Order directing that the Plymouth Township Police Department ("Department") is not required to produce the documents and things requested in Plaintiff's Subpoena to Produce Documents or Things For Discovery Pursuant to Rule 4009.22, dated April 5, 2023, and received by the department on or about April 11, 2023.

### I.    FACTS

On or about April 11, 2023, the Department received Plaintiff Edwin Leon's ("Plaintiff") Subpoena to Produce Documents or Things For Discovery Pursuant to Rule 4009.22, dated April 5, 2023 ("Subpoena"). The Subpoena seeks to require the Department to produce, "Any document, file, case note, video, audio, or other item,

Certification Due Date: 05/04/2023
Response Date: 05/11/2023
Case ID: 230400452
Control No.: 23045551

electronic or otherwise kept relating to Cheyenne Goodman (03/06/1997), Edwin Leon (06/21/1990), and the report filed on December 22, 2022." A true and accurate copy of the Subpoena is attached to the Department's Motion as Exhibit "A".

In response to this Subpoena requesting these documents and things, the Township seeks a protective order directing that the Department shall not be required to produce such documents and things.

## II.   QUESTION PRESENTED

Should the Department's Motion for Protective Order be granted as the information Plaintiff requests constitutes investigative information that the Department, by law, cannot disseminate to a non-law enforcement agency?

*Suggested answer: Yes.*

## III.   LEGAL ARGUMENT

The Criminal History Record Information Act ("CHRIA") regulates the manner in which a criminal justice agency retains and disseminates protected information. 18 Pa.C.S. §9106(b-c). "Protected information" is comprised of, among other things, "investigative information" and "treatment information." 18 Pa.C.S. §9106(b). "Investigative information" is, among other things, police incident reports that contain "information assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing[.]" 18 Pa.C.S. §9102.

CHRIA states, "Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus

operandi, genetic typing, voice print or other identifying characteristic." 18 Pa.C.S. § 9106(c)(4).

The Commonwealth Court defines "investigative information" broadly, holding that information on sexual offenders kept with the Pennsylvania State Police ("State Police") was information used as an "investigatory tool," and thus was "investigative information" that the State Police could not turn over even to the Pennsylvania Auditor General. Dep't of the Auditor Gen. v. Pa. State Police, 844 A.2d 78, 82 (Pa. Commw. Ct. 2004) (Auditor General).

The Commonwealth Court has further clarified that "investigative content...would include activities such as taking measurements, collecting evidence, or physically inspecting or analyzing an accident scene." Pa. State Police v. Grove, 2015 Pa. Commw. Unpub.* 15-16 (2015).

Even when documents contain some information that a criminal justice agency may release, when said documents also contain protected investigative information, said documents shall not be turned over to a non-criminal justice agency. In re Pittsburgh Citizen Police Review Bd., 36 A.3d 631 (Pa. Commw. Ct. 2011).

Like the information the Commonwealth Court deemed investigative in Auditor General, the information Plaintiff requests is investigative information. CHRIA prohibits the Department from producing the investigative information Plaintiff seeks through its Subpoena because Plaintiff is not an "authorized member" or a "criminal justice agency."

Rule 4012(a) of the Pennsylvania Rules of Civil Procedure provides that a court may enter a protective order "upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown." Pa.R.Civ.P. 4012(a). The

Certification Due Date: 05/04/2023
Response Date: 05/11/2023
Case ID: 230400452
Control No.: 23045551

court is empowered to "make any order which justice requires to protect …[the] person from unreasonable annoyance, embarrassment, oppression, burden or expense[.]" Production of the documents and things requested in Plaintiff's Subpoena would subject the Department to unreasonable annoyance, embarrassment, oppression, burden and expense due to the penalties outlined by CHRIA, including that "[a] person found by the court to have been aggrieved by a violation of this chapter or the rules or regulations promulgated under this chapter, shall be entitled to actual and real damages of not less than $100 for each violation and to reasonable costs of litigation and attorney's fees. Exemplary and punitive damages of not less than $1,000 nor more than $10,000 shall be imposed for any violation of this chapter, or the rules or regulations adopted under this chapter, found to be willful." 18 Pa.C.S.A. § 9183(b)(2).

Among the court's enumerated powers under Rule 4012(a) is the court's ability to enter an order "that the discovery … shall be prohibited." Pa.R.Civ.P. 4012(a)(1). Furthermore, the contours of discovery are not boundless. A party may only obtain discovery regarding matters that are not privileged. Pa.R.Civ.P. 4003.1.

## IV.   CONCLUSION

Plymouth Township respectfully requests that this Honorable Court issue a protective order stating that the Department need not produce the documents and things Plaintiff requests through their Subpoena.

Respectfully submitted,

**RUDOLPH CLARKE, LLC**

By:

Derek A. Keightly, Esquire
*Attorney for Plymouth Township*

Date: April 27, 2023

**RUDOLPH CLARKE, LLC**
By:  Derek A. Keightly, Esquire
Attorney I.D. No. 325899
By:  Harrison E. Fonteix, Esquire
Attorney I.D. No. 326300
Seven Neshaminy Interplex
Suite 200
Trevose, PA  19053
(215) 633-1890



*Filed and Attested by the
Office of Judicial Records
27 APR 2023 02:19 pm
N. SWEENEY*

*Attorneys for Plymouth Township*

| | | |
|---|---|---|
| **EDWIN LEON** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **CIVIL TERM** |
| | : | |
| **CHEYENNE GOODMAN, et. al.,** | : | **NO. 230400452** |
| | : | |
| *Defendants.* | : | |

## CERTIFICATE OF SERVICE

I, Derek A. Keightly, Esquire hereby certify that a true and correct copy of Plymouth
Township's Motion for Protective Order and the Memorandum in support thereof has been
served upon all of the parties by First Class Mail:

Edwin Leon                          Cheyenne Goodman               Cheyenne Goodman
622 Fulton Street                   830 Fulton Ave                 101 W. 10th Street, Apt. 1213
Conshohocken, PA 19428              Lansdale, PA 19446             Wilmington, DE 19801
*Plaintiff*                         *Defendant*                    *(Additional Service)*

Respectfully Submitted,

**RUDOLPH CLARKE, LLC**

BY:   Derek A. Keightly
Derek A. Keightly, Esquire
Attorney I.D. No. 325899

Date: April 27, 2023

Certification Due Date: 05/04/2023
Response Date: 05/11/2023
Case ID: 230400452
Control No.: 23045551

**Tab 5**

**RUDOLPH CLARKE, LLC**
By:  Derek A. Keightly, Esquire
Attorney I.D. No. 325899
By:  Harrison E. Fonteix, Esquire
Attorney I.D. No. 326300
Seven Neshaminy Interplex
Suite 200
Trevose, PA  19053
(215) 633-1890



Filed and Attested by the
Office of Judicial Records
02 MAY 2023 02:56 pm
N. SWEENEY

*Attorneys for Plymouth Township*

---

| | | |
|---|---|---|
| **EDWIN LEON** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **CIVIL TERM** |
| | : | |
| **CHEYENNE GOODMAN, et. al.,** | : | **NO. 230400452** |
| | : | |
| *Defendants.* | : | |

---

## PRAECIPE TO WITHDRAW MOTION FOR PROTECTIVE ORDER

I, Derek A. Keightly, Esquire hereby withdraw Plymouth Township's Motion for Protective Order and the Memorandum in support thereof, both of which were filed on April 27, 2023. I have conferred with Plaintiff, who advised that he has, subsequent to service of the subpoena in question on the Township, obtained the requested information through other means. Accordingly, Plaintiff will withdraw the subpoena which was the subject of the Township's Motion, and the Township's motion is now moot. The Control No. for the Motion is 23045551.

Respectfully Submitted,

**RUDOLPH CLARKE, LLC**

BY:    Derek A. Keightly
Derek A. Keightly, Esquire
Attorney I.D. No. 325899

Date: May 2, 2023

**RUDOLPH CLARKE, LLC**
**By:  Derek A. Keightly, Esquire**
**Attorney I.D. No. 325899**
**By:  Harrison E. Fonteix, Esquire**
**Attorney I.D. No. 326300**
**Seven Neshaminy Interplex**
**Suite 200**
**Trevose, PA  19053**                     *Attorneys for Plymouth Township*
**(215) 633-1890**

| | |
|---|---|
| **EDWIN LEON** | **COURT OF COMMON PLEAS** |
| | **PHILADELPHIA COUNTY** |
| *Plaintiff* | |
| | |
| **v.** | **CIVIL TERM** |
| | |
| **CHEYENNE GOODMAN, et. al.,** | **NO. 230400452** |
| | |
| *Defendants.* | |

## CERTIFICATE OF SERVICE

I, Derek A. Keightly, Esquire hereby certify that a true and correct copy of Plymouth Township's Praecipe to Withdraw Motion for Protective Order and the Memorandum in support thereof has been served upon all of the parties by First Class Mail:

Edwin Leon                    Cheyenne Goodman              Cheyenne Goodman
622 Fulton Street             830 Fulton Ave                101 W. 10th Street, Apt. 1213
Conshohocken, PA 19428        Lansdale, PA 19446            Wilmington, DE 19801
*Plaintiff*                   *Defendant*                   *(Additional Service)*

Respectfully Submitted,

**RUDOLPH CLARKE, LLC**

BY:   Derek A. Keightly
        Derek A. Keightly, Esquire
        Attorney I.D. No. 325899

Date: May 2, 2023

**Tab 6**

**PAX LEGAL, LLC**
By:  Neil M. Hilkert, Esq.
     Lida L. Bonner, Esq.
Attorney I.D. Nos. 44696 & 83985
600 W. Germantown Ave.
Suite # 400
Plymouth Meeting, PA 19462
(610) 940-1663 TEL
*neil@paxlegalllc.com*
*lida@paxlegalllc.com*



*Filed and Attested by the Office of Judicial Records 25 SEP 2023 12:26 pm A. STAMATO*

| | |
|---|---|
| **EDWIN LEÓN,** | : **COURT OF COMMON PLEAS** |
| *Plaintiff,* | : **PHILADELPHIA COUNTY, PA** |
| **v.** | : |
| | : **CASE ID NO. 230400452** |
| **CHEYENNE GOODMAN** | : |
| *Defendant,* | : |

<u>**ENTRY OF APPEARANCE**</u>

TO THE PROTHONOTARY:

    Kindly enter my appearance on behalf of Plaintiff, Edwin León, in the above-captioned matter.


                                    **PAX LEGAL, LLC**



Dated: <u>September 25, 2023</u>       By: <u> /s/ Neil M. Hilkert </u>

                                  Neil M. Hilkert, Esquire
                                  ***Counsel for Plaintiff,***
                                  Edwin León

**Tab 7**

**PAX LEGAL, LLC**
By:  Neil M. Hilkert, Esq.
     Lida L. Bonner, Esq.
Attorney I.D. Nos. 44696 & 83985
600 W. Germantown Ave.
Suite # 400
Plymouth Meeting, PA 19462
(610) 940-1663 TEL
*neil@paxlegalllc.com*
*lida@paxlegalllc.com*



*Filed and Attested by the Office of Judicial Records 25 SEP 2023 12:26 pm A. STAMATO*

| | | |
|---|---|---|
| **EDWIN LEÓN,** | : | **COURT OF COMMON PLEAS** |
| *Plaintiff,* | : | **PHILADELPHIA COUNTY, PA** |
| **v.** | : | |
| | : | **CASE ID NO. 230400452** |
| **CHEYENNE GOODMAN** | : | |
| *Defendant,* | : | |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff, Edwin León, in the above-captioned matter.


                                    **PAX LEGAL, LLC**



Dated:  September 25, 2023          By: /s/ Lida L. Bonner

                                    Lida L Bonner, Esquire
                                    *Counsel for Plaintiff,*
                                    Edwin León

**Tab 8**

**Edwin León**
622 Fulton St.
Conshohocken, PA 19428
(484) 866-3399 TEL
*edwinleonjd@gmail.com*



*Filed and Attested by the
Office of Judicial Records
25 SEP 2023 03:02 pm
G.  IMPERATO*

| | | |
|---|---|---|
| **EDWIN LEÓN,** | : | **COURT OF COMMON PLEAS** |
| *Plaintiff,* | : | **PHILADELPHIA COUNTY, PA** |
| **v.** | : | |
| | : | **CASE ID NO. 230400452** |
| **CHEYENNE GOODMAN** | : | |
| *Defendant,* | : | |

## WITHDRAWAL OF APPEARANCE

TO THE COURT:

    Kindly withdraw my appearance on behalf of the Plaintiff, Edwin León, in connection with the above-captioned matter.


Dated: <u>September 25, 2023</u>                By: _____

                                          Edwin León, Esq.
                                          Attorney ID No. 331552
                                          622 Fulton St.
                                          Conshohocken, PA 19428
                                          (484) 866-3399 TEL
                                          *edwinleonjd@gmail.com*

**<u>Tab 9</u>**

**PAX LEGAL, LLC**
By: Neil M. Hilkert, Esq.
Lida L. Bonner, Esq.
Attorney I.D. Nos. 44696 & 83985
600 W. Germantown Ave.
Suite # 400
Plymouth Meeting, PA 19462
(610) 940-1663 TEL
*neil@paxlegalllc.com*
*lida@paxlegalllc.com*



*Filed and Attested by the
Office of Judicial Records
29 SEP 2023 09:28 am
S. GILLIAM*

| | |
|---|---|
| Edwin Leon,<br>622 Fulton Street,<br>Conshohocken, PA  19452 | **IN THE COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** |
| Plaintiff<br>vs. | **CIVIL DIVISION – LAW** |
| Cheyenne Goodman<br>101 W. 10th Street, Apt 1213<br>Wilmington, DE  19801 / | **Case ID No. 230400452** |
| 830 Fulton Ave., Lansdale, PA  19446<br>and<br>Nehama Hanoch<br>101 W. 10th Street, Apt 107<br>Wilmington, DE  19801<br>and<br>Roxanne Eastes<br>209 Becker Avenue<br>Wilmington, DE  19804 | |
| Defendants | |

## PRAECIPE TO REISSUE WRIT OF SUMMONS

**TO THE PROTHONOTARY:**

( XX   )        REISSUE WRIT

(      )        REINSTATE COMPLAINT

**PAX LEGAL, LLC**

_____

**BY: NEIL M. HILKERT, ESQUIRE**
**ATTORNEY FOR PLAINTIFF**
**Edwin Leon**

DATED: September 28, 2023

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
29 SEP 2023 09:28 am
S. GILLIAM

EDWIN LEON

*Plaintiff*

vs.

CHEYENNE GOODMAN

*Defendant* (SEE ATTACHED PAGE FOR
ADDITIONAL DEFENDANTS)

COURT OF COMMON PLEAS

_____Term, 20_____

No. 230400452

To[1]

CHEYENNE GOODMAN

101 W. 10TH STREET, APT. 1213

WILMINGTON, DE  19801

830 Fulton Avenue,
Lansdale, PA  19446

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

EDWIN LEON

_____

_____

_____

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*

ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date:_____

10-208 (Rev. 6/14

_____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

# Court of Common Pleas

_____ Term, 20 _____

No. 230400452

EDWIN LEON
_____
*Plaintiff*

vs.

CHEYENNE GOODMAN
.................................
*Defendant*

# SUMMONS

Case ID: 230400452

## ADDITIONAL PAGE

## OTHER DEFENDANTS

**NEHAMA HANOCH**

**101 W. 10TH STREET, APT 107**

**WILMINGTON, DE  19801**

And

**ROXANNE EASTES**

**209 BECKER AVENUE**

**WILMINGTON, DE  19804**

PRAECIPE FOR WRIT OF SUMMONS

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA



Filed and Attested by the
Office of Judicial Records
03 SEP 2023 09:28 am
I.S.: GILLIAMS

### Edwin Leon

_____

_____

_____
Plaintiff(s) Name(s) & Address(es)

COURT OF COMMON PLEAS
Trial Division

_____ TERM, 20____

NO._____

VS

### Cheyenne Goodman

830 Fulton Avenue, Lansdale, PA 19446

101 W. 10th Street, Wilmington, DE 19801 Apt 1213

Email - cheyenne.a.goodman@gmail.com

Defendant(s) Name(s) & Address(es)

## PRAECIPE FOR WRIT OF SUMMONS

TO THE OFFICE OF JUDICIAL RECORDS:

Kindly issue a Writ of Summons in the above captioned civil action.

Date: April 03, 2023

*Edwin Leon*    #331552
_____
Signature of Attorney or Plaintiff(s)

_____
Print Name

_____
Address

_____

_____
Phone Number

Case ID: 230400452

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

|  |  |  |
|---|---|---|
| _____ | : | COURT OF COMMON PLEAS |
| *Plaintiff* | : |  |
|  | : | _____Term, 20_____ |
| vs. | : |  |
|  | : | No._____ |
|  | : |  |
| _____ | : |  |
| *Defendant* | : |  |

To[1]

_____

_____

_____

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

_____

_____

_____

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*





ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date: _____

10-208 (Rev. 6/14

_____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 230400452

# Court of Common Pleas

_____ Term, 20 _____

No. _____

_____
*Plaintiff*

vs.

_____
*Defendant*

# SUMMONS

Case ID: 230400452

**Tab 10**

Lida L. Bonner, Esquire
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
(610) 940-1663

**Commonwealth of Pennsylvania**
**In the Court of Common Pleas**
**Philadelphia County**



Filed and Attested by the
Office of Judicial Records
11 OCT 2023 11:06 am
B. MERCEDES

Edwin Leon

                    v.

Cheyenne Goodman, et al.

**Case No.:23-04-0452**

Commonwealth of Pennsylvania
County of Philadelphia   ss

## AFFIDAVIT OF NON-SERVICE

I, **Jonathan J. DiBello,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

PARTY: **Nehama Hanoch**

DOCUMENTS: **Writ of Summons**

DATE & TIME: **10/4/2023  7:10 PM**

ADDRESS: **101 W. 10th Street, Apt. 1213**
**Wilmington, DE 19801**

I hereby certify and return that I completed due and diligent attempts to servee Nehama Hanoch. I therefore return this Writ of Summons without service on Nehama Hanoch.

Diligent attempts were made per the following notations:

**10/3/2023    7:10 PM Results: The Front Desk Guard stated Apt. 107 is listed to someone else, but she cannot provide that information.  She also ran Defendant's name through the directory, but stated she has no listing.**

I hereby affirm that the information contained in the Affidavit of Non-Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

Jonathan J. DiBello
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393
Ref #
Order #P210848

Subscribed and sworn before me, a Notary
Public, this 5th day of October, 2023

Regina A. Richman, Notary Public
Falls Twp., Bucks County
My Commission expires on: 12/12/2025



GPS:: 39.7456225:-75.5482766

Case ID: 230400452

**Tab 11**

Lida L. Bonner, Esquire
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
(610) 940-1663

**Commonwealth of Pennsylvania**
**In the Court of Common Pleas**
**Philadelphia County**



*Filed and Attested by the*
*Office of Judicial Records*
*11 OCT 2023 11:06 am*
*B. MERCEDES*

**Edwin Leon**

v.

**Case No.:23-04-0452**

**Cheyenne Goodman, et al.**

_____ /

Commonwealth of Pennsylvania
County of Philadelphia   ss

## AFFIDAVIT OF NON-SERVICE

I, **Jonathan J. DiBello,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY: | **Cheyenne Goodman** |
| DOCUMENTS: | **Writ of Summons** |
| DATE & TIME: | **10/4/2023  7:10 PM** |
| ADDRESS: | **101 W. 10th Street, Apt. 1213**<br>**Wilmington, DE 19801** |

I hereby certify and return that I completed due and diligent attempts to servee Cheyenne Goodman. I therefore return this Writ of Summons  without service on Cheyenne Goodman.

Diligent attempts were made per the following notations:

**10/3/2023    7:10 PM Results: The Front Desk Guard stated Apt. 1213 is listed to someone else, but she cannot provide that information.  She also ran Defendant's name through the directory, but stated she has no listing.**

I hereby affirm that the information contained in the Affidavit of Non-Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

Jonathan J. DiBello
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393
Ref #
Order #P210847

Subscribed and sworn before me, a Notary
Public, this 5th day of October, 2023

Regina A. Richman, Notary Public
Falls Twp., Bucks County
My Commission expires on: 12/12/2025





GPS:: 39.7456201:-75.5484512

**Tab 12**

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL


NEHAMA HANOCH
101 W. 10TH STREET
APT. 107
WILMINGTON, DE 19801


LEON VS GOODMAN ETAL
230400452

SCHEDULING ORDER


AND NOW, SEPTEMBER 30, 2023, it is hereby Ordered that:

1. A Case Management Conference is scheduled for November 08, 2023, at 03:00 P.M., using Zoom video conferencing.

2. Counsel and/or self-represented parties shall access the Case Management Conference through Zoom link posted on the following website under "Common Pleas-Civil Remote Hearing Information:"

https://www.courts.phila.gov/remote-hearings/

Scroll down within the section "Remote Hearing Information by Court Event Type" under "General Program Hearings" to "Case Management Conference." The Zoom link may be updated periodically, so use the Zoom link that is present on the date of the Conference.

3. Counsel for Plaintiff is directed to serve a copy of this Order on any unrepresented party and any attorney entering an appearance subsequent to the issuance of this Order.

4. Failure to file a Complaint or effectuate service of process prior to the conference date may result in the issuance of a Rule to Show Cause.

5. Five (5) days prior to the Case Management Conference date, all parties are required to electronically file with the Court and serve upon all opposing counsel and/or opposing parties not electronically served by the court a fully completed Case Management Memorandum.

MAILR-Leon Vs Goodman Etal



23040045200023

SCHEDULING ORDER - Page 2

LEON VS GOODMAN ETAL
230400452

Failure to timely file a Case Management Memorandum may result in monetary sanctions. To electronically file the Case Management Memorandum, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Management Memorandum" as the filing type. Any party not registered with the electronic filing system ("EFS") may submit the memorandum via e-mail or USPS first class mail:
CivilCaseManagement@courts.phila.gov
Civil Case Management Conference Center
613 City Hall
Philadelphia PA 19107

6. This conference will be conducted by a Civil Case Manager who shall act on behalf of the Honorable DANIEL ANDERS.

7. Counsel must be prepared to address all relevant issues concerning venue, service of process, pleadings, discovery, possible joinder of additional parties, theories of liability or defenses, and damages claimed.

8. At the conclusion of the conference a Case Management Order shall be entered which shall govern the case.

9. If the case settles prior to the conference, electronically file a settlement letter. To file the letter electronically, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Settlement Letter" as the document type.

10. Please direct any questions concerning this Order and its contents to CivilCaseManagement@courts.phila.gov or to 215-686-5135 or 215-686-3710.

11. Click the following link to access important documents related to the scheduled event:
http://www.courts.phila.gov/pdf/forms/civil/CMC-105.pdf

OFFICE OF THE DEPUTY
COURT ADMINISTRATOR

**Tab 13**

# RETURN OF SERVICE

## DENNIS RICHMAN'S SERVICES FOR THE PROFESSIONAL, INC.

P.O. Box 203, Morrisville, PA 19067          (215) 097-____

Filed and Attested by the
Office of Judicial Records
14 DEC 2023 12:25 pm
G. IMPERATO

| TO BE COMPLETED BY ATTORNEY (PLEASE ONE FORM FOR EACH DEFENDANT.) | COURT TERM AND NUMBER |
|---|---|
| PLAINTIFF/S/ Edwin Leon | 23-04-0452 |
| DEFENDANT/S/ Cheyenne Goodman, et al. | |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC.
Cheyenne Goodman
ADDRESS (Street or RFD, Apartment No., City, Boro, Twp., State and ZIP Code)
830 Fulton Avenue, Lansdale, PA 19446

INDICATE TYPE OF PLEADING ☒ SUMMONS ☐ COMPLAINT ☐ _____

INDICATE UNUSUAL SERVICE: ☐ REG. MAIL ☐ DEPUTIZE ☐ POST ☐ OTHER

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE

LAST DAY FOR SERVICE: _____

Now, _____ 20 ___ I, _____ do hereby deputize the Sheriff of _____ County to execute this Writ and make return thereof according to law. The deputation being made at the request and risk of the plaintiff.

Process Server _____

### TO BE COMPLETED BY PROCESS SERVER

Served and made known to _____ , Defendant(s)
on the _____ day of _____ 20 ___ , at ___ o'clock, ___ M.,
at _____ , County of Phila. Commonwealth of Pennsylvania, in
the manner described below:

☐ Defendant(s) personally served.
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
☐ Adult in charge of Defendant's residence who refused to give name or relationship.
☐ Manager/Clerk of place of lodging in which Defendant(s) reside(s). _____
☐ Agent or person in charge of Defendant's office or usual place of business. _____
☐ _____ an officer of said Defendant company.
☐ Other _____

On the __10__ day of __10__ 20 __23__, at __1000__ o'clock, __A__ M.
Defendant not found because:
☒ Moved   ☐ Unknown   ☐ No Answer   ☐ Vacant   ☐ Other _____
Comments __AS PER HOMEOWNER, DEF NO LONGER LIVES IN THE STATE BUT DID NOT HAVE A FORWARDING ADDRESS__

NAME OF SERVER
I, __BRIAN ROTH__ hereby affirms that the information contained in the Return of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.
Sworn to and subscribed before me
this __12__ day of __10__ 20 __23__

_____ Brian J. Roth
(Signature)

| TO BE COMPLETED BY ATTORNEY | TO BE COMPLETED BY PROTHONOTARY |
|---|---|
| Name Lida L. Bonner, Esquire | |
| Address 600 W. Germantown Pike, Suite 400, Plymouth Meeting, PA 19462 | |
| Telephone Number (610) 940-1663 | ATTEST _____ |
| Identification Number 83985 | PRO PROTHY |
| Represents: | |
| ☒ Plaintiff(s) Edwin Leon | P210851 _____ DATE |
| ☐ Defendant(s) _____ | Montgomery Co. |
| ☐ Other | |

Case ID: 230400452

**Tab 14**

Lida L. Bonner, Esquire
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
(610) 940-1663

**Commonwealth of Pennsylvania**
**In the Court of Common Pleas**
**Philadelphia County**



Filed and Attested by the
Office of Judicial Records
25 OCT 2023 12:24 pm
G. IMPERATO

**Edwin Leon**

v.

**Case No.:23-04-0452**

**Cheyenne Goodman, et al.**

_____ /

Commonwealth of Pennsylvania
County of Philadelphia   ss

## AFFIDAVIT OF NON-SERVICE

I, **Jonathan J. DiBello,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this
action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY: | **Roxanne Eastes** |
| DOCUMENTS: | **Writ of Summons** |
| DATE & TIME: | **10/24/2023  8:00 PM** |
| ADDRESS: | **209 Becker Avenue** |
| | **Wilmington, DE 19804** |

I hereby certify and return that  I completed due and diligent attempts to serve Roxanne Eastes.  I therefore return this Writ of
Summons  without service on Roxanne Eastes.

Diligent attempts were made per the following notations:

10/3/2023     6:23 PM Results: No Answer.  There was a red crossover in the driveway, and I could hear a dog inside.

10/10/2023    4:05 PM Results: No Answer.  There was a vehicle in the driveway and I could hear a dog inside. Mail in the mailbox.

10/15/2023    12:16 PM Results: No Answer. I could hear a dog inside. No vehicles in the driveway.

10/19/2023    8:03 AM Results: No Answer. No vehicle in driveway.

10/24/2023    8:00 PM Results: No answer. Dog inside. All lights on inside. Vehicle in driveway.

I hereby affirm that the information contained in the Affidavit of Non-Service is true and correct. This affirmation is made
subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

Subscribed and sworn before me, a Notary
Public, this 25th day of October, 2023

_____

Regina A. Richman, Notary Public
Falls Twp., Bucks County
My Commission expires on: 12/12/2025



GPS:: 39.7190778:-75.6037218

_____

Jonathan J. DiBello
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393
Ref #
Order #P210849



Case ID: 230400452

**Tab 15**

FILED
01 NOV 2023 10:02 am
Civil Administration
J. BOYD

**PAX LEGAL, LLC**                                    *Counsel for Plaintiff,*
By: Neil M. Hilkert, Esq.                            Edwin León
    Lida L. Bonner, Esq.
Attorney I.D. Nos. 44696 & 83985
600 W. Germantown Ave.
Suite # 400
Plymouth Meeting, PA 19462
(610) 940-1663 TEL
*neil@paxlegalllc.com*
*lida@paxlegalllc.com*

| | | |
|---|---|---|
| **EDWIN LEÓN** | : | **COURT OF COMMON PLEAS** |
| **622 Fulton St.** | : | **PHILADELPHIA COUNTY, PA** |
| **Conshohocken, PA 19428** | : | |
| | : | **CIVIL ACTION** |
| | : | |
| *Plaintiff,* | : | |
| | : | **CASE ID NO. 230400452** |
| v. | : | |
| | : | |
| **NEHAMA HANOCH** | : | |
| **101 W. 10ᵗʰ St.** | : | |
| **Wilmington, DE 19801** | : | |
| | : | |
| **and** | : | |
| | : | |
| **CHEYENNE GOODMAN** | : | |
| **101 W. 10ᵗʰ St.** | : | |
| **Wilmington, DE 19801** | : | |
| | : | |
| **and** | : | |
| | : | |
| **ROXANNE EASTES** | : | |
| **209 Becker Ave.** | : | |
| **Wilmington, DE 19804** | : | |
| | : | |
| *Defendants* | : | |

## PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE PURSUANT TO PA. R.C.P. 430

Plaintiff, Edwin León, ("Plaintiff"), by and through his attorneys, PAX Legal, LLC, hereby

moves this Court for a special order, pursuant to Pa. R. C. P. 430.1(A), directing service of the

Complaint upon the Defendants, Nehama Hanoch ("Hanoch Defendant"), Cheyenne Goodman

1

Case ID: 230400452
Control No.: 23110089

("Goodman Defendant") and Roxanne Eastes ("Eastes Defendant", and collectively, the "Defendants"), and in support therefor, avers as follows:

1.      Plaintiff, Edwin León ("Plaintiff") is an adult individual with a residence at 622 Fulton Street, Conshohocken, Pennsylvania 19428.

2.      Plaintiff is an attorney licensed to practice law in the Commonwealth of Pennsylvania and State of New Jersey.

3.      Defendant, Nehama Hanoch, ("Hanoch Defendant") is an adult individual with a residence at 101 W. 10th Street, Wilmington, Delaware 19801.

4.      The Hanoch Defendant is an attorney licensed to practice law in the State of Delaware..

5.      Defendant, Cheyenne Goodman, ("Goodman Defendant") is an adult individual with a residence at 101 W. 10th Street, Wilmington, Delaware 19801, and a former residence of Montgomery County, Pennsylvania, at 830 Fulton Ave., Lansdale, PA 19446, which  is understood to be the  residence of her parents.

6.      The Goodman Defendant is an attorney licensed to practice law in the District of Columbia.

7.      Defendant, Roxane Eastes, ("Eastes Defendant") is an adult individual with a residence at 209 Becker Ave., Wilmington, DE 19804.

8.      The Eastes Defendant is an attorney licensed to practice law in the states of Delaware and New York..

9.      On or about December 23, 2019, Plaintiff, as a pro se litigant, filed a Praecipe and Writ in this matter naming the Goodman Defendant, only.  A true and correct copy of the Writ is attached  as **Exhibit "A."**

2

10.     On or about September 25, 2023, Lida L. Bonner, Esq. and Neil M. Hilkert, Esq., of PAX Legal, LLC, entered their appearances on behalf of the Plaintiff in the instant matter.

11.     On or about September 26, 2023, a Case Management Conference was held via Zoom.

12.     As a result of the September 26, 2023 Case Management Conference, a revised Case Management Order was issued, and counsel for the Plaintiff was directed to serve the revised Case Management Order on the Defendants.  See attached as **Exhibit "B"** for a true and correct copy of the Case Management Order.

13.     On or about September 28, 2023, Plaintiff obtained a skip trace report in order to determine the last known legal address for the Hanoch  and the Goodman Defendants.  Please see attached as **Exhibit "C"** for a true and correct copy of the skip trace report.

14.     The skip trace report shows that both the Hanoch Defendant and the Goodman Defendant's last known addresses were 101 W. 10th Street, Wilmington, DE 19801.  *See*, Exhibit C.

15.     On or about September 29, 2023, the Praecipe and Writ were reinstated.  A true and correct copy of the reinstated Writ is attached  as **Exhibit "D."**

16.     When service of the reinstated Writ was attempted at the last known address for both the Hanoch t and  Goodman Defendant, 101 W. 10th Street, Wilmington, DE 19801, neither Defendant could be found at that address.  See attached as **Exhibits "E"** and  **"F"** for true and correct copies of the two (2) service statements showing that neither Defendant resides at 101 W. 10th Street, Wilmington, DE 19801.

Case ID: 230400452
Control No.: 23110089

17.     On or about October 1, 2023. the Case Management Order was mailed via USPS and  certified mail to the Goodman Defendant.  See attached as **Exhibit "G"** for a true and correct copy of the certified mailing receipts.

18.     On or about October 3, 2023, at 6:23pm, the Process Server retained by the Plaintiff attempted to serve the Writ on the Eastes Defendant and noted that a red vehicle was in the driveway, but no one answered the door.  See attached as **Exhibit "H"** for a true and correct copy of the Affidavit of the Process Server.

19.     On or about October 10, 2023, at 4:05pm, the Plaintiff's Process Server   attempted to serve the Writ on the Eastes Defendant and noted that a vehicle was in the driveway, but no one answered the door.  *See*, Exhibit H.

20.     On October 10, 2023, an attorney at Young Conaway Stargatt & Taylor, LLP, Joseph Barry, Esq., contacted counsel for the Plaintiff and left a voice mail message  stating that he was with the Eastes Defendant and wanted to know if the Eastes Defendant needed to attend the Case Management Conference scheduled for November 8, 2023.

21.     Joseph Barry, Esq. followed up with an email to Plaintiff's  counsel..  Please see attached as **Exhibit "I"** for a true and correct copy of this email exchange.

22.     It is believed and averred that  that Eastes   the Goodman Defendant are currently employed at Young Conaway Stargatt & Taylor, LLP, and were employed by Young Conaway Stargatt & Taylor, LLP at the time of the events which are the subject of the instant litigation.

23.     The Hanoch Defendant was also employed by Young Conaway Stargatt & Taylor, LLP at the time of the events which are the subject of the instant litigation.

24.     Plaintiff understands that  the Eastes Defendant was in receipt of the revised Case Management Memorandum as of October 10, 2023 when it was represented to counsel for the

4

Case ID: 230400452
Control No.: 23110089

Plaintiff that the Eastes Defendant was with Joseph Barry, Esq. when he placed the initial call to counsel for the Plaintiff.

25.     On or about October 10, 2023, the certified mailing sent to the Goodman Defendant at the Wilmington, DE address was delivered to an address in Washington, DC.  See attached as **Exhibit "J"** for a true and correct copy of the USPS tracking website showing the package being re-routed and delivered to a Washington, DC address.

26.     Additionally, service was attempted at the Goodman Defendant's previous address in Montgomery County, Pennsylvania, 830 Fulton Avenue, Lansdale, PA 19446..

27.     The homeowner at this address stated to the Sheriff that the Goodman Defendant no longer resides at this address, and that the homeowner does not have a forwarding address for the Goodman Defendant, who is believed to be the daughter of the homeowner.  See attached as **Exhibit "K"** for true and correct copies of the service statement showing that the homeowner at 830 Fulton Avenue, Lansdale, PA 19446, stated that the Goodman Defendant does not reside at this address, and further, that the homeowner does not have a forwarding address for the Goodman Defendant.

28.     On or about October 15, 2023, at 12:16pm, the Plaintiff's  Process Server attempted to serve the Writ on the Eastes Defendant and noted that no vehicle was in the driveway, and no one answered the door.  *See*, Exhibit H.

29.     On or about October 19, 2023, at 8:03 a.m., the Process Server hired by the Plaintiff attempted to serve the Writ on the Eastes Defendant and noted that a vehicle was in the driveway, but no one answered the door.  *See*, Exhibit H.

Case ID: 230400452
Control No.: 23110089

30.     On or about October 24, 2023, at 8:00pm, the Process Server hired by the Plaintiff attempted to serve the Writ on the Eastes Defendant and noted that a vehicle was in the driveway and all of the lights were on inside the residence, but , no one answered the door.  *See*, Exhibit H.

31.     On or about October 24, 2023, counsel for the Plaintiff received a letter from a law firm purporting to represent the Eastes Defendant.  See attached as **Exhibit "L"** for a true and correct copy of this letter.

32.     Counsel for the Plaintiff called counsel for the Eastes Defendant, and counsel for the Eastes Defendant refused to accept service on behalf of the Eastes Defendant, and further refused to enter his appearance on behalf of the Eastes Defendant.

33.     On or about October 24, 2023, the Case Management Order was sent to the Hanoch Defendant and the Eastes Defendant via both USPS regular mail and USPS Certified Mail.  Please see attached as **Exhibit "M"** for a true and correct copy of the proof of mailing documents.

34.     As of today's date, all Defendants were sent a copy of the Case Management Order via both USPS regular mail and USPS Certified Mail.

35.     Plaintiff has made good faith efforts to identify and locate the current whereabouts of Defendants, and the Defendants appear to be purposely evading service.

36.     It is believed and therefore averred that the Defendants are aware of the instant action, have received a copy of the Writ, and are avoiding service.

37.     Plaintiff has attempted to serve the Defendants with the Writ via various methods pursuant to the Pennsylvania Rules of Civil Procedure 402, 403 and/or 404.

38.     According to Pa. R.P.C. 430(A), the Plaintiff has the right to request service by special Order in cases where service cannot otherwise be accomplished.

6

Case ID: 230400452
Control No.: 23110089

39.     Plaintiff has made a good faith effort to locate and serve the Defendants pursuant to Pa. R.C.P. 430.1(B), as evidenced by  the attached exhibits  but have been unsuccessful in effectuating service to-date in spite of Plaintiff's best efforts.

40.     Despite all Defendants being licensed attorneys, all of the Defendants appear to be actively evading service of the instant Writ.

41.     Defendants, as licensed members of the bar, appear to have taken  steps to actively evade service, which is a direct violation of the Rules of Ethics.

42.     Unless the court allows service upon the Defendants by way of mail and/or e-mail, the Plaintiff will be unable to maintain this action and will suffer undue prejudice and injustice as a result of the Plaintiffs' actions.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant its Motion for a Special Order, pursuant to Pa. R. C. P. 430.1(A), directing service of the Complaint by way of mail (First Class and Certified), and/or email, in the form of the Order attached hereto.

                              **PAX LEGAL, LLC**

                              *Lida L. Bonner*

Dated:  November 1, 2023          By: _____
                                   Lida L. Bonner, Esq.
                                   Neil M. Hilkert, Esq.
                                   ***Counsel for Plaintiff,*** Edwin León

7

FILED
01 NOV 2023 10:02 am
Civil Administration
J. BOYD

| | |
|---|---|
| **EDWIN LEÓN** : | **COURT OF COMMON PLEAS** |
| : | |
| *Plaintiff,* : | **PHILADELPHIA COUNTY, PA** |
| : | |
| **v.** : | **CIVIL ACTION** |
| : | **DOCKET NO. 230400452** |
| **NEHAMA HANOCH,** *et. al.,* : | |
| : | |
| *Defendants* : | |

## ORDER

    **AND NOW**, this _____ day of _____, 2023, upon consideration of the

Motion for Alternate Service pursuant to Pa. R.C.P. 430, filed by Plaintiff, Edwin León,

("Plaintiff"), and any response(s) from Defendants, the Court finds that the Plaintiff has made a

good-faith effort to locate and serve the Defendants, Nehama Hanoch, Cheyenne Goodman and

Roxanne Eastes, (the "Defendants") in the regular course of the litigation, and therefore it is

hereby **ORDERED** that the Plaintiff's Motion for Alternate Service is **GRANTED,** and further

**ORDERED** that Alternate service upon the Defendants will be deemed effectuated for the

purposes of the pending litigation as follows:

    A.    Plaintiff can send Notices to Defendant, Nehama Hanoch, at her most

recent address of 101 W. 10th Street, Apartment 107, Wilmington, DE 19801, by

first-class mail, which will be deemed served even if returned by the US postal

service.

    B.    Plaintiff can send Notices to Defendant, Cheyenne Goodman, at her most

recent address of 101 W. 10th Street, Apartment 1213, Wilmington, DE 19801, by

first-class mail, which will be deemed served even if returned by the US postal

service.

**C.**      Plaintiff can send Notices to Defendant, Roxanne Eastes, at her most

recent address of 209 Becker Ave., Wilmington, DE 19804, by first-class mail,

which will be deemed served even if returned by the US postal service.


**BY THE COURT:**


_____

**J.**

2

FILED
01 NOV 2023 10:02 am
Civil Administration
J. BOYD

Court of Common Pleas of Philadelphia County
Trial Division

**Civil Cover Sheet**

For Prothonotary Use Only (Docket Number)

APRIL 2023

E-Filing Number: 2303074399

00452

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| EDWIN LEON | CHEYENNE A. GOODMAN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 622 FULTON STREET<br>CONSHOHOCKEN PA 19428 | 830 FULTON AVE<br>LANSDALE PA 19446 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | CHEYENNE A. GOODMAN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 101 W. 10TH STREET APT. 1213<br>WILMINGTON   DE 19801 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☐ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☒ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

2E – WRONGFUL USE OF CIVIL PROCESS

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY

MAR 31 2023

S. RICE

IS CASE SUBJECT TO
COORDINATION ORDER?
YES          NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: EDWIN LEON

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| EDWIN LEON | 622 FULTON STREET<br>CONSHOHOCKEN PA 19428 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (484)866-3399 | none entered |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 331552 | edwinleonjd@gmail.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| EDWIN LEON | Friday, March 31, 2023, 06:00 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

Case ID: 230400452
Control No.: 23110089

FILED
01 NOV 2023 10:02 am
Civil Administration
J. BOYD

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL


NEIL HILKERT
600 WEST GERMANTOWN PIKE
SUITE 400
PLYMOUTH MEETING, PA 19462


LEON VS GOODMAN ETAL
230400452

SCHEDULING ORDER

AND NOW, SEPTEMBER 27, 2023, it is hereby Ordered that:

1. A Case Management Conference is scheduled for November 08,
2023, at 03:00 P.M., using Zoom video conferencing.

2. Counsel and/or self-represented parties shall access the Case
Management Conference through Zoom link posted on the following
website under "Common Pleas-Civil Remote Hearing Information:"

https://www.courts.phila.gov/remote-hearings/

Scroll down within the section "Remote Hearing Information by
Court Event Type" under "General Program Hearings" to "Case
Management Conference." The Zoom link may be updated
periodically, so use the Zoom link that is present on the date of
the Conference.

3. Counsel for Plaintiff is directed to serve a copy of this
Order on any unrepresented party and any attorney entering an
appearance subsequent to the issuance of this Order.

4. Failure to file a Complaint or effectuate service of process
prior to the conference date may result in the issuance of a Rule
to Show Cause.

5. Five (5) days prior to the Case Management Conference date,
all parties are required to electronically file with the Court
and serve upon all opposing counsel and/or opposing parties not
electronically served by the court a fully completed Case
Management Memorandum.

Case ID: 230400452
Control No.: 23110089

SCHEDULING ORDER - Page 2

LEON VS GOODMAN ETAL
230400452


Failure to timely file a Case Management Memorandum may result in monetary sanctions. To electronically file the Case Management Memorandum, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Management Memorandum" as the filing type. Any party not registered with the electronic filing system ("EFS") may submit the memorandum via e-mail or USPS first class mail:
CivilCaseManagement@courts.phila.gov
Civil Case Management Conference Center
613 City Hall
Philadelphia PA 19107

6. This conference will be conducted by a Civil Case Manager who shall act on behalf of the Honorable DANIEL ANDERS.

7. Counsel must be prepared to address all relevant issues concerning venue, service of process, pleadings, discovery, possible joinder of additional parties, theories of liability or defenses, and damages claimed.

8. At the conclusion of the conference a Case Management Order shall be entered which shall govern the case.

9. If the case settles prior to the conference, electronically file a settlement letter. To file the letter electronically, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Settlement Letter" as the document type.

10. Please direct any questions concerning this Order and its contents to CivilCaseManagement@courts.phila.gov or to 215-686-5135 or 215-686-3710.

11. Click the following link to access important documents related to the scheduled event:
http://www.courts.phila.gov/pdf/forms/civil/CMC-105.pdf


OFFICE OF THE DEPUTY
COURT ADMINISTRATOR

Case 2:24-cv-01060-WB   Document 1-3   Filed 03/11/24   Page 64 of 328

**NEHAMA L HANOCH , 27 Years Old  (Delaware, New Jersey, District of Columbia, Virginia)     101 W 10TH ST APT 107, WILMINGTON, DE 19801-1672 (NEW CASTLE COUNTY)
(08/30/2021 to 09/27/2023)**

**NEHAMA L HANOCH (10/03/2013 to
07/03/2023)**

 Other Observed Names
**NEHAMA D HANOCH (11/30/2017 to
03/02/2019)**

SSN: **XXX-XX-3729**
Issued: **NEW JERSEY 1999**

**Date of Birth**
DOB: **XX/XX/1996**
Age: **27**

 Gender: **Female**
 Dates at Searched Location: **08/30/2021 to
09/27/2023**

**Possible Relatives**
Craig J Hanoch **1957** Age: **65**
Hanina D Hanoch **1960** Age: **63**
Micahel Leah Hanoch **1994** Age: **29**
Michal Leah Hanoch **1994** Age: **29**
Naomi Tovah Hanoch **1992** Age: **30**
Noya Sarah Hanoch **1997** Age: **26**

**Indicators**
Bankruptcies:  **None Found**
 Liens:  **None Found**
Judgments:  **None Found**

**Cities**
Washington, DC (04/06/2020 to 08/20/2020)
Wilmington, DE (06/20/2020 to 09/27/2023)
Highland Park, NJ (10/03/2013 to 09/27/2023)
Arlington, VA (01/18/2019)

**Possible Phones**
**(732) 828-6722** (ET) (LandLine) (100%)
**(732) 853-2438** (ET) (Mobile) (86%)

**Counties**
District Of Columbia County, DC (04/06/2020 to
08/20/2020)
New Castle County, DE (06/20/2020 to
09/27/2023)
Middlesex County, NJ (10/03/2013 to
09/27/2023)
Arlington County, VA (01/18/2019 to
01/18/2019)

**Possible Email Addresses**
hchamz123@gmail.com (100%)

**Address History (7)**
**101 W 10TH ST APT 107, WILMINGTON, DE 19801-1672 (NEW CASTLE COUNTY)** (08/30/2021 to 09/27/2023)

**227 MONTGOMERY ST, HIGHLAND PARK, NJ 08904-2405 (MIDDLESEX COUNTY)** (10/03/2013 to 07/03/2023)
 Possible Subject's Phone
**(732) 828-6722(ET) - CRAIG HANOCH**

**101 W 10TH ST APT 1317, WILMINGTON, DE 19801-1816 (NEW CASTLE COUNTY)** (08/31/2022 to 08/31/2022)

**227 MONTGOMERY ST # 208, HIGHLAND PARK, NJ 08904-2405 (MIDDLESEX COUNTY)** (09/30/2014 to 09/30/2014)

**200 K ST NE APT 1140, WASHINGTON, DC 20002-3094 (DISTRICT OF COLUMBIA COUNTY)** (04/06/2020 to 08/20/2020)

**13 WELDIN PARK DR # 208, WILMINGTON, DE 19803-4708 (NEW CASTLE COUNTY)** (06/20/2020 to 06/20/2020)

Case ID: 230400452
Control No.: 23110089

Subdivision Name: **WELDIN PARK**

**1804 N QUINN ST APT 208, ARLINGTON, VA 22209-1333 (ARLINGTON COUNTY)** (01/18/2019 to 01/18/2019)

Case ID: 230400452
Control No.: 23110089

**CHEYENNE A GOODMAN , 26 Years Old  (Delaware, Pennsylvania)**      101 W 10TH ST APT 1213, WILMINGTON, DE 19801-1815 (NEW CASTLE COUNTY) (08/31/2022 to 09/27/2023)

**CHEYENNE A GOODMAN (06/11/2018 to 07/03/2023)**
**CHEYENNE GOODMAN (07/13/2021 to 04/25/2023)**
**CHEYENNE COHEN (05/25/2013 to 08/16/2017)**

Other Observed Names
**CHEYENNE A COHEN (12/18/2015)**

SSN: **XXX-XX-4544**
Issued: **PENNSYLVANIA 1997-2000**

Other People who have used this SSN. This does not usually indicate fraud.
**SHANNON ASHLY GOODMAN [ View Person Record ]**

**Date of Birth**
DOB: **XX/XX/1997**
Age: **26**

Gender: **Female**
Dates at Searched Location: **08/31/2022 to 09/27/2023**

**Possible Email Addresses**
alexguttman@gmail.com (56%)

**Possible Relatives**
Jordan M Cohen **1992** Age: **31**
Kaitlin Nicole Cohen **1990** Age: **32**
Daniel Robert Goodman **1975** Age: **48**
Elizabeth Ann Goodman **1949** Age: **74**
Shannon Ashly Goodman **1972** Age: **51**
Steve E Goodman **1979** Age: **44**

**Indicators**
Bankruptcies:  **None Found**
Liens:  **None Found**
Judgments:  **None Found**

**Cities**
Wilmington, DE (08/31/2022 to 09/27/2023)
Elkins Park, PA (05/25/2013 to 07/03/2023)
Lansdale, PA (10/19/2020 to 09/26/2022)
Norristown, PA (08/16/2017 to 07/03/2023)
Philadelphia, PA (06/30/2020 to 03/28/2023)

**Possible Phones**
**(215) 688-0158** (ET) (Mobile) (86%)
**(215) 287-1817** (ET) (Mobile) (66%)
**(215) 680-0158** (ET) (Mobile) (39%)
**(267) 918-9598** (ET) (Mobile) (39%)

**Counties**
New Castle County, DE (08/31/2022 to 09/27/2023)
Montgomery County, PA (05/25/2013 to 07/03/2023)
Philadelphia County, PA (06/30/2020 to 03/28/2023)

**Address History (7)**
**101 W 10TH ST APT 1213, WILMINGTON, DE 19801-1815 (NEW CASTLE COUNTY)** (08/31/2022 to 09/27/2023)

**74 BROWNSTONE DR, NORRISTOWN, PA 19401-2043 (MONTGOMERY COUNTY)** (08/16/2017 to 07/03/2023)
Subdivision Name: **RESERVE PENN XING**

Case ID: 230400452
Control No.: 23110089

**7402 MOUNTAIN AVE, ELKINS PARK, PA 19027-3021 (MONTGOMERY COUNTY)** (05/25/2013 to 07/03/2023)
 Current Other Phone at address
**(215) 782-3027(ET)** - **SHANNON MEADOWS**

**1440 MOUNT VERNON ST APT 409, PHILADELPHIA, PA 19130-3474 (PHILADELPHIA COUNTY)** (05/31/2021 to 03/28/2023)

**1440 MOUNT VERNON ST, PHILADELPHIA, PA 19130-3478 (PHILADELPHIA COUNTY)** (05/19/2022 to 05/27/2022)

**830 FULTON AVE, LANSDALE, PA 19446-5387 (MONTGOMERY COUNTY)** (10/19/2020 to 09/26/2022)
 Current Other Phone at address
 NOT PUBLISHED - **LARRY NELSON**

**3516 SPRING GARDEN ST APT B21, PHILADELPHIA, PA 19104-8403 (PHILADELPHIA COUNTY)** (06/30/2020 to 06/30/2020)

Case ID: 230400452
Control No.: 23110089

**FILED**
01 NOV 2023 10:02 am
Civil Administration
J. BOYD

**Commonwealth of Pennsylvania**
COUNTY OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
29 SEP 2023 09:28 am
S. GILLIAM

EDWIN LEON

*Plaintiff*

vs.

CHEYENNE GOODMAN

*Defendant* (SEE ATTACHED PAGE FOR
ADDITIONAL DEFENDANTS)

COURT OF COMMON PLEAS

_____Term, 20_____

No. 230400452

To[1]

CHEYENNE GOODMAN

101 W. 10TH STREET, APT. 1213

WILMINGTON, DE  19801

830 Fulton Avenue,
Lansdale, PA  19446

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

EDWIN LEON

_____

_____

_____

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*

ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date:_____

10-208 (Rev. 6/14

_____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

# Court of Common Pleas

Term, 20

No. 230400452

EDWIN LEON
*Plaintiff*

vs.

CHEYENNE GOODMAN
*Defendant*

# SUMMONS

Case ID: 230400452
Control No.: 23110089

## ADDITIONAL PAGE

## OTHER DEFENDANTS

**NEHAMA HANOCH**

**101 W. 10TH STREET, APT 107**

**WILMINGTON, DE  19801**

And

**ROXANNE EASTES**

**209 BECKER AVENUE**

**WILMINGTON, DE  19804**

Case ID: 230400452
Control No.: 23110089

**FILED**
01 NOV 2023 10:02 am
**Civil Administration**
**J. BOYD**

Lida L. Bonner, Esquire
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
(610) 940-1663

**Commonwealth of Pennsylvania
In the Court of Common Pleas
Philadelphia County**



*Filed and Attested by the
Office of Judicial Records
11 OCT 2023 11:06 am
B. MERCEDES*

Edwin Leon

v.

Cheyenne Goodman, et al.

**Case No.:23-04-0452**

Commonwealth of Pennsylvania
County of Philadelphia   ss

## AFFIDAVIT OF NON-SERVICE

I, **Jonathan J. DiBello**, being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

> PARTY: **Nehama Hanoch**
>
> DOCUMENTS: **Writ of Summons**
>
> DATE & TIME: **10/4/2023 7:10 PM**
>
> ADDRESS: **101 W. 10th Street, Apt. 1213
> Wilmington, DE 19801**

I hereby certify and return that I completed due and diligent attempts to servee Nehama Hanoch. I therefore return this Writ of Summons without service on Nehama Hanoch.

Diligent attempts were made per the following notations:

**10/3/2023    7:10 PM Results: The Front Desk Guard stated Apt. 107 is listed to someone else, but she cannot provide that
information. She also ran Defendant's name through the directory, but stated she has no listing.**

I hereby affirm that the information contained in the Affidavit of Non-Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

Jonathan J. DiBello
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393
Ref #
Order #P210848

Subscribed and sworn before me, a Notary
Public, this 5th day of October, 2023

Regina A. Richman, Notary Public
Falls Twp., Bucks County
My Commission expires on: 12/12/2025



GPS:: 39.7456225:-75.5482766



**FILED**
01 NOV 2023 10:02 am
**Civil Administration**
**J. BOYD**

Lida L. Bonner, Esquire
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
(610) 940-1663

**Commonwealth of Pennsylvania**
**In the Court of Common Pleas**
**Philadelphia County**

*Filed and Attested by the*
*Office of Judicial Records*
*11 OCT 2023 11:06 am*
*B. MERCEDES*

**Edwin Leon**

v.

**Cheyenne Goodman, et al.**

**Case No.:23-04-0452**

Commonwealth of Pennsylvania
County of Philadelphia ss

### AFFIDAVIT OF NON-SERVICE

I, **Jonathan J. DiBello,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY: | **Cheyenne Goodman** |
| DOCUMENTS: | **Writ of Summons** |
| DATE & TIME: | **10/4/2023 7:10 PM** |
| ADDRESS: | **101 W. 10th Street, Apt. 1213** **Wilmington, DE 19801** |

I hereby certify and return that I completed due and diligent attempts to servee Cheyenne Goodman. I therefore return this Writ of Summons without service on Cheyenne Goodman.

Diligent attempts were made per the following notations:

**10/3/2023    7:10 PM Results: The Front Desk Guard stated Apt. 1213 is listed to someone else, but she cannot provide that information. She also ran Defendant's name through the directory, but stated she has no listing.**

I hereby affirm that the information contained in the Affidavit of Non-Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

Jonathan J. DiBello
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393
Ref #
Order #P210847

Subscribed and sworn before me, a Notary
Public, this 5th day of October, 2023

Regina A. Richman, Notary Public
Falls Twp., Bucks County
My Commission expires on: 12/12/2025



GPS:: 39.7456201:-75.5484512



Case ID: 230400452
Control No.: 23110089



10-2-23 Certified Mail Receipts for mailing of the Praecipe and Writ of Summons in the Leon v Goodman matter.

Lida L. Bonner, Esquire
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
(610) 940-1663

FILED
01 NOV 2023 10:02 am
Civil Administration
J. BOYD

**Commonwealth of Pennsylvania**
**In the Court of Common Pleas**
**Philadelphia County**

**Edwin Leon**

v.

**Cheyenne Goodman, et al.**

**Case No.:23-04-0452**

_____/

Commonwealth of Pennsylvania
County of Philadelphia   ss

AFFIDAVIT OF NON-SERVICE

I, **Jonathan J. DiBello,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY: | **Roxanne Eastes** |
| DOCUMENTS: | **Writ of Summons** |
| DATE & TIME: | **10/24/2023  8:00 PM** |
| ADDRESS: | **209 Becker Avenue**<br>**Wilmington, DE 19804** |

I hereby certify and return that  I completed due and diligent attempts to servee Roxanne Eastes.  I therefore return this Writ of Summons  without service on Roxanne Eastes.

Diligent attempts were made per the following notations:

**10/3/2023    6:23 PM Results: No Answer.  There was a red crossover in the driveway, and I could hear a dog inside.**

**10/10/2023   4:05 PM Results: No Answer.  There was a vehicle in the driveway and I could hear a dog inside. Mail in the mailbox.**

**10/15/2023   12:16 PM Results: No Answer. I could hear a dog inside. No vehicles in the driveway.**

**10/19/2023   8:03 AM Results: No Answer. No vehicle in driveway.**

**10/24/2023   8:00 PM Results: No answer. Dog inside. All lights on inside. Vehicle in driveway.**

I hereby affirm that the information contained in the Affidavit of Non-Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

Subscribed and sworn before me, a Notary
Public, this 25th day of October, 2023

_____
Regina A. Richman, Notary Public
Falls Twp., Bucks County
My Commission expires on: 12/12/2025



_____
Jonathan J. DiBello
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393

Order #P210849

Case ID: 230400452
Control No.: 23110089

**Dennis Richman's Services**
for the Professional, Inc.
4 Neshaminy Interplex Drive, Suite 108 Trevose, PA 19053
Phone: (215) 977-9393   Fax: (215) 977-9806
Web: www.dennisrichman.com
E-Mail dennis@dennisrichman.com

**TAX ID: 23-2124873**

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| LB22 | October 25, 2023 | P210849 |

File No:
Servee: **Roxanne Eastes**

Bill To:

**Lida L. Bonner, Esquire**
**PAX Legal, LLC**
**600 W. Germantown Pike, Suite 400**
**Plymouth Meeting, PA 19462**

Case No: **23-04-0452**
Plaintiff: **Edwin Leon**
Defendant: **Cheyenne Goodman, et al.**

| Documents: Writ of Summons |
|---|
| |

| DESCRIPTION OF SERVICES RENDERED | AMOUNT |
|---|---|
| **Sevice in Wilmington, Delaware** | **130.00** |
| | |
| Description: Roxanne Eastes | |
| Completed on 10/24/2023 | |
| | TOTAL DUE | $ 130.00 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PLEASE DETACH HERE, Return this stub with your payment.
FOR YOUR CONVIENCE, This stub will fit in a window for easy mailing.

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| LB22 | October 25, 2023 | P210849 |

TOTAL DUE: | $ 130.00 |

Remit To:

**Dennis Richman's Services**
**PO BOX 203**
**Morrisville, PA 19067**

**1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.**
2. MAKE CHECKS PAYABLE TO  **Dennis Richman's Services**

**THANK YOU!!! We appreciate the opportunity to be of service.**
**TERMS:  All payments are DUE UPON RECEIPT.**
**All payments over 25 days are subject to additional fees.**

Case ID: 230400452
Control No.: 23110089

FILED

01 NOV 2023 10:02 am

Civil Administration

**Lida**                                    **J. BOYD**

---

**From:**          Neil Hilkert
**Sent:**          Wednesday, October 11, 2023 5:20 PM
**To:**            Lida
**Subject:**       FW: Leon v. Goodman et al.

**Neil M. Hilkert, Esq.**
neil@paxlegalllc.com | (610) 940-1663 (O)
http://www.paxlegalllc.com | (215) 514-4081 (M)



**600 West Germantown Pike**
**Suite 400**
**Plymouth Meeting, PA  19462**

---

**From:** Barry, Joseph <jbarry@ycst.com>
**Sent:** Wednesday, October 11, 2023 5:01 PM
**To:** Neil Hilkert <Neil@paxlegalllc.com>
**Cc:** Grear, Craig <cgrear@ycst.com>
**Subject:** RE: Leon v. Goodman et al.

Neil – Young Conaway does not and will not represent any party in the matter.  My call was just informational.  Thanks for your time.

Regards,

Joe

Control No.: 23110089



**Joseph M. Barry, Co-Chair, Bankruptcy & Corporate Restructuring Group**
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
P: 302.571.6705
jbarry@ycst.com | www.youngconaway.com | vCard

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.

**From:** Neil Hilkert <Neil@paxlegalllc.com>
**Sent:** Wednesday, October 11, 2023 4:57 PM
**To:** Barry, Joseph <jbarry@ycst.com>
**Subject:** RE: Leon v. Goodman et al.

Joseph:  Thank you for contacting me yesterday.  As we discussed, it is my understanding that your firm, Young Conaway, does not represent Ms. Eastes, Ms. Goodman nor Ms. Hanoch.  We also discussed the notice Ms. Eastes received from the Court of Common Pleas of Philadelphia County regarding a Scheduling Order for a Case Management Conference to be conducted on November 8, 2023, at 3:00 p.m.  While a Complaint has yet to be filed, the Case Management Conference will be conducted on that date and all parties who have been notified by the Court should be prepared to appear in person or through counsel.  Should you or another another attorney at Young Conaway enter their appearance on behalf of one of the named defendants, please advise if the Writ of Summons would be accepted in lieu of personal service.  The named defendants can accept service as well.

Let me know if you have any other questions regarding this matter.  Thank you again for your time yesterday.

Regards,
Neil


**Neil M. Hilkert, Esq.**
neil@paxlegalllc.com | (610) 940-1663 (O)
http://www.paxlegalllc.com | (215) 514-4081 (M)



**600 West Germantown Pike**
**Suite 400**
**Plymouth Meeting, PA  19462**

Control No.: 23110089

**From:** Barry, Joseph <jbarry@ycst.com>
**Sent:** Tuesday, October 10, 2023 2:11 PM
**To:** neil@reidenbachlaw.com; Neil Hilkert <Neil@paxlegalllc.com>
**Subject:** Leon v. Goodman

Neil – I left you a voicemail concerning this matter.  Would you please give me a call at your earliest convenience.  302-571-6705.  Thank you.

Joe



**Joseph M. Barry, Co-Chair, Bankruptcy & Corporate Restructuring Group**
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
P:  302.571.6705
jbarry@ycst.com | www.youngconaway.com | vCard

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.

Control No.: 23110089

10/24/23, 5:12 PM
Case 2:24-cv-01060-WB   Document 1-3   Filed 03/13/24   Page 79 of 328
usps.com® - USPS Tracking® Results

FILED
01 NOV 2023 10:02 am
Civil Administration
J. BOYD

# USPS Tracking®

**Remove ✕**

Tracking Number:

## 70172400000000526257

Copy         Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to an individual at the address at 1:32 pm on October 10, 2023 in WASHINGTON, DC 20002.

Get More Out of USPS Tracking:

USPS Tracking Plus®

Feedback

### Delivered
**Delivered, Left with Individual**
WASHINGTON, DC 20002
October 10, 2023, 1:32 pm

**Departed USPS Regional Facility**
WASHINGTON DC DISTRIBUTION CENTER
October 9, 2023, 10:30 pm

**In Transit to Next Facility**
October 9, 2023

**Arrived at USPS Regional Facility**
WASHINGTON DC DISTRIBUTION CENTER
October 7, 2023, 2:25 pm

**Arrived at USPS Regional Facility**
HARRISBURG PA DISTRIBUTION CENTER
October 6, 2023, 9:03 pm

**Forwarded**
WILMINGTON, DE

Case ID: 230400452

October 5, 2023, 10:22 am

**Departed USPS Regional Facility**
WILMINGTON DE DISTRIBUTION CENTER
October 5, 2023, 2:50 am

**Arrived at USPS Regional Facility**
WILMINGTON DE DISTRIBUTION CENTER
October 4, 2023, 8:38 am

**Arrived at USPS Regional Facility**
SOUTH JERSEY NJ DISTRIBUTION CENTER
October 3, 2023, 9:59 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

---

**Text & Email Updates** ⌄

---

**USPS Tracking Plus®** ⌃

Your item is eligible for USPS Tracking Plus. This feature allows you to buy extended access to your tracking history and receive a statement via email upon request. Without this feature, your regular tracking history is only available on this site until October 3, 2025. To extend your access to this tracking history, select the length of time you would like and confirm your selection. You can only purchase extended history once, so all orders are final and are not eligible for a refund.

**Note:** For multiple tracking numbers, you can save and continue adding USPS Tracking Plus selections to your cart until you are ready to complete your purchase.

| 3 Years |
| :-- |
| **$3.75** |

| 5 Years |
| :-- |
| **$4.75** |

| 7 Years |
| :-- |
| **$5.75** |

| 10 Years |
| :-- |
| **$6.75** |

Case ID: 230400452

☐ I have read, understand, and agree to the **Terms and Conditions. (https://www.usps.com/terms-conditions/tracking-plus.htm)**

**Confirm Selection**

---

## Product Information ⌄

**See Less** ⌃

Tracking Number:                                              Remove ✕

# 70172400000000526264

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

We could not access the delivery location to deliver your package at 10:45 am on October 18, 2023 in LANSDALE, PA 19446. We will redeliver on the next delivery day. No action needed.

---

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

**Alert**
● **No Access to Delivery Location**
LANSDALE, PA 19446
October 18, 2023, 10:45 am

● **Departed USPS Regional Facility**
PHILADELPHIA PA DISTRIBUTION CENTER
October 17, 2023, 6:13 pm

● **See All Tracking History**

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

**See More** ⌄

Track Another Package

Case ID: 230400452

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

Case ID: 230400452

**FILED**
01 NOV 2023 10:02 am

**Civil Administration**
RETURN OF SERVICE

# DENNIS RICHMAN'S SERVICES FOR THE PROFESSIONAL, INC.

P.O. Box 203, Morrisville, PA 19067    (215) 977-9393

Filed and Attested by the
Office of Judicial Records
01 NOV 2023 12:25 pm
G. IMPERATO

| TO BE COMPLETED BY ATTORNEY<br>(PLEASE ONE FORM FOR EACH DEFENDANT.) | COURT TERM AND NUMBER |
|---|---|
| PLAINTIFF/S/ Edwin Leon | 23-04-0452 |
| DEFENDANT/S/ Cheyenne Goodman, et al. | |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC.
Cheyenne Goodman

ADDRESS (Street or RFD, Apartment No., City, Boro, Twp., State and ZIP Code)
830 Fulton Avenue, Lansdale, PA 19446

INDICATE TYPE OF PLEADING ☒ SUMMONS ☐ COMPLAINT ☐ _____

INDICATE UNUSUAL SERVICE: ☐ REG. MAIL ☐ DEPUTIZE ☐ POST ☐ OTHER

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE

**LAST DAY FOR SERVICE:** _____

Now, _____ 20 ___ I, _____ do hereby deputize the Sheriff of _____ County to execute this Writ and make return thereof according to law. The deputation being made at the request and risk of the plaintiff.

Process Server _____

## TO BE COMPLETED BY PROCESS SERVER

Served and made known to _____ , Defendant(s)
on the _____ day of _____ 20 ___ , at _____ o 'clock, _____ M.,
at _____ , County of Phila. Commonwealth of Pennsylvania, in
the manner described below:

☐ Defendant(s) personally served.
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
☐ Adult in charge of Defendant's residence who refused to give name or relationship.
☐ Manager/Clerk of place of lodging in which Defendant(s) reside(s). _____
☐ Agent or person in charge of Defendant's office or usual place of business. _____
☐ _____ an officer of said Defendant company.
☐ Other _____

On the _10_ day of _10_ 20 _23_ , at _1000_ o 'clock, _A_M.
Defendant not found because:
☒ Moved    ☐ Unknown    ☐ No Answer    ☐ Vacant    ☐ Other _____
Comments _AS PER HOMEOWNER, DEF NO LONGER LIVES IN THE_
_STATE BUT DID NOT HAVE A FORWARDING ADDRESS_

NAME OF SERVER
I, _BRIAN ROTH_ hereby affirms that the information contained in the Return of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.
Sworn and subscribed before me
this _12_ day of _10_ 20 _23_

_Brian J. Roth_ Roth
(Signature)

| TO BE COMPLETED BY ATTORNEY | TO BE COMPLETED BY PROTHONOTARY |
|---|---|
| Name Lida L. Bonner, Esquire | |
| Address 600 W. Germantown Pike, Suite 400, Plymouth Meeting, PA 19462 | |
| Telephone Number (610) 940-1663 | ATTEST _____ |
| Identification Number 83985 | PRO PROTHY |
| Represents: | |
| ☒ Plaintiff(s) Edwin Leon | P210851 _____ DATE |
| ☐ Defendant(s) _____ | Montgomery Co. |
| ☐ Other _____ | |

Case ID: 230400452
Control No.: 23110089

FILED
01 NOV 2023 10:02 am
Civil Administration
J. BOYD



1717 Arch Street
Suite 3300
Philadelphia, PA  19103
(215) 279-9393
Fax: (215) 279-9394
www.flastergreenberg.com

**JEFFREY J. RIZZO, JR., ESQUIRE**
Member of the NJ & PA Bar
Direct Dial: (215) 320-3757
E-Mail:  jeffrey.rizzo@flastergreenberg.com

October 24, 2023

***Via Email***

PAX Legal, LLC
Neil M. Hilkert, Esq.
Lida L. Bonner, Esq.
600 W. Germantown Ave., Suite 400
Plymouth Meeting, PA 19462
neil@paxlegalllc.com
lida@paxlegalllc.com

> Re:   ***Leon v. Goodman et al.***, No. 230400452
>       **Writ of Summons**

Dear Mr. Hilkert and Ms. Bonner:

This firm has been retained by Roxanne Eastes, a named party in the above-referenced matter. I write to you demanding that you dismiss Ms. Eastes from this action on the grounds that your client has no valid claim against Ms. Eastes and pursuing this matter against her is frivolous.

As you know, your client commenced this action back in March of this year against Ms. Eastes and two other defendants asserting wrongful use of civil process. We assume your client commenced this Dragonetti action regarding the protection order issued against him in Delaware. As I am sure you are aware, a viable Dragonetti claim can only be brought against one who wrongfully initiates or continues a civil proceeding against another. Ms. Eastes has not brought nor filed *any* proceeding of any kind against your client. In fact, Ms. Eastes was only involved in the Delaware action because **your client** called Ms. Eastes as a witness.

It has been nearly seven months since this action commenced and a complaint still has not been filed. It is clear that your client's purpose in initiating and now stalling this frivolous action is to harass and intimidate Ms. Eastes. The law does not permit such misappropriation of the legal process, and we will not allow it.

This action never should have commenced against Ms. Eastes. Consequently, we demand that you immediately release her from this action. Please be advised that your failure to do so puts both you and your client at risk of being found in violation of the Dragonetti Act, 42 Pa.

10816588 v1

Case ID: 230400452
Control No.: 23110089

PAX Legal, LLC
Neil M. Hilkert, Esq.
Lida L. Bonner, Esq.
October 24, 2023
Page 2


C.S. § 8351 *et seq* for abuse of process and malicious prosecution. Please let us know if you are prepared to dismiss Ms. Eastes from this action by close of business on Friday October 27th.


Sincerely,

**FLASTER/GREENBERG P.C.**


Jeffrey J. Rizzo, Jr.

JJR:hjg
Enclosures
cc:  Roxanne Eastes

10816588 v1

**FILED**
01 NOV 2023 10:02 am

**Civil Administration**
J. BOYD



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
To

Roxanne Eastes
209 Becker Avenue
Wilmington, DE  19804

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total

Nehama Hanoch
101 W. 10th Street, Apt. 107
Wilmington, DE  19801

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

Case ID: 230400452
Control No.: 23110089

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

| CONTROL NUMBER: |
|---|
| 23110089 |
| **(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)** |

### FOR COURT USE ONLY

ASSIGNED TO JUDGE:

ANSWER/RESPONSE DATE:

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

April _____ Term, 2023
*Month*                    *Year*
No. _____ 00452

Name of Filing Party:
EDWIN LEON-PLF

<u>LEON VS GOODMAN ETAL</u>

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)*   ☒ Motion
☐ Answer to Petition        ☐ Response to Motion

Has another petition/motion been decided in this case?   ☐ Yes  ☒ No
Is another petition/motion pending?   ☐ Yes  ☒ No
*If the answer to either question is yes, you must identify the judge(s):*

TYPE OF PETITION/MOTION (see list on reverse side)

MOTION FOR ALTERNATIVE SERVICE

PETITION/MOTION CODE
(see list on reverse side)
MTSVR

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

**I. CASE PROGRAM**

DAY FORWARD/MAJOR JURY PROGRAM

Name of Judicial Team Leader: <u>JUDGE GWENDOLYN BRIGHT</u>

Applicable Petition/Motion Deadline: <u>N/A</u>

Has deadline been previously extended by the Court: <u>N/A</u>

**II. PARTIES** *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

CHEYENNE A GOODMAN
  830 FULTON AVE , LANSDALE PA 19446
CHEYENNE A GOODMAN
  101 W. 10TH STREET APT. 1213 ,
  WILMINGTON DE 19801
DEREK A KEIGHTLY
  7 NESHAMINY INTERPLEX SUITE 200 ,
  TREVOSE PA 19053
NEIL M HILKERT
  600 WEST GERMANTOWN PIKE SUITE 400 ,
  PLYMOUTH MEETING PA 19462
NEHAMA HANOCH
  101 W. 10TH STREET APT. 107 ,
  WILMINGTON DE 19801
ROXANNE EAASTES
  209 BECKER AVENUE , WILMINGTON DE
  19804

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

November 1, 2023          NEIL M. HILKERT

_____        _____        _____        _____
*(Attorney Signature/Unrepresented Party)*          *(Date)*          *(Print Name)*          *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

**Tab 16**

**FILED**
01 NOV 2023 10:02 am
**Civil Administration**
J. BOYD

RECEIVED

NOV 1 6 2023

S. HARVEY, JR.
CIVIL TRIAL DIVISION

EDWIN LEÓN                          :        COURT OF COMMON PLEAS
                                    :
            *Plaintiff,*            :        PHILADELPHIA COUNTY, PA
                                    :
    v.                              :        CIVIL ACTION
                                    :        DOCKET NO. 230400452
NEHAMA HANOCH, *et. al.,*           :
                                    :
            *Defendants*            :

230400452-Leon Vs Goodman Etal

23040045200033

### ORDER

      **AND NOW,** this _15_ day of _Nov_, 2023, upon consideration of the

Motion for Alternate Service pursuant to Pa. R.C.P. 430, filed by Plaintiff, Edwin León,

("Plaintiff"), and any response(s) from Defendants, the Court finds that the Plaintiff has made a

good-faith effort to locate and serve the Defendants, Nehama Hanoch, Cheyenne Goodman and

Roxanne Eastes, (the "Defendants") in the regular course of the litigation, and therefore it is

hereby **ORDERED** that the Plaintiff's Motion for Alternate Service is **GRANTED,** and further

**ORDERED** that Alternate service upon the Defendants will be deemed effectuated for the

purposes of the pending litigation as follows:

    A.    Plaintiff can send Notices to Defendant, Nehama Hanoch, at her most

recent address of 101 W. 10th Street, Apartment 107, Wilmington, DE 19801, by

first-class mail, which will be deemed served even if returned by the US postal

service.

    B.    Plaintiff can send Notices to Defendant, Cheyenne Goodman, at her most

recent address of 101 W. 10th Street, Apartment 1213, Wilmington, DE 19801, by

first-class mail, which will be deemed served even if returned by the US postal

service.

Case ID: 230400452
Control No.: 23110089

C.      Plaintiff can send Notices to Defendant, Roxanne Eastes, at her most

recent address of 209 Becker Ave., Wilmington, DE 19804, by first-class mail,

which will be deemed served even if returned by the US postal service.


**BY THE COURT:**


_____

J. *Bright*

*Page 2 of 2*

*Plaintiff Motion 2*

*Alternative Service*

*Leon v. Nehanny, et. al.*


2

**Tab 17**

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY, PA**

*Filed and Attested by the*
*Office of Judicial Records*
*20 NOV 2023 09:01 pm*
*S. GILLIAM*

| | |
|---|---|
| Edwin Leon, | |
| Plaintiff | |
| v. | Civil Action Docket No. 230400452 |
| Cheyenne Goodman, *et al.*, | |
| Defendants. | |

## NOTICE OF ENTRY OF APPEARANCE

TO:

Nehama L. Hanoch, Esquire
nehama.hanoch@gmail.com
Tel: (732) 853-2438

Thomas D. Bielli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
tbielli@bk-legal.com
Tel: (215) 642-8271

Lida Bonner, Esquire
lida@paxlegalllc.com
Pax Legal, LLC
600 W. Germantown Pike,
Suite 400
Plymouth Meeting, PA 19462

Niel Hilkert, Esquire
neil@paxlegalllc.com
Pax Legal, LLC
600 W. Germantown Pike,
Suite 400
Plymouth Meeting, PA 19462

**PLEASE TAKE NOTICE** that the attached Entry of Appearance of Self-Represented

Party, Cheyenne Goodman, Pursuant to Pa. R. C. P. Rule 1930.8 was filed on this 20th day of

November, 2023.

Dated: November 20, 2023

*/s/ Cheyenne A. Goodman*
Cheyenne A. Goodman, Esquire
Email: cheyenne.a.goodman@gmail.com
Tel: (215) 688-0158

*Defendant*

## IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY, PA

Edwin Leon,

         Plaintiff

            v.

Cheyenne Goodman, *et al*.,

         Defendants.

Civil Action Docket No. 230400452

---

**ENTRY OF APPEARANCE OF SELF-REPRESENTED PARTY, CHEYENNE GOODMAN, PURSUANT TO PA. R. C. P. RULE 1930.8**

    I, Cheyenne Goodman, Defendant, represent myself in the above-captioned matter.  I understand that I am under a continuing obligation to provide current contact information to the Court, to other self-represented parties, and to the attorneys of record.

    As I have a protection from abuse order against the Plaintiff, Edwin Leon, stemming from the matter styled *Goodman v. Leon*, File No. CN23-01005, in the Family Court of the State of Delaware, I have elected to accept service in this matter to my work address.  This is exclusively to preserve the confidentiality of my home address–the law firm Young, Conaway, Stargatt and Taylor LLP does not, and will not, represent me in this matter.  All pleadings and legal papers in this matter may be served upon me via email using the contact information listed herein.

Dated: November 20, 2023

/s/ Cheyenne Goodman
Cheyenne Goodman, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 N. King Street,
Office 2-234
Wilmington, DE 19801
cheyenne.a.goodman@gmail.com
Tel: (215) 688-0158

## IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY, PA

Edwin Leon,

        Plaintiff

        v.

Cheyenne Goodman, *et al*.,

        Defendants.

Civil Action Docket No. 230400452

## <u>CERTIFICATE OF SERVICE</u>

I, Cheyenne A. Goodman, hereby certify that on this 20th day of November 2023, a true and correct copy of the attached Entry of Appearance of Self-Represented Party, Cheyenne Goodman, Pursuant to Pa. R. C. P. Rule 1930 was served by email upon:

Nehama L. Hanoch, Esquire
nehama.hanoch@gmail.com
Tel: (732) 853-2438

Thomas D. Bielli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
tbielli@bk-legal.com
Tel: (215) 642-8271

Lida Bonner, Esquire
*lida@paxlegalllc.com*
Pax Legal, LLC
600 W. Germantown Pike,
Suite 400
Plymouth Meeting, PA 19462

Niel Hilkert, Esquire
*neil@paxlegalllc.com*
Pax Legal, LLC
600 W. Germantown Pike,
Suite 400
Plymouth Meeting, PA 19462

Dated: November 20, 2023

*/s/ Cheyenne A. Goodman*
Cheyenne A. Goodman, Esquire
Email: cheyenne.a.goodman@gmail.com
Tel: (215) 688-0158

*Defendant*

**Tab 18**

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL


NEHAMA HANOCH
101 W.  10TH STREET
APT.  107
WILMINGTON, DE 19801


LEON VS GOODMAN ETAL
230400452

## SCHEDULING ORDER

AND NOW, NOVEMBER 09, 2023, it is hereby Ordered that:

1.  A Case Management Conference is scheduled  for  December  13,
2023, at 03:00 P.M., using Zoom video conferencing.

2.  Counsel and/or self-represented parties shall access the Case
Management Conference through Zoom link posted on  the  following
website under "Common Pleas-Civil Remote Hearing Information:"

https://www.courts.phila.gov/remote-hearings/

Scroll down within the section  "Remote  Hearing  Information  by
Court Event Type"  under  "General  Program  Hearings"  to  "Case
Management  Conference."  The  Zoom  link  may  be  updated
periodically, so use the Zoom link that is present on the date of
the Conference.

3.  Counsel for Plaintiff is directed to serve  a  copy  of  this
Order on any unrepresented party and  any  attorney  entering  an
appearance subsequent to the issuance of this Order.

4.  Failure to file a Complaint or effectuate service of  process
prior to the conference date may result in the issuance of a Rule
to Show Cause.

5.  Five (5) days prior to the Case Management  Conference  date,
all parties are required to electronically file  with  the  Court
and serve upon all opposing counsel and/or opposing  parties  not
electronically  served  by  the  court  a  fully  completed  Case
Management Memorandum.

MAILR-Leon Vs Goodman Etal



23040045200036

SCHEDULING ORDER – Page 2

LEON VS GOODMAN ETAL
230400452

Failure to timely file a Case Management Memorandum may result in monetary sanctions. To electronically file the Case Management Memorandum, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Management Memorandum" as the filing type. Any party not registered with the electronic filing system ("EFS") may submit the memorandum via e-mail or USPS first class mail:
CivilCaseManagement@courts.phila.gov
Civil Case Management Conference Center
613 City Hall
Philadelphia PA 19107

6. This conference will be conducted by a Civil Case Manager who shall act on behalf of the Honorable GWENDOLYN BRIGHT.

7. Counsel must be prepared to address all relevant issues concerning venue, service of process, pleadings, discovery, possible joinder of additional parties, theories of liability or defenses, and damages claimed.

8. At the conclusion of the conference a Case Management Order shall be entered which shall govern the case.

9. If the case settles prior to the conference, electronically file a settlement letter. To file the letter electronically, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Settlement Letter" as the document type.

10. Please direct any questions concerning this Order and its contents to CivilCaseManagement@courts.phila.gov or to 215-686-5135 or 215-686-3710.

11. Click the following link to access important documents related to the scheduled event:
http://www.courts.phila.gov/pdf/forms/civil/CMC-105.pdf

OFFICE OF THE DEPUTY
COURT ADMINISTRATOR

**Tab 19**

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA TRIAL DIVISION - CIVIL**

Edwin Leon,

        Plaintiff

        v.

Cheyenne Goodman, *et al.*,

        Defendants.

*Filed and Attested by the Office of Judicial Records 28 NOV 2023 10:40 am B. MERCEDES*

Civil Action Docket No. 230400452

---

## **NOTICE OF PRAECIPE**

TO:

Nehama L. Hanoch
hanoch.nehama@gmail.com
Tel: (732) 853-2438

Thomas D. Bielli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
tbielli@bk-legal.com
Tel: (215) 642-8271

Lida Bonner, Esquire
*lida@paxlegalllc.com*
Pax Legal, LLC
600 W. Germantown Pike,
Suite 400
Plymouth Meeting, PA 19462

Niel Hilkert, Esquire
*neil@paxlegalllc.com*
Pax Legal, LLC
600 W. Germantown Pike,
Suite 400
Plymouth Meeting, PA 19462

**PLEASE TAKE NOTICE** that the attached Praecipe to File Complaint was filed on this 28th day of November, 2023.

Dated: November 28, 2023

*/s/ Cheyenne A. Goodman*
Cheyenne A. Goodman
Email: cheyenne.a.goodman@gmail.com
Tel: (215) 688-0158

*Defendant.*

Case ID: 230400452

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA TRIAL DIVISION - CIVIL**

|  |  |
|---|---|
| Edwin Leon, | |
| Plaintiff | |
| v. | Civil Action Docket No. 230400452 |
| Cheyenne Goodman, *et al*., | |
| Defendants. | |

## PRAECIPE TO FILE COMPLAINT

**TO THE OFFICE OF JUDICIAL RECORDS:**

Please enter a Rule upon Plaintiff to file a Complaint within twenty (20) days hereof or suffer the entry of a Judgment of Non Pros.

Dated: November 28, 2023                    */s/ Cheyenne A. Goodman*
                                                              Cheyenne A. Goodman
                                                              Email: cheyenne.a.goodman@gmail.com
                                                              Tel: (215) 688-0158

Case ID: 230400452

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA TRIAL DIVISION - CIVIL**

Edwin Leon,

       Plaintiff

         v.

Cheyenne Goodman, *et al.*,

       Defendants.

Civil Action Docket No. 230400452

## RULE TO FILE COMPLAINT

AND NOW, this _____day of _____, 2023, a Rule is hereby granted upon Plaintiff to

file a Complaint herein within twenty (20) days after service hereof or suffer the entry of

Judgment of Non Pros.


_____

Office of Judicial Records



230400452
28 NOV 2023 10:40 am
B. MERCEDES

Case ID: 230400452

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA TRIAL DIVISION - CIVIL**

| | |
|---|---|
| Edwin Leon, | |
| Plaintiff | |
| v. | Civil Action Docket No. 230400452 |
| Cheyenne Goodman, *et al.*, | |
| Defendants. | |

<u>**CERTIFICATE OF SERVICE**</u>

I, Cheyenne A. Goodman, hereby certify that on this 28th day of November 2023, a true and correct copy of the attached Praecipe to File Complaint was served by email upon:

Nehama L. Hanoch
hanoch.nehama@gmail.com
Tel: (732) 853-2438

Thomas D. Bielli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
tbielli@bk-legal.com
Tel: (215) 642-8271

Lida Bonner, Esquire
*lida@paxlegalllc.com*
Pax Legal, LLC
600 W. Germantown Pike,
Suite 400
Plymouth Meeting, PA 19462

Niel Hilkert, Esquire
*neil@paxlegalllc.com*
Pax Legal, LLC
600 W. Germantown Pike,
Suite 400
Plymouth Meeting, PA 19462

Dated: November 28, 2023

*/s/ Cheyenne A. Goodman*
Cheyenne A. Goodman
Email: cheyenne.a.goodman@gmail.com
Tel: (215) 688-0158

*Defendant.*

**Tab 20**

Thomas D. Bielli, Esquire (No. 202100)
**BIELLI & KLAUDER, LLC**
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 642-8271
tbielli@bk-legal.com



*Filed and Attested by the Office of Judicial Records 28 NOV 2023 10:41 am B. MERCEDES*

*Counsel to Defendant Roxanne Eastes*

| | |
|---|---|
| EDWIN LEÓN | IN THE COURT OF COMMON PLEAS |
|                       Plaintiff, | PHILADELPHIA COUNTY, PA |
|    v. | CIVIL ACTION |
| NEHAMA HANOCH | NO. 230400452 |
| and | |
| CHEYENNE GOODMAN | |
| and | |
| ROXANNE EASTES | |
|                       Defendants. | |

## <u>PRAECIPE FOR ENTRY OF APPEARANCE</u>

TO THE PROTHONOTARY:

    Kindly enter the appearance of Thomas D. Bielli, Esquire as counsel to Defendant Roxanne Eastes in the above-captioned matter.

Dated:  November 28, 2023

                                            **BIELLI & KLAUDER, LLC**

                                            By: */s/ Thomas D. Bielli*
                                            Thomas D. Bielli, Esquire (No. 202100)
                                            1905 Spruce Street
                                            Philadelphia, PA 19103
                                            Phone: (215) 642-8271
                                            Email: tbielli@bk-legal.com

                                            *Counsel to Defendant Roxanne Eastes*

Thomas D. Bielli, Esquire (No. 202100)
**BIELLI & KLAUDER, LLC**
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 642-8271
tbielli@bk-legal.com



*Filed and Attested by the Office of Judicial Records 28 NOV 2023 10:41 am B. MERCEDES*

*Counsel to Defendant Roxanne Eastes*

| | |
|---|---|
| EDWIN LEÓN<br>          Plaintiff,<br>     v.<br><br>NEHAMA HANOCH<br><br>and<br><br>CHEYENNE GOODMAN<br><br>and<br><br>ROXANNE EASTES<br>          Defendants. | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>CIVIL ACTION<br><br>NO. 230400452 |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the *Praecipe for Entry of*

*Appearance* was served upon the following parties via the method indicated:

<u>First Class U.S. Mail and Electronic Mail:</u>

Derek S. Keightly, Esq.
Rudolph Clarke, LLC
7 Neshaminy Interplex, Suite 200
Trevose, PA 19053
dkeightly@rudolphclarke.com

Neil M. Hilkert, Esq.
Lida L. Bonner, Esq.
Pax Legal, LLC
600 West Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
neil@paxlegalllc.com
lida@paxlegalllc.com

<u>Electronic Mail:</u>

Cheyenne Goodman, Esq.
Cheyenne.A.Goodman@gmail.com

Nehama Hanoch, Esq.
hanoch.nehama@gmail.com

*/s/  Thomas D. Bielli*
*Counsel to Defendant Roxanne Eastes*

**Tab 21**

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL


CHEYENNE GOODMAN
830 FULTON AVE
LANSDALE, PA 19446


LEON VS GOODMAN ETAL
230400452


SCHEDULING ORDER


    AND NOW, NOVEMBER 09, 2023, it is hereby Ordered that:

1. A Case Management Conference is scheduled for December 13,
2023, at 03:00 P.M., using Zoom video conferencing.

2. Counsel and/or self-represented parties shall access the Case
Management Conference through Zoom link posted on the following
website under "Common Pleas-Civil Remote Hearing Information:"

https://www.courts.phila.gov/remote-hearings/

Scroll down within the section "Remote Hearing Information by
Court Event Type" under "General Program Hearings" to "Case
Management Conference." The Zoom link may be updated
periodically, so use the Zoom link that is present on the date of
the Conference.

3. Counsel for Plaintiff is directed to serve a copy of this
Order on any unrepresented party and any attorney entering an
appearance subsequent to the issuance of this Order.

4. Failure to file a Complaint or effectuate service of process
prior to the conference date may result in the issuance of a Rule
to Show Cause.

5. Five (5) days prior to the Case Management Conference date,
all parties are required to electronically file with the Court
and serve upon all opposing counsel and/or opposing parties not
electronically served by the court a fully completed Case
Management Memorandum.


MAILR-Leon Vs Goodman Etal



23040045200037

SCHEDULING ORDER - Page 2

LEON VS GOODMAN ETAL
230400452

Failure to timely file a Case Management Memorandum may result in monetary sanctions. To electronically file the Case Management Memorandum, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Management Memorandum" as the filing type. Any party not registered with the electronic filing system ("EFS") may submit the memorandum via e-mail or USPS first class mail:
CivilCaseManagement@courts.phila.gov
Civil Case Management Conference Center
613 City Hall
Philadelphia PA 19107

6. This conference will be conducted by a Civil Case Manager who shall act on behalf of the Honorable GWENDOLYN BRIGHT.

7. Counsel must be prepared to address all relevant issues concerning venue, service of process, pleadings, discovery, possible joinder of additional parties, theories of liability or defenses, and damages claimed.

8. At the conclusion of the conference a Case Management Order shall be entered which shall govern the case.

9. If the case settles prior to the conference, electronically file a settlement letter. To file the letter electronically, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Settlement Letter" as the document type.

10. Please direct any questions concerning this Order and its contents to CivilCaseManagement@courts.phila.gov or to 215-686-5135 or 215-686-3710.

11. Click the following link to access important documents related to the scheduled event:
http://www.courts.phila.gov/pdf/forms/civil/CMC-105.pdf

OFFICE OF THE DEPUTY
COURT ADMINISTRATOR

**<u>Tab 22</u>**

**PAX LEGAL, LLC**
By: Neil M. Hilkert, Esq.
Lida L. Bonner, Esq.
Attorney I.D. Nos. 44696 & 83985
600 W. Germantown Ave.
Suite # 400
Plymouth Meeting, PA 19462
(610) 940-1663 TEL
*neil@paxlegalllc.com*
*lida@paxlegalllc.com*

*Counsel for Plaintiff*
Edwin Leon

*Filed and Attested by the Office of Judicial Records 28 NOV 2023 02:28 pm B. MERCEDES*

| | | |
|---|---|---|
| **EDWIN LEON** | : | **COURT OF COMMON PLEAS** |
| *Plaintiff,* | : | **PHILADELPHIA COUNTY, PA** |
| v. | : | |
| | : | **CIVIL ACTION** |
| **CHEYENNE GOODMAN, et al** | : | |
| | : | **NO. 230400452** |
| *Defendants,* | : | |

## CERTIFICATE OF SERVICE

    I, NEIL M. HILKERT, ESQ. counsel for Plaintiff, Edwin Leon, hereby certify that I caused a true and correct copy of the foregoing ***Praecipe to Reissue Writ of Summons*** and ***Re-Issued Writ of Summons*** to be served on this date, via first class mail and/or via e-mail, upon the following:

Cheyenne Goodman
Cheyenne.a.goodman@gmail.com

Nehama L. Hanoch
101 W. 10th Street, Apartment 107
Wilmington, DE  19801

Roxanne Eastes
209 Becker Avenue
Wilmington, DE  19804

**PAX LEGAL, LLC**

Dated:  November 28, 2023                    By:  _____
                                                                    Lida L. Bonner, Esq.
                                                                    Neil M. Hilkert, Esq.
                                                                    ***Counsel for Plaintiff,***
                                                                    **Edwin Leon**

**Tab 23**

**PAX LEGAL, LLC**
By: Neil M. Hilkert, Esq.
Lida L. Bonner, Esq.
Attorney I.D. Nos. 44696 & 83985
600 W. Germantown Ave.
Suite # 400
Plymouth Meeting, PA 19462
(610) 940-1663 TEL
*neil@paxlegalllc.com*
*lida@paxlegalllc.com*

*Counsel for Plaintiff*
Edwin Leon *Filed and Attested by the Office of Judicial Records 28 NOV 2023 02:43 pm B. MERCEDES*

| | | | |
|---|---|---|---|
| **EDWIN LEON** | : | **COURT OF COMMON PLEAS** |
| *Plaintiff,* | : | **PHILADELPHIA COUNTY, PA** |
| **v.** | : | |
| | : | **CIVIL ACTION** |
| **NEHAMA HANOCH, et al** | : | |
| | : | **NO. 230400452** |
| *Defendants,* | : | |

## CERTIFICATE OF SERVICE

I, NEIL M. HILKERT, ESQ. counsel for Plaintiff, Edwin Leon, hereby certify that I caused a true and correct copy of the foregoing *Plaintiffs Request for Production of Documents* to be served on November 21, 2023, via first class mail, upon the following:

| | |
|---|---|
| Nehama L. Hanoch<br>101 W. 10th Street<br>Apartment 107<br>Wilmington, DE 19801 | Cheyenne Goodman<br>101 W. 10th Street<br>Apartment 1213<br>Wilmington, DE 19801 |
| Roxanne Eastes<br>209 Becker Ave<br>Wilmington, DE 19804 | |

**PAX LEGAL, LLC**

Dated:  November 21, 2023                    By:  *Neil M. Hilkert*

Lida L. Bonner, Esq.
Neil M. Hilkert, Esq.
*Counsel for Plaintiff,*
**Edwin Leon**

**Tab 24**

**PAX LEGAL, LLC**
By: Neil M. Hilkert, Esq.
Lida L. Bonner, Esq.
Attorney I.D. Nos. 44696 & 83985
600 W. Germantown Ave.
Suite # 400
Plymouth Meeting, PA 19462
(610) 940-1663 TEL
*neil@paxlegalllc.com*
*lida@paxlegalllc.com*

*Counsel for Plaintiff*
Edwin Leon **Filed and Attested by the
Office of Judicial Records
28 NOV 2023 02:45 pm
B. MERCEDES**

| | | |
|---|---|---|
| **EDWIN LEON** | : | **COURT OF COMMON PLEAS** |
| *Plaintiff,* | : | **PHILADELPHIA COUNTY, PA** |
| v. | : | |
| | : | **CIVIL ACTION** |
| **NEHAMA HANOCH, et al** | : | |
| | : | **NO. 230400452** |
| *Defendants,* | : | |

### CERTIFICATE OF SERVICE

    I, NEIL M. HILKERT, ESQ. counsel for Plaintiff, Edwin Leon, hereby certify that I caused a true and correct copy of the foregoing *Plaintiffs First Request for Admissions* to be served on November 21, 2023, via first class mail, upon the following:

| | |
|---|---|
| Nehama L. Hanoch<br>101 W. 10th Street<br>Apartment 107<br>Wilmington, DE 19801 | Cheyenne Goodman<br>101 W. 10th Street<br>Apartment 1213<br>Wilmington, DE 19801 |
| Roxanne Eastes<br>209 Becker Ave<br>Wilmington, DE 19804 | |

**PAX LEGAL, LLC**

Dated:  November 21, 2023      By:  _____

                                 Lida L. Bonner, Esq.
                                 Neil M. Hilkert, Esq.
                                 *Counsel for Plaintiff,*
                                 **Edwin Leon**

**Tab 25**

EDWIN LEÓN,        )

             )

    Plaintiff,     )

             )

   v.         )  IN THE COURT OF COMMON PLEAS

             )  PHILADELPHIA COUNTY, PA

NEHAMA HANOCH     )

             )  CIVIL ACTION

and           )

             )  No. 230400452

CHEYENNE GOODMAN   )

             )

and           )

             )

ROXANNE EASTES,    )

             )

    Defendants.   )

*Filed and Attested by the Office of Judicial Records 30 NOV 2023 09:18 pm S. GILLIAM*

## ENTRY OF APPEARANCE OF SELF-REPRESENTED PARTY, NEHAMA L. HANOCH, PURSUANT TO PA.R.C.P. 1930.8

  I, Nehama L. Hanoch, Defendant, represent myself in the above-captioned matter. I understand that I am under a continuing obligation to provide current contact information to the Court, to other self-represented parties, and to the attorneys of record.

  All pleadings and legal papers in this matter can be served upon me electronically via email at hanoch.nehama@gmail.com.

Dated: November 30, 2023     */s/ Nehama L. Hanoch*
                Nehama L. Hanoch
                1701 Pennsylvania Avenue NW
                12th Floor
                Washington, DC 20006
                hanoch.nehama@gmail.com
                Tel: (732) 853-2438

                *Defendant*

| | |
|---|---|
| EDWIN LEÓN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | IN THE COURT OF COMMON PLEAS |
| ) | PHILADELPHIA COUNTY, PA |
| NEHAMA HANOCH ) | |
| ) | CIVIL ACTION |
| and ) | |
| ) | No. 230400452 |
| CHEYENNE GOODMAN ) | |
| ) | |
| and ) | |
| ) | |
| ROXANNE EASTES, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, Nehama L. Hanoch, hereby certify that on this 30th day of November 2023, a true and correct copy of the attached Entry of Appearance of Self-Represented Party, Nehama L. Hanoch, was served via email upon the following parties:

Cheyenne A. Goodman
cheyenne.a.goodman@gmail.com

Thomas D. Bielli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
tbielli@bk-legal.com

Lida Bonner, Esquire
Pax Legal, LLC
600 W. Germantown Pike,
Suite 400
Plymouth Meeting, PA 19462
lida@paxlegalllc.com

Niel Hilkert, Esquire
Pax Legal, LLC
600 W. Germantown Pike,
Suite 400
Plymouth Meeting, PA 19462
neil@paxlegalllc.com

Dated:  November 30, 2023

/s/ Nehama L. Hanoch
Nehama L. Hanoch
1701 Pennsylvania Avenue NW
12th Floor
Washington,  DC 20006
hanoch.nehama@gmail.com

Tel: (732) 853-2438

*Defendant*

**Tab 26**

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA TRIAL DIVISION - CIVIL**

*Filed and Attested by the Office of Judicial Records 06 DEC 2023 11:55 am N. SWEENEY*

Edwin Leon,

　　　　Plaintiff

　　　　v.

Cheyenne Goodman, *et al.*,

　　　　Defendants.

Civil Action Docket No. 230400452

## CHEYENNE GOODMAN'S VERIFICATION OF HER
## EMERGENCY MOTION FOR PROTECTIVE ORDER

Cheyenne Goodman ("Ms. Goodman") verifies that she is empowered to sign this Verification on her own behalf, and she further verifies that she has sufficient knowledge or information based upon her own investigation of the matters set forth in *Defendant Cheyenne Goodman's Emergency Motion for Protective Order* (the "Motion") to make this Verification, and that the facts set forth in the Motion are true and correct to the best of her knowledge, information, and belief.

This Verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Dated: December 6, 2023

　　　　*/s/ Cheyenne A. Goodman*
　　　　Cheyenne A. Goodman
　　　　Email: cheyenne.a.goodman@gmail.com
　　　　Tel: (215) 688-0158

　　　　*Defendant.*

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA TRIAL DIVISION - CIVIL**

| | |
|---|---|
| Edwin Leon,<br><br>        Plaintiff<br><br>        v.<br><br>Cheyenne Goodman, *et al*.,<br><br>        Defendants. | Civil Action Docket No. 230400452 |

**NOTICE OF DEFENDANT CHEYENNE GOODMAN'S**
**EMERGENCY MOTION FOR PROTECTIVE ORDER**

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in Support of Defendant Cheyenne Goodman's Emergency Motion for Protective Order in the above-captioned action, Defendant Cheyenne Goodman will move this Court for an order, substantially in the form attached thereto, directing that she does not need to respond to any of the Plaintiff's pre-complaint discovery requests, pursuant to Rules 4003.8 and 4012 of the Pennsylvania Rules of Civil Procedure.

Dated: December 6, 2023

*/s/ Cheyenne A. Goodman*
Cheyenne A. Goodman
Email: cheyenne.a.goodman@gmail.com
Tel: (215) 688-0158

*Defendant.*

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA TRIAL DIVISION - CIVIL**

| | |
|---|---|
| Edwin Leon, | |
| Plaintiff | |
| v. | Civil Action Docket No. 230400452 |
| Cheyenne Goodman, *et al*., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHEYENNE GOODMAN'S**
**EMERGENCY MOTION FOR PROTECTIVE ORDER**

Defendant Cheyenne Goodman ("Ms. Goodman") respectfully requests that this Court enter a protective order pursuant to Rules 4003.8 and 4012 of the Pennsylvania Rules of Civil Procedure, protecting Ms. Goodman against Plaintiff, Edwin Leon's (the "Plaintiff," and together with Ms. Goodman, the "Parties"), harassment and further unreasonable annoyance, embarrassment, oppression, burden, and expense. Plaintiff's sweeping discovery requests, including sixty-three (63) requests for admission ("RFA") and twenty-one (21) broad requests for production ("RFPs") (together with the RFAs, the "Requests") are the latest in a series of inappropriate actions Plaintiff has taken against Ms. Goodman. The Requests are unduly broad, burdensome, and serve no purpose other than to further harass Ms. Goodman.[1] Ms. Goodman respectfully requests that this Court grant a protective order and direct the Plaintiff to file a complaint, or in the alternative, direct the Plaintiff to state with particularity how his requested discovery will materially advance the preparation of a complaint. In support of this motion, Ms. Goodman further states as follows:

---

[1] Plaintiff's Requests for Admission, and Requests for Production, are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

## BACKGROUND

I.     *The Delaware PFA Action and the Delaware Discovery Requests*

1.   The factual and procedural history relevant to this motion long predates the filing of the above-captioned action (the "Action").

2.   On January 3, 2023, Ms. Goodman filed a petition for Protection from Abuse (the "Petition") in the Delaware Family Court (the "Delaware Court") against the Plaintiff (hereinafter, the "Delaware PFA Action") related, among other things, to several acts of abuse the Plaintiff committed against her on December 16, 2022-December 17, 2022.[2]

3.   On April 12, 2023,  the Plaintiff filed a cross-petition (the "Cross-Petition") against Ms. Goodman in the Delaware PFA Action, related, in part, to the events between December 16 2022, to December 17, 2022.

4.   Though there is not yet a complaint in this Action, the Plaintiff's discovery requests and previously filed case management memorandum make plain that this Action relates to the events of December 16, 2022-December 17, 2022.[3]

5.   The Plaintiff engaged in extensive discovery  in the Delaware PFA Action related to both the Petition and the Cross-Petition.

6.   The Plaintiff's requests for production in the Delaware PFA Action (the "Delaware Discovery Requests") elicited numerous documents and communications which the Plaintiff now again seeks in his Requests.

7.   Further, on March 15, 2023–two weeks before filing this action–the Plaintiff, through Kara Swasey ("Attorney Swasey"),  his counsel in the Delaware PFA Action, deposed Ms.

---

[2] The file number for the Delaware PFA Action is CN23-01005.
[3] This Case Management Memorandum is attached hereto as **Exhibit C**.

Goodman.   During that deposition, Attorney Swasey asked Ms. Goodman several questions which mirror the RFAs, for example:

○   Attorney Swasey asked Ms. Goodman when she met the Plaintiff.  RFA Number 1 asks Ms. Goodman to admit or deny "You met the Plaintiff, Edwin Leon, sometime between January and March of 2022."

○   Attorney Swasey asked Ms. Goodman whether Ms. Goodman was in a BDSM relationship with the Plaintiff, and whether those acts were consensual.  RFA number 3 asks Ms. Goodman to admit or deny "You and the Plaintiff, Edwin Leon, engaged in consensual acts of BDSM."

○   Attorney Swasey asked Ms. Goodman if she wanted to engage in a "Harry Potter rape fantasy" with the Plaintiff.  RFA number 18 asks Ms. Goodman to admit or deny "You did not tell Nehama Hanoch that You had violent sexual fantasies, including a Harry  Potter rape fantasy."

8.   The Plaintiff also issued several third-party subpoenas for production of documents and depositions in the Delaware PFA Action, including subpoenas directed to Defendant Roxanne Eastes and Defendant Nehama Hanoch.[4]

9.   Finally, during a four-day trial in the Delaware PFA Action Attorney Swasey had, and took, the opportunity to cross-examine Ms. Goodman *twice*.

10. On June 13, 2023 the Delaware Court entered the Order of Protection from Abuse (the "PFA Order") for Ms. Goodman against the Plaintiff, and denied the Plaintiff's Cross-Petition

---

[4] Overall, Plaintiff subpoenaed Ms. Goodman's parents, her former college roommate, the law firm she works at (Young, Conaway, Stargatt & Taylor, LLP), and nine members of the Delaware bar.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

(the "Cross-Petition Order").   On August 31, 2023 the Delaware Court issued a supplemental order (the "Opinion"), which provided the Delaware Court's findings.[5]

11. The Opinion found that the Plaintiff's abuse against Ms. Goodman amounted to "Sexual Extortion," a Class E felony under Delaware law.   The Delaware Court found that, among the Plaintiff's several threats against Ms. Goodman, "[the Plaintiff] engaged in sexual contact with [Ms. Goodman] in a coercive manner.  [The Plaintiff] had threatened: (1) to file criminal charges against [Ms. Hanoch] in Pennsylvania; (2) to report [Ms. Hanoch] to the bar authorities in Delaware (presumably the Office of Disciplinary Counsel) . . . [the Plaintiff] threatened [Ms. Goodman] to execute an affidavit.  After the sexual contact, [the Plaintiff] gave [Ms. Goodman] a deadline to accede to his demands . . . [the Plaintiff] threatened further conduct that would have subjected [Ms. Hanoch] to criminal charges and/or bar disciplinary proceedings. [The Plaintiff] also threatened to sue Ms. Hanoch . . . In total, [the Plaintiff's] threats would satisfy the elements of Sexual Extortion."[6]

12. In the Opinion, the Delaware Court catalogued the Plaintiff's "absurd," "concerning," "frivolous," and "utterly unbelievable" claims, as well as his potentially frivolous filings.[7] Similarly, the Delaware Court was forced to remind the Plaintiff of his professional responsibilities on the record several times.[8]

13. The Delaware Court granted Ms. Goodman much-needed protection, and in retaliation the Plaintiff is now following through on his threats.

II.      *History of this Action and the Requests*

---

[5]  The Opinion is attached hereto as **Exhibit D**.  On November 19, 2023 Ms. Goodman emailed Lida Bonner and Neil Hilkert–attorneys for the Plaintiff in this Action–courtesy copies of the PFA Order, the Cross-Petition Order, and the Opinion.
[6] *See* Exhibit D, at 47-48.
[7]*See* Exhibit D, at 43-44 (relating to the Plaintiff's various false claims of wrongdoing on the part of Ms. Goodman, Ms. Goodman's father, and Ms. Hanoch).
[8]  *See e.g.,* Exhibit D, at 44 n.87, n. 88 (the Delaware Court citing the Rules of Professional Conduct Rule 3.3 Candor Toward the Tribunal, and 3.1 Meritorious Claims and Contentions, respectively, in relation to the Plaintiff's filings).

14. On March 31, 2023, while the Delaware PFA Action was still ongoing, the Plaintiff filed this Action.

15. The Plaintiff served the Writ and the Discovery Requests on Ms. Goodman on or about November 21, 2023.[9]

16. On November 28, 2023, Ms. Goodman filed a Praecipe to File Complaint.  To date, no complaint has been filed.

17. On December 2, 2023, and again on December 4, 2023, Ms. Goodman emailed Plaintiff's counsel requesting a meet and confer related to the Requests.  Plaintiff's counsel refused.

## QUESTIONS BEFORE THE COURT

18.  Whether the Plaintiff's Requests are unnecessary and immaterial to Plaintiff drafting his Complaint such that Ms. Goodman should not be required to respond to them?

**SUGGESTED ANSWER:** Yes.

19. Whether the Plaintiff's Requests would cause unreasonable annoyance, embarrassment, oppression, burden, and expense such that Ms. Goodman should not be required to respond to them?

**SUGGESTED ANSWER:** Yes

## LEGAL STANDARD

20. Under the Pennsylvania Rules of Civil Procedure (the "Rules") "[u]pon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense."  Pa.R.C.P. No. 4012(a).

---

[9] At some point in this Action Plaintiff also served a subpoena upon the Plymouth Meeting Police Department, which he failed to notice to Ms. Goodman.  When confronted with this fact, Plaintiff's counsel averred that Ms. Goodman could not be noticed because of the PFA Order, which restricts the Plaintiff from further abuse against Ms. Goodman, but does not excuse him from compliance with the Rules of this Court.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

21. Further, a plaintiff is permitted to obtain pre-complaint discovery *only* "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." Pa.R.C.P. No. 4003.8(a).

22. The Supreme Court of Pennsylvania has outlined a two-prong test for evaluating the propriety of pre-complaint discovery requests: a plaintiff may *only* obtain pre-complaint discovery if he can demonstrate (i) his good faith; and (ii) probable cause that the information sought is both material and necessary to the filing of a complaint in a pending action. *McNeil v. Jordan*, 586 Pa. 413, 440, 894 A.2d 1260, 1276 (2006).

23. The *McNeil* Court held, "it must be the case that, in seeking pre-complaint discovery, the [plaintiff] can set forth probable cause that, based on facts known to him, the evidence sought prior to the filing of a complaint will support a cognizable cause of action pursuant to existing or developing Pennsylvania law." *Id.* The Court further clarified that "pre-complaint discovery is a means to the specific end of gathering *sufficient* information for the filing of a complaint, *and* is *only* appropriate where there is probable cause to believe it will achieve that end." *Id.* at 1278. And, the Court further cautioned "[u]nder no circumstances should a plaintiff be allowed to embark upon a 'fishing expedition[.]'" *Id.*

24. In deciding this motion, the Court "shall weigh the importance of the discovery request against the burdens imposed on any person or party from whom the discovery is sought." Pa.R.C.P. No. 4003.8(b).

## ARGUMENT

1. This Court should grant the instant motion because the Plaintiff has not, and cannot, meet the standard under Rule 4003.8 and *McNeil* because (i) he is already in possession of most of the

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

information he seeks; (ii) his Requests are intended exclusively to further annoy, embarrass, harass, oppress, and abuse Ms. Goodman; and (iii) his Requests are unreasonably burdensome and no more than a mere fishing expedition.

2.    First, the Plaintiff's Requests seek information already in his possession from several rounds of discovery in the Delaware PFA Action.  The Plaintiff's Requests make plain that his claims against Ms. Goodman relate to the events of December 16, 2022-December 17, 2022. Ms. Goodman has already produced documents to the Plaintiff related to those events because they were the subject of the Delaware PFA Action. Indeed, the Plaintiff requests documents he himself produced and admitted as evidence in the Delaware PFA Action (all text messages ever sent between Ms. Goodman and the Plaintiff).  Another round of duplicative discovery is unnecessary to the preparation of a complaint and unduly burdensome to Ms. Goodman.

3.    The Plaintiff's requests for admissions are similarly inappropriate.  As shown above, the Plaintiff substantially copied the questions Attorney Swasey asked Ms. Goodman under oath in the Delaware PFA Action, both during deposition and trial.  The Plaintiff is in possession of the trial and deposition transcripts from the Delaware PFA Trial.

4.    Ms. Goodman provided several hours of testimony in the Delaware PFA Action–both during deposition and trial–where Attorney Swasey thoroughly questioned her.  The Plaintiff has access to the transcripts from the trial and deposition in the Delaware PFA Action and he and his counsel can review Ms. Goodman's answers in preparation for a complaint in this Action.[10]

5.    Further, the Plaintiff has had *eight months* to gather information in preparation for his complaint, including speaking with any witnesses and reviewing the record and documents

---

[10] Further, Plaintiff's pre-complaint discovery is inappropriate in light of his sworn testimony in the Delaware Court that his claims related to the events of December 16-17, 2022, are true.  He cannot now make a legitimate argument that he needs this pre-complaint discovery to support the statements he has already sworn to in the Delaware PFA Action.  For example, Plaintiff swore that Ms. Hanoch struck the plaintiff on December 17, 2022, yet RFA 32 asks that Ms. Goodman admit or deny that "In the early morning hours of December 17, 2022, Nehama Hanoch struck the Plaintiff, Edwin León."

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

produced in the Delaware PFA Action.  Indeed, the Plaintiff's texts–produced to Ms. Goodman in the Delaware PFA Action–make plain that the Plaintiff began investigating Ms. Goodman as early as December 2022, and has had his complaint prepared for at least 11 months.  Plaintiff even went so far as to claim that his attorney felt his claims were a "slam dunk" and volunteered to take his case on full contingency.  Further, Plaintiff has access to several video recordings of the events on December 16-17, 2022 which were produced in the Delaware PFA Action and admitted as evidence in the Delaware PFA Action.  Plaintiff has the information he wants to prepare his retaliatory complaint, has had ample time to do so, and has already admitted to having substantially completed the preparation of his complaint.  The Court should reject the Plaintiff's bad faith gamesmanship.

6.  Second, Plaintiff cannot show probable cause for many of his Requests because the information he seeks is not evidence that could "support a cognizable cause of action pursuant to existing or developing Pennsylvania law."  *See McNeil*, 894 A.2d at 1276.  For example, RFP 20 seeks "The curriculum vitae of all persons retained by You as an expert witness in this matter, whether or not you intend to present such expert witness to testify at trial, including but  not limited to persons retained as consulting experts."  Not only does this request fail to help Plaintiff find evidence to support a claim, without knowledge of Plaintiff's allegations Ms. Goodman has no way of knowing which experts, if any, she may use at trial.  Plaintiff also seeks to have Ms. Goodman admit or deny that she has been a victim of a prior sexual assault, and that she has legally changed her name.  These Requests cannot possibly help Plaintiff find evidence necessary to support any claim; they only serve to harass and humiliate Ms. Goodman.  Several of Plaintiff's other RFAs clearly serve no purpose other than to annoy, embarrass, and harass Ms. Goodman.  For example:

a. "57. You engaged in sexual acts with other YCST attorneys other than Plaintiff prior the  December 16, 2022 – December 17, 2022 Outing."

b. "22. You did not tell Your YCST colleagues that You had engaged in a consensual BDSM  relationship with the Plaintiff, Edwin León."

c. "50. You testified truthfully in Your March 15, 2023, Deposition."

d. "51. You testified truthfully in Your testimony in the PFA Hearing."

7.   Third, Plaintiff's bad faith discovery requests, and this entire Action, are intended to "merely harass" and "maliciously injure" Ms. Goodman and the other defendants in retaliation for Ms. Goodman's pursuit of a PFA against him.  *See McNeil*, 894 A.2d at 1276 (citing 42 Pa.C.S. § 8352).   Plaintiff can have no other reason for demanding information from Ms. Goodman that he already has, or which cannot aid him in preparing his complaint, outside of his unsettling need to continue to stalk and monitor Ms. Goodman.

8.   Fourth, Plaintiff's discovery requests are overly broad and unduly burdensome, especially at this point in the litigation where a complaint has yet to be filed.  *See McNeil*, 894 A.2d 1278 ("Under no circumstance should a plaintiff be allowed to embark upon a 'fishing expedition,' or otherwise rely on an amorphous discovery process to detect a cause of action he lacks probable cause to anticipate prior to the pre-complaint discovery process under this standard."); *see also* Pa.R.C.P. No. 4003.8(a).   Plaintiff impermissibly seeks nearly two years worth of communications across several platforms between Ms. Goodman and: (i) her parents; (ii) her friends; (iii) her coworkers; (iv) two police departments; (v) a court; (vi) the Delaware Board of Bar Examiners; (vii) the Plaintiff (which is readily in the Plaintiff's possession, and in fact all of the text messages between the parties, nearly 500 pages, have been admitted to the record in the Delaware PFA Action); and (viii) her employer, the law firm Young Conaway Stargatt & Taylor, LLP.  Further, the Plaintiff's Request seek information that is privileged (for example, any and all of Ms. Goodman's communication's with several of her coworkers, and her law-firm employer,

which necessarily includes client-related and privileged communications). If Ms. Goodman is required to respond to the Requests, she would be forced to bear the additional burden of conducting a privilege review of the extensive information the Plaintiff is requesting, and creating a privilege log.

9. The Court should reject Plaintiff's request to go on this hunting expedition, especially given the Plaintiff's history of coercive abuse and extortion against Ms. Goodman. *See McNeil*, 894 A.2d at 1274 (2006) ("[W]e also recognize the dangers of unconfined pre-complaint discovery. Indeed, the risks of implementing discovery standards that are too permissive are effectively articulated in the above caselaw and enumerated in the rules governing discovery, which grant courts wide discretion to deny discovery where it is sought in bad faith; would cause the party against which it is sought unreasonable annoyance, embarrassment, oppression, burden, or expense; or would entail unreasonable investigation.").

10. Accordingly, based on the above, the Court should grant Ms. Goodman a protective order to prevent the Plaintiff from further abusing her through his Requests.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Ms. Goodman respectfully requests that this Court enter an order, substantially in the form attached hereto, directing that she does not need to respond to any of the Plaintiff's Requests.

Dated: December 6, 2023

*/s/ Cheyenne A. Goodman*
Cheyenne A. Goodman
Email: cheyenne.a.goodman@gmail.com
Tel: (215) 688-0158

*Defendant.*

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA TRIAL DIVISION - CIVIL**

| | |
|---|---|
| Edwin Leon, | |
| Plaintiff | |
| v. | Civil Action Docket No. 230400452 |
| Cheyenne Goodman, *et al*., | |
| Defendants. | |

## ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of Defendant Cheyenne Goodman's Emergency Motion for Protective Order (the "Motion") , and any response thereto, the Motion is GRANTED and it is hereby ORDERED that Defendant Cheyenne Goodman is not required to respond to the Plaintiff's Request for Production of Documents and Plaintiff's First Request for Admissions that are attached to the Motion as Exhibits A and B without further order of the Court.

BY THE COURT:

_____
JUDGE

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA TRIAL DIVISION - CIVIL**

| | |
|---|---|
| Edwin Leon, | |
| Plaintiff | |
| v. | Civil Action Docket No. 230400452 |
| Cheyenne Goodman, *et al.*, | |
| Defendants. | |

## DEFENDANT CHEYENNE GOODMAN'S CERTIFICATION OF GOOD FAITH

The undersigned Movant hereby certifies and attests that I have made good faith but unsuccessful efforts described below to contact counsel to the Plaintiff in an effort to resolve this discovery dispute.

*Description*: The Movant contacted Plaintiff's counsel, Lida Bonner and Neil Hilkert, by email on December 2, 2023, and on December 4, 2023. The correspondence outlined the grounds set forth herein with requests (i) to meet and confer regarding the pre-complaint discovery requests, and (ii) that Plaintiff's counsel set forth the reasons they feel the requested discovery is necessary and material to the preparation of a complaint. The Plaintiff's counsel refused to answer Ms. Goodman's inquiry, and ignored Ms. Goodman's request for a meet and confer.

Dated: December 6, 2023

/s/ Cheyenne A. Goodman
Cheyenne A. Goodman
Email: cheyenne.a.goodman@gmail.com
Tel: (215) 688-0158

*Defendant.*

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA TRIAL DIVISION - CIVIL**

| | |
|---|---|
| Edwin Leon, | |
| Plaintiff | |
| v. | Civil Action Docket No. 230400452 |
| Cheyenne Goodman, *et al*., | |
| Defendants. | |

<u>**CERTIFICATE OF SERVICE**</u>

I, Cheyenne A. Goodman, hereby certify that on this 6th day of December 2023, a true and correct copy of the attached Emergency Motion for Protective Order was served by email upon:

Nehama L. Hanoch
hanoch.nehama@gmail.com
Tel: (732) 853-2438

Thomas D. Bielli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
tbielli@bk-legal.com
Tel: (215) 642-8271

Lida Bonner, Esquire
*lida@paxlegalllc.com*
Pax Legal, LLC
600 W. Germantown Pike,
Suite 400
Plymouth Meeting, PA 19462

Niel Hilkert, Esquire
*neil@paxlegalllc.com*
Pax Legal, LLC
600 W. Germantown Pike,
Suite 400
Plymouth Meeting, PA 19462

Dated: December 6, 2023

*/s/ Cheyenne A. Goodman*
Cheyenne A. Goodman
Email: cheyenne.a.goodman@gmail.com
Tel: (215) 688-0158

*Defendant.*

**EXHIBIT A**
**Plaintiff's RFAs**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**PAX LEGAL, LLC**
By:  Neil M. Hilkert, Esq.
    Lida L. Bonner, Esq.
Attorney I.D. Nos. 44696 & 83985
600 W. Germantown Ave.
Suite # 400
Plymouth Meeting, PA 19462
(610) 940-1663 TEL
*neil@paxlegalllc.com*
*lida@paxlegalllc.com*

*Counsel for Plaintiff,*
Edwin León

| | | |
|---|---|---|
| **EDWIN LEÓN,** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY, PA** |
| *Plaintiff,* | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **CASE ID NO. 230400452** |
| **NEHAMA HANOCH,** *et al.* | : | |
| | : | |
| *Defendants* | : | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### DIRECTED TO DEFENDANT, CHEYENNE GOODMAN

Pursuant to Pennsylvania Rule of Civil Procedure 4014, Plaintiff, Edwin León (the

"Plaintiff"), by and through his undersigned counsel, PAX Legal, LLC, hereby requests that the

Defendant, Cheyenne Goodman (the "Defendant"), make the following admissions, for purposes

of the pending action only, and subject to all pertinent objections as to relevancy which may be

made at the time of trial in this case.

Pursuant to Pennsylvania Rule of Civil Procedure 4014(b), each Request for Admission

and the matters contained therein will be considered admitted unless, within thirty (30) days after

service of the Request, the Defendant serves upon counsel for Plaintiff answers verified by the

Defendant or objections signed by the Defendant or his counsel.

## DEFINITIONS AND INSTRUCTIONS

1.      The term "You" or "Your" or "Defendant" refers to the responding party, any entities owned or co-owned by the responding party, and to its past and present agents, attorneys, servants, employees, representatives and any other persons or entities acting for or on behalf of the responding party.

2.      The term "YCST" refers to the law firm of Young, Conaway, Stargatt and Taylor, LLP.

3.      The term "PFA" refers to the Protection From Abuse Order filed by Cheyenne Goodman against the Plaintiff, Edwin León, in Delaware Family Court sometime in January of 2023.

4.      The term "December 16, 2022 – December 17, 2022 Outing" refers to the dinner and bar hopping in which You, Cheyenne Goodman, the Plaintiff, Edwin León, and various other members of YCST and their friends went to dinner and then two several bars in Philadelphia, Pennsylvania starting in the evening of December 16, 2022 and ending in the early morning hours of December 17, 2022.

5.      The term "Sexting" refers to communications via text message or other forms of social media communication, such as SnapChats, that are sexual in nature.

6.      These Requests for Admission encompass all information, documents, and records that are in the possession, control or custody of the Defendant or any of its employees, agents, servants, assigns, representatives and attorneys.

7.      If any objections are made to any Requests for Admissions, the reasons therefore shall be stated.

8.      A denial shall fairly meet the substance of the Request for Admission, and when good faith requires that Defendant qualify its answer or deny only a part of the matter of which an admission is requested, Defendant should specify as much of it as is true and qualify or deny the remainder.

9.      If there is any claim of privilege relating to any Request for Admission, Defendant shall set forth fully the basis for the claim of privilege, including the facts upon which Defendant is relying to support the claim of privilege, in sufficient detail to permit the Court to rule on the propriety of the privilege.

10.     If any information sought in these Requests for Admissions is withheld based on a claim of privilege, please provide a statement of the claim or privilege and all facts relied on in support of that claim, including the following:

    a.  The date and medium of communication;

2

    b.   The identity of the persons to such communication;
    c.   The subject matter of the communication;
    d.   The identity of any document that was the subject of such communication, and the present location of such document;
    e.   The identity of any document which records, refers to or relates to such communication, and the present location of such document; and
    f.   The paragraph or paragraphs of this request to which such information is responsive.

11.    If any information is withheld based on a claim that such information constitutes attorney work product, please provide all of the information described above and also identify the litigation in connection with which such information was obtained or prepared.

12.    If Defendant's response to any Request for Admission is not an unqualified admission, the answer shall specifically deny the matter or set forth in detail the reasons Defendant cannot truthfully admit or deny the matter, subject to the provisions of the Pennsylvania Rules of Civil Procedure.

13.    A denial shall fairly meet the substance of the Request for Admission, and when good faith requires that Defendant qualify its answer or deny only a part of the matter of which an admission is requested, Defendant should specify as much of it as is true and qualify or deny the remainder.

14.    Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless it is stated that Defendant has made a reasonable inquiry and that the information known to Defendant, or readily obtainable by Defendant, is insufficient to enable Defendant to admit or deny.

15.    This Request for Admission is continuing in nature, and must be supplemented promptly if Defendant obtain or learn further or different information between the date of the responses and the time of trial, by which Defendant know that a previous response was incorrect when made, or though correct when made, is no longer true.

16.    These requests are deemed continuing in nature and require Defendant to provide supplemental answers or production in accordance with the requirements of Rule 4007.4 of the Pennsylvania Rules of Civil Procedure.

17.    Unless otherwise indicated, the time period to which this Request for Admission is directed is from August 2021 through the present.

## <u>REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANT CHEYENNE GOODMAN</u>

1.   You met the Plaintiff, Edwin León, sometime between January and March of 2022.

3

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

2. You and the Plaintiff, Edwin León, engaged in a sexual relationship between May 2022 and December 17, 2022.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

3. You and the Plaintiff, Edwin León, engaged in consensual acts of BDSM.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

4. You met Nehama Hanoch between January and Match of 2022.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

5. You met Roxanne Eastes met between January and Match of 2022.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

ADMIT _____ DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

6. You claim to have been a prior victim of a sexual assault.

ADMIT _____ DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

7. At some point, You legally changed Your name.

ADMIT _____ DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

8. You interacted with Nehama Hanoch on a day when she was proctoring the July 2022 Delaware Bar Examination.

ADMIT _____ DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

9. You were alarmed when You saw Nehama Hanoch at the 2022 Delaware Bar Examination.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**ADMIT _____   DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

10. You learned that Nehama Hanoch was interested in dating the Plaintiff, Edwin León,

**ADMIT _____   DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

11. You reported misconduct by the Plaintiff to YCST.

**ADMIT _____   DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

12. As of the December 16, 2022 – December 17, 2022, Outing You had failed  to tell Nehama Hanoch, Roxanne Eastes and Your colleagues at YCST about the existence of Your sexual relationship with the Plaintiff, Edwin León.

**ADMIT _____   DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

13. You called Plaintiff Edwin Leon multiple times on December 17, 2022, after the December 16, 2022 – December 17, 2022, Outing.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

14. You attended the December 16, 2022 – December 17, 2022 Outing in Philadelphia, Pennsylvania.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

15. At the December 16, 2022 – December 17, 2022 Outing, You failed to tell Nehama Hanoch that You told the Plaintiff, Edwin León that you "want to have sex with [Plaintiff] right now."

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

16. At the December 16, 2022 – December 17, 2022 Outing, You told Nehama Hanoch that You were uncomfortable with the Plaintiff, Edwin León.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

17. At the December 16, 2022 – December 17, 2022 Outing, You did not tell Nehama Hanoch that You were Sexting with the Plaintiff, Edwin León throughout the night.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

18. You did not tell Nehama Hanoch that You had violent sexual fantasies, including a Harry Potter rape fantasy.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

19. You did not tell Nehama Hanoch that You had engaged in a consensual BDSM relationship with the Plaintiff, Edwin León.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

20. You did not tell Roxanne Eastes that You had engaged in a consensual BDSM relationship with the Plaintiff, Edwin León.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

21. You did not tell Christopher Lambe that You had engaged in a consensual BDSM relationship with the Plaintiff, Edwin León.


**ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

22. You did not tell Your YCST colleagues that You had engaged in a consensual BDSM relationship with the Plaintiff, Edwin León.


**ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

23. In the early morning hours of December 17, 2022, at the end of the December 16, 2022 – December 17, 2022 Outing, You texted Nehama Hanoch that You were being followed by the Plaintiff, Edwin León.


**ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

24. As a result of the text identified in Request for Admission # 24, above, Nehama Hanoch told You to stay where You were.


**ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

25. In the early morning hours of December 17, 2022, You told Nehama Hanoch that a sexual assault was occurring or would be occurring.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

26. In the early morning hours of December 17, 2022, You told Roxanne Eastes that a sexual assault was occurring or would be occurring.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

27. As a result of the text identified in Request for Admission # 24, above, Nehama Hanoch assaulted the Plaintiff, Edwin León.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

28. As a result of the text identified in Request for Admission # 24, above, Nehama Hanoch struck the Plaintiff, Edwin León.

**ADMIT _____ DENY _____**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

29. As a result of the text identified in Request for Admission # 24, above, Nehama Hanoch scratched the Plaintiff, Edwin León.


**ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

30. As a result of the text identified in Request for Admission # 24, above, Nehama Hanoch threatened the Plaintiff, Edwin León.


**ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

31. In the early morning hours of December 17, 2022, Nehama Hanoch assaulted the Plaintiff, Edwin León.


**ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

32. In the early morning hours of December 17, 2022, Nehama Hanoch struck the Plaintiff, Edwin León.


**ADMIT _____ DENY _____**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

33. In the early morning hours of December 17, 2022, Nehama Hanoch scratched the Plaintiff, Edwin León.

   **ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

34. In the early morning hours of December 17, 2022, Nehama Hanoch threatened the Plaintiff, Edwin León.

   **ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

35. On December 17, 2022, You visited the Plaintiff, Edwin León, at his home in Conshohocken, Pennsylvania.

   **ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

36. On December 17, 2022, You engaged in sexual acts with the Plaintiff, Edwin León, at his home in Conshohocken, Pennsylvania.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**ADMIT _____   DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

37. On December 17, 2022, after leaving the Plaintiff, Edwin León's home in Conshohocken, Pennsylvania You reported the Plaintiff, Edwin León, to YCST.

**ADMIT _____   DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

38. On December 18, 2022, You reported the Plaintiff, Edwin León, to YCST.

**ADMIT _____   DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

39. On December 18, 2022, You met with Joe Barry of YCST.

**ADMIT _____   DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

40. At the December 18, 2022, meeting between You and Joe Barry of YCST, You told Joe Barry of YCST that the Plaintiff, Edwin León, tried to harm someone during the December 16, 2022 – December 17, 2022 Outing.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

41. At the December 18, 2022, meeting between You and Joe Barry of YCST, You told Joe Barry of YCST that the Plaintiff, Edwin León, harmed someone during the December 16, 2022 – December 17, 2022 Outing.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

42. On December 18, 2022, You told Nehama Hanoch that nothing had happened between You and the Plaintiff, Edwin León, during the December 16, 2022 – December 17, 2022 Outing.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

43. On December 18, 2022, Nehama Hanoch told You that You and Ms. Hanoch needed to take action to keep the Plaintiff, Edwin León, from having access to YCST.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

44. You took action on December 18, 2022, to protect Nehama Hanoch from the police report You believed the Plaintiff, Edwin León, would be filing against Ms. Hanoch.


**ADMIT** _____ **DENY** _____


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

45. You took action on December 18, 2022, despite having knowledge that no harm had been threatened during the December 16, 2022 – December 17, 2022 Outing.


**ADMIT** _____ **DENY** _____


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

46. You took action on December 18, 2022, despite having knowledge that no harm had occurred to You during the December 16, 2022 – December 17, 2022 Outing.


**ADMIT** _____ **DENY** _____


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

47. On December 18, 2022, You told Roxanne Eastes that no assault had occurred.


**ADMIT** _____ **DENY** _____


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

48. On December 18, 2022, You stated that all You had was "a feeling" and that the Plaintiff, Edwin León caused you no harm.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

49. On December 18, 2022, You stated that the only thing that the Plaintiff, Edwin León, had done to You was offer to take You home.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

50. You testified truthfully in Your March 15, 2023, Deposition.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

51. You testified truthfully in Your testimony in the PFA Hearing.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

52. During a phone call after the December 16, 2022 – December 17, 2022 Outing You told Plaintiff Edwin León that he did nothing wrong during the December 16, 2022 – December 17, 2022 Outing.


   **ADMIT** _____ **DENY** _____


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**


53. During a phone call after the December 16, 2022 – December 17, 2022 Outing You told Plaintiff Edwin León that you knew he never has and never would harm you.


   **ADMIT** _____ **DENY** _____


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**


54. During a phone call after the December 16, 2022 – December 17, 2022 Outing You told Plaintiff Edwin León that You would correct anyone who thought he had assaulted You.


   **ADMIT** _____ **DENY** _____


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**


55. You told Plaintiff Edwin León that You had a traumatic flashback and wanted space on December 17, 2022.


   **ADMIT** _____ **DENY** _____

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

56. You were aware of attorneys at YCST engaging in sexual relationships prior to the December 16, 2022 – December 17, 2022 Outing.

    **ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

57. You engaged in sexual acts with other YCST attorneys other than Plaintiff prior the December 16, 2022 – December 17, 2022 Outing.

    **ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

58. Other than in your capacity as an employee of YCST, You and YCST have had no attorney client relationship.

    **ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

59. You told YCST and its attorneys that the Plaintiff, Edwin Leon, had not harmed or attempted to harm you during the December 16, 2022 – December 17, 2022 Outing.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

60. You altered text messages between You and the Plaintiff, Edwin Leon, before showing them to others.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

61. On December 17, 2022, You told others you were safe at Your mother's house when you were in fact at the Plaintiff, Edwin Leon's, home.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

62. Plaintiff, Edwin Leon, never stated that he was having a heart attack during the December 16, 2022 – December 17, 2022, Outing.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

63. You attempted to obtain a PFA in Pennsylvania.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

**PAX LEGAL, LLC**

Dated: <u>November 21, 2023</u>                    By: _____

                                             Lida L. Bonner, Esquire
                                             Neil M. Hilkert, Esquire
                                             ***Counsel for Plaintiff,***
                                             Edwin León

**EXHIBIT B**
**Plaintiff's RFPs**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**PAX LEGAL, LLC**                                    *Counsel for Plaintiff,*
By:  Neil M. Hilkert, Esq.                        Edwin León
     Lida L. Bonner, Esq.
Attorney I.D. Nos. 44696 & 83985
600 W. Germantown Ave.
Suite # 400
Plymouth Meeting, PA 19462
(610) 940-1663 TEL
*neil@paxlegalllc.com*
*lida@paxlegalllc.com*

---

| | | |
|---|---|---|
| **EDWIN LEÓN,** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY, PA** |
| *Plaintiff,* | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **CASE ID NO. 230400452** |
| **NEHAMA HANOCH,** *et al.* | : | |
| | : | |
| *Defendants* | : | |

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, CHEYENNE GOODMAN

Pursuant to Pa.R.C.P. 4009, Plaintiff, Edwin León  (the "Plaintiff"), by and through this

counsel, PAX Legal, LLC, hereby demands Defendant, Cheyenne Goodman (the "Defendant"),

respond to Plaintiff's Request for Production of Documents and Things to be answered in

accordance with Pennsylvania Rules of Civil Procedure, which requires service of response on

Plaintiff's counsel within thirty (30) days after service of these requests.

## DEFINITIONS AND INSTRUCTIONS

1.      The term "You" or "Your" or "Defendant" refers to the responding party, any
entities owned or co-owned by the responding party, and to its past and present agents, attorneys,
servants, employees, representatives and any other persons or entities acting for or on behalf of
the responding party.

2.      The term "YCST" refers to the law firm of Young, Conaway, Stargatt and Taylor,
LLP, and any of its "Employees" as defined below.

3.      The term "December 16, 2022 – December 17, 2022 Outing" refers to the dinner
and bar hopping in which You, Nehama Hanoch, the Plaintiff, Edwin León, and various other
members of YCST and their friends went to dinner and then two several bars in Philadelphia,

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

Pennsylvania starting in the evening of December 16, 2022 and ending in the early morning hours of December 17, 2022.

4.      The term "Communication" and "Communications" shall mean the transmittal of information from January 1, 2022, to Present day (in the form of facts, ideas, inquiries or otherwise, either orally or in writing), including, without limitation, correspondence, packages, conversations, meetings, discussions, telephone calls, text messages, social media messages, telegrams, telexes, telecopies, seminars, conferences, messages, notes, e-mails, and memoranda. The transmission of Documents or things by, among other means, mail, courier, or electronic service of any kind is included within the definitions of "Communications."   Communications shall include "Documents" as defined below.

5.      "The term "Document" and "Documents" shall include electronically stored information ("ESI") and is to be interpreted in its customary, broad sense. It shall not be limited in any way with respect to the process by which any Document was created, generated, or reproduced, or with respect to the medium in which the Document is embodied; and shall include, by way of example and without any limitation, all "Documents," "electronically stored information," or "tangible thing" as described in Rule 34, as well as all "writings," "audio and video recordings," "photographs," "SnapChat messages including writings, audio, video, and picture messages" as defined by the Pennsylvania Rules of Evidence, and any kind of tangible material in any medium of any type, upon which intelligence or information is recorded, or from which intelligence or information can be perceived, whether in writing, recorded, stored, microfilmed, microfiched, photographed, computerized, reduced to electronic or magnetic impulse, or otherwise preserved or rendered. Without limiting the generality of the foregoing, such Documents specifically include, without limitation, all originals, copies and drafts of all letters, notes, memoranda, correspondence, journals, books, telephone slips, telegrams, publications, photographs, microfilm prints, audio recordings, video recordings, social media publications, screenshots, tapes, transcriptions of records and recordings, diaries, transcripts, affidavits, bills, receipts, checks, memoranda of telephone or other conversations by or with any Person(s), written or audio telephone messages, electronic messages of any kind, text messages, electronic mail ("e-mail"), evidence of facsimile transmissions and any other pertinent information not necessarily contained in files pertaining exclusively or directly to this matter. Documents further include, without limitation, materials maintained in electronic, magnetic or other storage media, including those maintained in computers, electronic or magnetic tapes or diskettes, and any on-site or off-site backup or so-called "erased" or "deleted" computer information that may be susceptible to retrieval. A draft or non-identical copy shall be considered a separate Document. Any Document bearing on any sheet or side thereof any marks, such as initials, stamped indicia, comments or notations, or any character, and not a part of the original text or photographic reproduction thereof, shall constitute a separate Document.  This includes documents stored on Icloud or Imessages storage sites.

6.      You are required to produce all non-privileged Documents in Your possession, custody, or control, including, without limitation, information in the possession, custody, or control of any of Your representatives, employees, agents, associates, affiliates, attorneys, investigators, and any other Persons under Your control. If, after a reasonable and diligent search, You discover that You do not have any Documents responsive to a particular Request in Your possession, custody, or control, You must state whether Your inability to produce responsive Documents is because the Documents never existed, were destroyed, or misplaced.

Certification Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

or stolen, and/or never were (or are no longer are) in Your possession custody, or control. You must also state the name and contact information of any Person or organization known or believed by You to have possession, custody, or control of the Documents that are not in Your custody, possession, or control. Each document request herein is continuing and requires prompt supplementary responses if further responsive documents are subsequently obtained or discovered by Petitioner or otherwise come into her possession, custody, or control.

7.   "Employee" means, without limitation, current and former officers, directors, executives, managers, sales personnel, secretaries, clerical staff, messengers, architects, contractors, subcontractors, or any other person employed by the Defendant.

8.   "Identify" or "identification" when used in reference to a document means to state the date and author, the custodian of the document, the addressees of the document and those copied on the document, the type of document (e.g., letter, memorandum, chart, etc.) and other means of identifying it, including a brief summary of its contents.  If such document was, but is no longer, in your possession and subject to your control, state its disposition.

9.   "Identify" or "identification" when used in reference to a firm, partnership, corporation, or other entity, means to state its full legal name, any other name(s) under which it conducts its trade or business, the address of its corporate headquarters, the address of its principal place of business, its telephone number, website address, the legal form of the entity and its current officers, directors or chief executive.

10.   "Identify" or "identification" when used in reference to an individual person, means to state that person's full legal name, residence address (designated as current or last known), job title, job description and direct supervisor, dates or employment with you or your company, and business (include extension), home, cellular and mobile telephone numbers (designated as current or last known).

11.   "Exhibit 1" or "instructions" is a list of simple procedures to easily and efficiently retrieve all requested text or cellular service provider information.

12.   If any information requests in this request for documents is withheld based on a claim of privilege, please provide a statement of the claim or privilege and all facts relied on in support of that claim, including the following:

    a.   The date and medium of communication;
    b.   The identity of the persons to such communication;
    c.   The subject matter of the communication;
    d.   The identity of any document that was the subject of such communication, and the present location of such document;
    e.   The identity of any document which records, refers to or relates to such communication, and the present location of such document; and
    f.   The paragraph or paragraphs of this request to which such information is responsive.

3

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

13.     If any information is withheld based on a claim that such information constitutes attorney work product, please provide all of the information described above and also identify the litigation in connection with which such information was obtained or prepared.

14.     Each definition set forth above shall apply to the singular or plural, and to the past, present or future form of each term.

15.     These requests are deemed continuing in nature and require Defendant to provide supplemental answers or production in accordance with the requirements of Rule 4007.4 of the Pennsylvania Rules of Civil Procedure.

16.     In producing documents, you are requested to produce the original of each document requested, together with all non-identical copies and drafts of such document.  If the original of any document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

17.     If any requested document or thing cannot be produced in full, you are to produce it to the extent possible, indicating which document, or portion of such document, is being withheld, and the reason that document, or portion of such document, is being withheld.

18.     Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these requests.

19.     Any documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business.

20.     Any documents shall be produced in the file folder, envelope or other container in which documents are kept and maintained by you.  If for any reason the container cannot be produced, produce copies of any labels or other identifying marks.

21.     Documents shall be produced in such fashion as to identify the department, branch or office in which possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

22.     Documents attached to each other should not be separated.

23.     If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning its loss.

## **DOCUMENT REQUESTS**

1.     Cellular phone records from cellular phone service provider to include call logs, text logs, data logs from January 1, 2022, to present. These items are available for seven (7) years at no cost to the service holder (person using the phone number) by logging into the service provider website and downloading in PDF format with no further wait or request required. (See attached instructions ("Exhibit 1") for instructions to download records).

4

2.    Any and all Communications between You and Nehama Hanoch from January 1, 2022, until present, including, but not limited to, imessages, text messages, social media messages, emails, photos, and videos.  Please produce any text messages or imessages using iMazing or similar software; NOT Screenshots or similar.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

3.    Any and all Communications between You and Roxanne Eastes from January 1, 2022, until present, including, but not limited to, imessages, text messages, social media messages, emails, photos, and videos.  Please produce any text messages or imessages using iMazing or similar software; NOT Screenshots or similar.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

4.    Any and all Communications between You and Emalyn Bartholomew from January 1, 2022, until present, including, but not limited to, imessages, text messages, social media messages, emails, photos, and videos.  Please produce any text messages or imessages using iMazing or similar software; NOT Screenshots or similar.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

5.    Any and all Communications between You and Shannon Meadows Goodman from January 1, 2022, until present, including, but not limited to, imessages, text messages, social media messages, emails, photos, and videos.  Please produce any text messages or imessages using iMazing or similar software; NOT Screenshots or similar.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

6.     Any and all Communications between You and Daniel Goodman from January 1, 2022, until present, including, but not limited to, imessages, text messages, social media messages, emails, photos, and videos.  Please produce any text messages or imessages using iMazing or similar software; NOT Screenshots or similar.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

7.    Any and all Communications between You and Christopher Lambe from January 1, 2022, until present, including, but not limited to, imessages, text messages, social media messages, emails, photos, and videos.  Please produce any text messages or imessages using iMazing or similar software; NOT Screenshots or similar.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

8.    Any and all Communications between You and Plymouth Township Police Department from January 1, 2022, until present, including, but not limited to, imessages, text messages, emails, photos, and videos.  Please produce any text messages or imessages using iMazing or similar software; NOT Screenshots or similar.

Verification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.  This includes any written, audio recorded, video recorded, photos, or other statement produced to the police department.

9.  Any and all Communications between You and the Philadelphia Police Department from January 1, 2022, until present, including, but not limited to, imessages, text messages, social media messages, emails, photos, and videos.  Please produce any text messages or imessages using iMazing or similar software; NOT Screenshots or similar. This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.  This includes any written, audio recorded, video recorded, photos, or other statement produced to the police department.

10. Any and all Communications between You and any Pennsylvania Family Court from January 1, 2022, until present, including, but not limited to, imessages, text messages, social media messages, emails, photos, and videos.  Please produce any text messages or imessages using iMazing or similar software; NOT Screenshots or similar.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.  This includes any written, audio recorded, video recorded, photos, or other statement produced to the court.

11. Any and all Communications between You and the Delaware Board of Bar Examiners and any of their members from January 1, 2022, until present, including, but not limited to, imessages, text messages, social media messages, emails, photos, and videos. Please produce any text messages or imessages using iMazing or similar software; NOT Screenshots or similar.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.  This includes any written, audio recorded, video recorded, photos, or other statement produced to the Board.

12. Copies of any communication(s) between You and the Plaintiff from January 1, 2022 through present.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic Communication.

13. Any and all Communications between You and YCST from January 1, 2022, until present, including, but not limited to, imessages, text messages, social media messages, emails, photos, and videos.  Please produce any text messages or imessages using iMazing or similar software; NOT Screenshots or similar.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

14. Copies of any communication(s) between You and YCST from January 1, 2022 through present that references the Plaintiff.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

15. Copies of any communication(s) between You and YCST from January 1, 2022 through present that references Nehama Hanoch.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

16. Copies of any communication(s) between You and YCST from January 1, 2022 through present that references the December 16, 2022 – December 17, 2022 Outing.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

17. Communications between You and any person/entity pertaining to the December 16, 2023 – December 17, 2022 Outing.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

18. Documents containing the name or other identification of persons who have knowledge of the events pertaining to the December 16, 2022 – December 17, 2022 Outing.

19. Documents and/or Communications relating to Any allegations or reports of injury, abuse, assault, sexual assault, rape, or criminal conduct perpetrated against You or by You against any other: person, friend, sexual partner, boyfriend, girlfriend, husband, wife, mom, dad, parental figure or any other human, living or dead.  This specifically includes the person identified during the Delaware PFA Hearing who allegedly assaulted You in the past.

20. The curriculum vitae of all persons retained by You as an expert witness in this matter, whether or not you intend to present such expert witness to testify at trial, including but not limited to persons retained as consulting experts.

21. The report of all experts retained by You, or on Your behalf, pertaining to the December 16, 2022 – December 17, 2022 Outing.

22. Any documents referenced in Your Answers to Plaintiff's First Set of Request for Admissions.

**PAX LEGAL, LLC**

Dated: <u>November 21, 2023</u>     By: _____

Lida L. Bonner, Esquire
***Counsel for Plaintiff,***
Edwin León

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**EXHIBIT C**
**Plaintiff's Case Management Memorandum**

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

Edwin León

v,

Cheyenne Goodman,

Nehama Hanoch and Roxanne Eastes

:    Court of Common Pleas
:    Civil Division
:
:    Case ID No. 230400452
:

## CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing party: _Edwin León, Esq._    By: _Lida L. Bonner, Esq._ , Esq.

Counsel's address and telephone number (**IMPORTANT**) _____

PAX Legal, LLC

600 W. Germantown Pike, Suite # 400

Plymouth Meeting, PA 19426

# Part A
### *(to be completed in personal injury cases)*

1. Date of accident or occurrence: _December 16th and 17th, 2022_

    1(a). Age of Plaintiff(s): _over 21_

2. Most serious injuries sustained: _____

    See claims which will include Intentional Infliction of Emotional Distress, Negligent Inflication of Emotional Distress,

    Invasion of Privacy, Defamantion and Assault as to the Goodman and Hanoch Defendants, only.

3. Is there any permanent injury claimed?    ☑ Yes    ☐ No

    If yes, indicate the type of permanent injury: _____

    Scar on Plaintiff's face.

4. Dates of medical treatment: _Ongoing_

5. Is medical treatment continuing?    ☑ Yes    ☐ No

6. Has there been an inpatient hospitalization?    ☐ Yes    ☑ No

***This form shall be presented to the Case Manager and copies served upon all parties at
the Case Management Conference by counsel prepared to discuss its contents.***

01-105 (Rev. 10/99) (1)

<span style="color:red">Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323</span>

7.  Has there been any surgery?  ☐ Yes  ☑ No

If yes, indicate the type of surgery: _____

8.  Approximate medical bills to date: $ __TBD_____

Approximate medical bills recoverable in this case: $ __TBD_____

9.  Are there any existing liens (Workers Compensation, DPW, Medical, etc.)?  ☐ Yes  ☑ No

If yes, what type and approximate amount? _____

10. Time lost from work: _____

11. Approximate past lost wages: __TBD_____

12. Is there a claim for future lost earning capacity?  ☑ Yes  ☐ No

If yes, approximate future lost earning capacity: _____

13. Are there any related cases or claims pending?  ☑ Yes  ☐ No

If so, list caption(s) or other appropriate identifier: __Delaware Family Court matter.__

_____

_____

14. Do you anticipate joining additional parties?  ☑ Yes  ☐ No

15. Plaintiff's factual position as to liability: _____

Liability is joint and several for all counts except the Assault Counts, which is brought against the Goodman and Hanoch

Defendants, only.

_____

16. Defense factual position as to liability: __Unknown__

_____

_____

17. Defense position as to causation of injuries alleged: __Unknown__

18. Identify all applicable insurance coverage:

| *Defendant* | *Insurance Carrier* | *Coverage Limits* |
|---|---|---|
| | | |
| | | |
| | | |

Are there issues as to the applicability
of the above insurance coverage:  ☐ Yes  ☐ No

19. Demand: $ __1,000,000.00 plus_____  Offer: $_____

01-105 (Rev. 10/99) (2)

<span style="color:red">Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323</span>

# Part B

### *(to be completed in all cases other than personal injury)*

1. Date of contract of transaction: <u>December 16th and 17th, 2022</u>

2. Is there a writing?  ☑ Yes  ☐ No

   If yes, is there an allegation that the writing does
   not contain the entire agreement of the parties?  ☐ Yes  ☑ No

3. Is the Uniform Commercial Code applicable to this case?  ☐ Yes  ☑ No

4. Describe the nature of the conduct alleged as giving rise to the cause of action:
   <u>See claims which will include Intentional Infliction of Emotional Distress, Negligent Inflication of Emotional Distress,</u>
   <u>Invasion of Privacy, Defamantion and Assault as to the Goodman and Hanoch Defendants, only.</u>

5. State the amount of damages claimed by Plaintiff:

   (a) Direct <u>$1,000,000.00 plus</u>

   (b) Consequential <u>TBD</u>

   (c) Other (specify) <u>TBD</u>

6. Defense position as to alleged nature of conduct giving rise to cause of action and any counterclaim:
   <u>Unknown</u>

7. If there is a counterclaim, state the amount of damages sought:

   (a) Direct <u>N/A</u>

   (b) Consequential <u>N/A</u>

   (c) Other (specify) <u>N/A</u>

8. Identify all applicable insurance coverage:

   | *Defendant* | *Insurance Carrier* | *Coverage Limits* |
   |---|---|---|
   | | | |
   | | | |

9. Demand: $ <u>1,000,000.00 plus</u>      Offer: $ _____

01-105 (Rev. 10/99) (3)

<span style="color:red">Certification Due Date: 12/13/2023<br>Response Date: 12/20/2023<br>Case ID: 230400452<br>Control No.: 23121323</span>

**EXHIBIT D**
**The Delaware Court Opinion**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

# IN THE FAMILY COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| CHEYENNE GOODMAN | ) |
| | ) File No.:  CN23-01005 |
| Petitioner, | ) |
| | ) Petition No.: 23-00029 |
| v. | )                 23-07261 |
| | ) |
| EDWIN LEÓN | ) |
| | ) |
| Respondent. | ) |

---

## COMMISSIONER'S ORDER
## PETITION FOR ORDER OF PROTECTION FROM ABUSE

Patricia Weir, Esq., for Petitioner
Kara Swasey, Esq., for Respondent
Vernon M. Vassallo, Esq. for Respondent

FITZGERALD, C.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

## I.   PROCEDURAL HISTORY

Cheyenne Goodman filed a Petition for Order of Protection from Abuse on January 3, 2023.[1]  Edwin León filed a cross Petition for Order of Protection from Abuse on April 12, 2023.

The Court heard Petitions 23-07261 and 23-07261 on April 26, 2023; May 17, 2023; May 24, 2023; and May 31, 2023.  Witnesses were sequestered at the start of the hearing.  The Court did not complete testimony on April 26, 2023, and ended the hearing after the direct examination and cross examination of Cheyenne Goodman.[2] The Court heard from Cheyenne Goodman, Cynthia Stettner, Emily C. S. Jones, Alex Faris, Timothy Powell, Roxanne Eastes, Christopher Lambe, Nehama Hanoch, and Edwin León.   Counsel for Edwin León filed a Motion to Dismiss on March 27, 2023. Counsel for Cheyenne Goodman filed an Answer to the Motion to Dismiss on April 6, 2023.  The Court consolidated[3] both Petitions for Order of Protection of Abuse and the Motion to Dismiss.[4]  A schedule for written closing arguments was established at the close of evidence along with supplemental briefing/memo on a discovery issue.[5]

---

[1] Ms. Goodman's PFA petition is comprised of at least 6-8 typed, single-spaced pages *in paragraph form* (with some bulleted lists) complete with dates and specific allegations of abuse.

[2] Witnesses who appeared at the courthouse on the first day of trial but did not get a chance to testify were offered the option of Zoom™ testimony.

[3] The Court frequently consolidates cross PFA petitions involving the same parties in the interest of judicial efficiency. In this matter, many of the allegations were based on the 2022 relationship of the parties and the events of December 16-17, 2022.

[4] The Court issued Interim Order(s) after the final temporary *ex parte* order expired.  Counsel for Respondent León was given opportunities to make an application on the record as to whether the Court should issue or extend the Interim Protective order(s). 10 *Del. C.* § 1043 (d); 13 *Del. C.* § 925; *Fam. Ct. Civ. R.* 65.2.

[5] The discovery issue dealt with an inadvertent disclosure of computer file. The last pleading regarding the discovery matter was submitted on July 3, 2023.

## II.    **DISCUSSION**

<u>Motion to Dismiss</u>

Counsel for Edwin León filed a written Motion to Dismiss at the direction of the Court after making an oral motion[6] at the March 17, 2023, hearing.  Counsel for Mr. León alleged that the Court did not have jurisdiction because there was no "substantive dating relationship"[7] between himself and Ms. Goodman.[8]  Mr. León subsequently filed a *pro se* Petition for Order of Protection of abuse (cross petition) alleging there was a substantive dating relationship between himself and Ms. Goodman.

Mr. León and Ms. Goodman engaged in a sexual relationship between June 2022 and December 2022. They both worked at the same law firm, Young, Conway, Stargatt, and Taylor[9] (hereinafter, "YCST") and took a Delaware bar review class.   At some point during their interactions, they both decided to study together. The study sessions were conducted at various places, including Mr. León's residence.  Mr. León took time off from work to study for the bar.   Ms. Goodman also took time off from her YCST internship. Both were not working and spent a considerable amount of time together studying for the bar exam.  Mr. León granted Ms. Goodman access to the residence by giving her keys and her own personal passcode (her birthday) to his alarm system.[10]  Mr. León granted

---

[6] The Court required that a written motion be filed because the oral Motion to Dismiss was made based on a deposition that occurred 2 days prior to trial.  The jurisdictional issue involved the definition of "substantive dating relationship" as defined by statute and caselaw.  10 *Del. C.* § 1041 (2)(b).

[7] "For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between 2 individuals in business or social contexts shall be deemed to constitute a substantive dating relationship. Factors to consider for a substantive dating relationship may include the length of the relationship, or the type of relationship, or the frequency of interaction between the parties."  *Id.*

[8] Ms. Goodman testified during a pre-trial deposition that she did not have a substantive dating relationship with Mr. León.

[9] YCST is not a party to this matter and any stay-away provisions from YCST are based on the standard stay-away (workplace) provisions of most PFA Orders (Form 454).  If Ms. Goodman is no longer employed at YCST, Mr. León may file a Motion to Modify the PFA Order.  10 *Del. C.* § 1045.

[10] Respondent's Exhibit #11 at 50.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

Ms. Goodman permission to be at his residence when he was not there.[11]  Both Mr. León and Ms. Goodman exchanged gifts -- including inscribed books.[12]  Ms. Goodman testified that he got her a snake mug (because she had a pet snake).  Ms. Goodman testified that Mr. León bought foods for her that she would like and kept them in his house.  Ms. Goodman testified that he bought a blanket for her and the cinnamon candies that she liked.  Ms. Goodman gave Mr. León a tie pin, a grammar book, and a candle.  Mr. León gave her a vinyl Taylor Swift album.

Ms. Goodman cared for Mr. León (at his request) after he had a medical procedure that required general anesthesia.  Ms. Goodman drove Mr. León back from the medical procedure and observed him while he recovered from the effects of the general anesthesia.[13]  Ms. Goodman got food for him after the procedure.  She basically was in charge of his brief convalescence.  Ms. Goodman also fed Mr. León's service animal when he was out of town at his residence.  Ms. Goodman testified that she would dog-sit his service animal for him.[14]

Ms. Goodman and Mr. León engaged in flirtatious dialogue[15] and would talk to each other on Snapchat.  They talked almost every day.  They would engage in FaceTime sessions.  They would text each other.  Based on the communications between the parties, it appears that either Mr. León or Ms. Goodman spoke to each other as soon as

---

[11] Respondent's Exhibit #11 at 48.
[12] Id. at 399
[13] Id. at 426.
[14] Id. at 45.
[15] Id. at 230, 274, 277-278, 280, 341, 343

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

they woke up and before they went to bed.[16]  The couple exchanged phrases such as, "I love you," and "I miss you,"[17] while sending heart emojis.[18]

The couple planned movie nights together and went out to dinner on one occasion.[19] The couple shared many meals, including breakfast, lunch, and dinner where either party would pay for the takeout meals they consumed. Ms. Goodman testified that she sometimes spent the night at his residence.[20]  Ms. Goodman testified that they sometimes slept in the same bed.  Ms. Goodman testified that they studied together in the same room at his residence.  Sometimes they studied in separate rooms, but they still talked to each other by computer (direct messages).   Ms. Goodman said that they bantered about sexual things/preferences and would flirt with each other during their study periods.[21]

Mr. León and Ms. Goodman discussed whether they should be exclusive.[22] They contemplated ending or changing their relationship (to exclusivity or non-exclusivity).[23] Mr. León asked to meet her friends and her family.  The couple even discussed their feelings about marriage (in general) at one point.[24]  They sought to define their relationship as time passed.[25]  The relationship was not a public one, however, as they concealed it from their coworkers.[26]  The concealment of their relationship would later have a major impact on the events of December 2022.  The

---

[16] Respondent's Exhibit #11 at 82, 136, 188, 220
[17] Petitioner's Exhibit #3; Respondent's Exhibit #11 at 225, 227, 331, 366-367.
[18] Respondent's Exhibit #11 at 20, 32, 44, 71, 97, 242, 351, 355, 363, 384.
[19] Id. at 95.
[20] Id. at 98-99, 281.
[21] Id. at 192.
[22] Id. at 191, 250-251.
[23] Id. at 247-248.
[24] Id. at 313-314.
[25] Id. at 100, 106, 190-192, 222-226, 322, 361, 413
[26] Id. at 276

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

couple also engaged in multiple breakups only later to make up and resume their relationship.[27]  Their interactions and conversations were that of a couple in a relationship.[28]

The Court finds that Ms. Goodman and Mr. León were in a "substantive dating relationship" as defined by the *Delaware Code*.[29]   Mr. León provided sworn testimony during the PFA trial that he and Ms. Goodman had a "substantive dating relationship," even though he (through counsel) had previously filed a Motion to Dismiss.[30]  Given this fact, Mr. León's subsequent *pro se* filing of a PFA against Ms. Goodman is troublesome and deserves scrutiny.  Jurisdiction works both ways.  The Motion to Dismiss is **DENIED**.

<u>PFA TRIAL</u>

Cheyenne Goodman

Cheyenne Goodman testified on April 26, 2023.  At the beginning of her testimony, Ms. Goodman explained that she was on took Zoloft™ in the morning and Xanax™ at night, but that she had not taken any medications in anticipation of testifying in Court.  Ms. Goodman also took other medications for cystic fibrosis.  Ms. Goodman stated that she had a PTSD diagnosis.  In general, Ms. Goodman said she felt apprehensive talking about issues while others were in the courtroom.

Ms. Goodman testified she started her internship at YCST in January 2022 and that the internship ended in April 2022.  Ms. Goodman stated that her relationship with Edwin León began toward the end of her internship in April 2022.  At the time their

---

[27] Respondent's Exhibit #11 at 338, 399-400, 413.
[28] *Swanson v. Davis*, 69 A.3d 372 (Del. 2013).
[29] 10 Del. C. § 1041 (2) (b).
[30] 10 *Del. C.* § 1041.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

relationship began, Ms. Goodman was an Intern and Mr. León was a Law Clerk.  Ms. Goodman got an offer to start employment at YCST in August 2022.   Ms. Goodman testified she had a discussion with Mr. León about not keeping the relationship going when she started at the firm in August.  Ms. Goodman testified that they discussed how to maneuver the workplace if they were in a relationship.

Ms. Goodman stated that when she started to work at the firm, Mr. León would get angry and demeaning.  Ms. Goodman testified there were times when Mr. León seemed jealous and controlling.  Ms. Goodman believed Mr. León was jealous of the time she spent with others and the lack of time she had for him.  Ms. Goodman testified about a work conflict in August 2022 when Mr. León got angry about her contact with a coworker that he did not like.  Ms. Goodman stated that Mr. León would call her late at night to give her a work project, and that he would expect the project to be completed the very next day.[31]   Ms. Goodman felt pressured by Mr. León and occasionally tried to lessen her contact with him outside of work.

Ms. Goodman testified that they had a sexual intercourse frequently and that she slept over at his home.  Ms. Goodman testified that Mr. León wanted to introduce her to others as his girlfriend.  Mr. León wanted to go on a vacation with her to London.[32]  Ms. Goodman testified that Mr. León asked her to move in with him.  Ms. Goodman testified that Mr. León would constantly ask if they were exclusive.

Ms. Goodman testified that Mr. León would make comments regarding marriage, but that she was reluctant to talk about the subject.  Ms. Goodman testified that he looked at one of her postings on Pinterest, a "wedding board" that she had posted.  Ms. Goodman

---

[31] Petitioner's Exhibit #6.
[32] Respondent's Exhibit #11 at 427.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

testified that he looked at the wedding board and sent her a picture of a wedding ring.[33]
Ms. Goodman wondered whether she, herself, was actually a strong proponent of the
idea of marriage in general.   Ms. Goodman testified that Mr. León would blow off her
reluctance about marriage and attribute it to her youth.[34]

Ms. Goodman testified that Mr. León had sexual preferences that she did not
share.  Ms. Goodman testified that he introduced things into the relationship like belt
hitting and tying her up. Ms. Goodman testified that during sex that he would place his
hands around her neck initially, and that after a period of time, he would squeeze.  Ms.
Goodman also testified that he would tie her up during sexual intercourse. Ms. Goodman
said Mr. León was much more into oral sex than she was and would get upset with her
when she did not perform oral sex for him.  Ms. Goodman testified that their sexual
relationship was initially totally consensual and then became somewhat forced.   Ms.
Goodman testified that there were things in their sexual relationship that made her
uncomfortable.   Ms. Goodman was concerned that YCST would move to get her fired if
they found out about their sexual relationship.  Ms. Goodman testified that her mentor at
YCST, Christopher Lambe, asked whether she was in a relationship with Mr. León after
Mr. Lambe witnessed one of their workplace interactions (an interaction Ms. Goodman
characterized as a "hazing" session).

Ms. Goodman testified about an incident in November of 2022 at Mr. León's house.
Ms. Goodman stated that the incident started after an argument in his home office.   Ms.
Goodman testified that Mr. León talked about getting married and that he wanted
eventually to have kids.  Ms. Goodman testified that Mr. León was angry because he

---

[33] Respondent's Exhibit #11 at 443.
[34] Respondent's Exhibit #11.

thought he was compromising too much in the relationship and that she was not compromising enough. Ms. Goodman said they walked from the office to the bedroom and that they had a bear hug. Ms. Goodman said that Mr. León then asked her, "Would you lay with me for a while?" After a period of time, Ms. Goodman said that Mr. León crawled on top of her and straddled her. Ms. Goodman testified that Mr. León strangled her as his hands were around her neck and he squeezed. Ms. Goodman said her vision went white. Ms. Goodman said she tried to peel his hands off. Ms. Goodman said she tried to slap his hands away. Ms. Goodman stated there were two attempts at strangulation. Afterwards, Mr. León lay next to her and stroked her hair. Ms. Goodman said she wanted to end contact with Mr. León and that she tried not to talk to him in person after this incident.

Ms. Goodman testified that their November incident was different from their prior sexual encounters where he would place his hands around her neck. In their previous encounters, when Mr. León had his hand around her neck, he would not squeeze and she would put her hand over his hand to make herself more comfortable. Ms. Goodman testified that in other episodes, he would later tie her up and that she was unable to put her hand over his hand during sex. Ms. Goodman was afraid that Mr. León would be triggered by her rejecting him. Ms. Goodman testified that this was one of his triggers, the idea of rejection. Ms. Goodman testified that she tried to make excuses not to spend time with him after this incident. Ms. Goodman also sent articles to Mr. León about sexual coercion around this time.[35] Ms. Goodman said that Mr. León did not respond to the articles she sent him. Ms. Goodman testified they had one phone call about the sexual

---

[35] Petitioner's Exhibit #3.

coercion issue.  Nevertheless, Ms. Goodman testified they spent Thanksgiving together and had sexual intercourse.

Ms. Goodman testified about a Target™ toy drive[36] on Friday, December 16, 2022. Ms. Goodman testified that the plan was to go to the toy drive and meet coworkers afterwards in Philadelphia.  During the toy drive, Mr. León had indicated that he loved her and that he wanted to spend the night with her.  Ms. Goodman said she planned to take an Uber™ home from Philadelphia with Nehama Hanoch.  Ms. Goodman drove to the toy drive by herself.  Ms. Goodman testified that while in Philadelphia the group went to a speakeasy, a bar called Devil's Alley, and then another place called Woody's.

Ms. Goodman testified that she sent flirtatious messages[37] to Mr. León during the night out in Philadelphia.  Ms. Goodman testified that she messaged him that he looked nice and that she wanted to have sex with him.[38]  Ms. Goodman testified that she sent Mr. León these messages because she did not want him to feel rejected or upset.  She did not want conflict with Mr. León.   Ms. Goodman explained that she planned to use Nehama Hanoch as an excuse as to why she would not sleep with Mr. León that night. Ms. Goodman figured that Mr. León would not be upset with her because she appeared to be receptive to him during the night.

Ms. Goodman testified that toward the end of the night that they used two separate Ubers™ to go to Woody's.  Ms. Goodman testified that Emily C. S. Jones, Timothy Powell, and Nehama Hanoch were in one Uber™ while she was in the other.  Ms. Goodman testified that while at Woody's, she tried walking away from Mr. León, but he kept

---

[36] *Id.*
[37] Respondent's Exhibit #2
[38] *Id.*

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

following.   Ms. Goodman testified that they were dancing and drinking.   Mr. León

attempted to dance with her.  Mr. León had texted her during the night and inquired as to

whether she was wearing any underwear.  Ms. Goodman testified that at one point Mr.

León tried to get inside her bathroom stall as she was going to the bathroom.   Ms.

Goodman testified she kissed Mr. León while at Woody's and that she put her hand on

his chest.  Ms. Goodman said that she did these things because she did not want him to

that she had rejected him.  Ms. Goodman testified that a Woody's bouncer got angry at

her because she attempted to enter or exit the building through the wrong door.   Ms.

Goodman said Mr. León confronted the bouncer because he had spoken to her in a rough

manner about using the wrong exit door.  Ms. Goodman stated  Ms. Jones and Hayden

had offered to drive her home, but she declined.  Ms. Goodman decided she wanted to

leave Woody's and get some food. Mr. León brought her jacket to her outside of Woody's.

Ms. Goodman testified that she left the group outside of Woody's to go across the

street to talk to a woman with pink hair.  Ms. Goodman testified that she had removed a

pocket knife that she had hidden in her boot and clipped it to her skirt while outside of

Woody's.  Ms. Goodman explained that she often carries this pocket knife as it was a gift

from her father.  Ms. Goodman testified that she walked away from the group and told Mr.

León that she was fine and that she would get an Uber.™  Ms. Goodman told Mr. León

that she knew the city and was fine walking by herself as she had previously lived there.

Ms. Goodman said that Mr.  León decided to walk behind her and to follow her.

Ms. Goodman asked Mr. León to stop following her.   Mr. León refused and continued to

follow her.  Ms. Goodman ran.  Mr. León chased.  Ms. Goodman testified that Mr. León

grabbed her arm and tried to stop her.  Ms. Goodman told Mr. León, "Please stop chasing

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

me," and "Please stop grabbing me." Mr. León told her that he would drive her home.At some point, Ms. Hanoch texted her and Ms. Goodman replied: "I'm trying to get away from Edwin," and "He's following me."[39]    Mr. León later sat on a step and touched his chest and said, "I'm having a heart attack."  Ms. Goodman dialed '911' because she was so concerned about whether he was having a heart attack.  Mr. León got up.  Apparently, Mr. León had faked the heart attack.  Mr. León started running after her and trying to grab her.  At the end of the pursuit, Ms. Goodman said she started to hyperventilate and have a panic attack.  Ms. Hanoch told her to put her head between her knees and try to calm her down.  Ms. Goodman, eventually walked to Hayden's car with a small group.  Emily Jones and Hayden drove her and Ms. Hanoch home.

Ms. Goodman testified that she called Mr. León later (late night/early morning of December 17th).  Ms. Goodman was afraid that Mr. León was going to be angry.  They discussed the events of the prior evening.  Ms. Goodman testified that one of their phone calls lasted approximately 2 hours because she left the phone on and fell asleep.  Ms. Goodman testified that Mr. León was upset and said, "Why did you let people see that you were afraid of me?"  Mr. León blamed her for having a panic attack and reacting the way that she did.  Mr. León portrayed himself as the victim.  Mr. León claimed that he had been scarred or scratched in the face by Ms. Hanoch.  Mr. León said he would have a permanent face scar as a result of Ms. Hanoch's attack.

Later, on December 17, 2022, Mr. León insisted that they talk in person.[40]  Ms. Goodman went to Mr. León's residence early Saturday afternoon.  Once she entered Mr. León's residence, she left her bag at the front door with her phone inside.  Ms. Goodman

---

[39] Petitioner's Exhibit #10; Respondent's Exhibit #4.
[40] Petitioner's Exhibit #3.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

said she left her phone inside her bag because she did not want to get into an argument with Mr. León about him checking her phone. Mr. León sat with Ms. Goodman and tried to calm her down. Mr. León got her coffee and ordered food. Ms. Goodman testified that she was crying softly and that Mr. León rubbed her back. Ms. Goodman testified that Mr. León offered her medicine to calm her down.

The night of December 16, 2022, Ms. Goodman had lost her earring. Ms. Goodman woke up and found that her ear had been sore and red. The post of the earring was still there but the earring was missing. Ms. Goodman suspected that the earring may have been ripped out of her ear. Ms. Goodman testified that Mr. León had the earring and offered it to her on December 17, 2022. Ms. Goodman asked Mr. León how she'd lost the earring and Mr. León told her that she didn't even remember how she'd lost it. Mr. León said that he picked the earring up for her and gave it back to her. Ms. Goodman took pictures of her ear a couple of days afterwards on December 20, 2022.

Ms. Goodman testified that she stayed on the couch with Mr. León for a while and then went back upstairs to his bedroom. While upstairs, they sat on his bed and talked about the night before. Mr. León reiterated how upset he was that everyone saw her reaction (afraid of him) and began chastising her about her behavior. Ms. Goodman testified that she brought up the previous conversation about sexual coercion. Mr. León then insisted that she needed to contact people and set the record straight. Mr. León threatened that if she did not, he would file a civil suit against Ms. Hanoch and report her to the police. Mr. León indicated that if this came out, all would know they we had been in a sexual relationship with each other. Mr. León requested that Ms. Goodman execute

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

an affidavit. Mr. León threatened that if she did not execute an affidavit, he would report Ms. Hanoch for professional discipline/disbarment.

Ms. Goodman walked downstairs to send text messages to others that she was OK. Ms. Goodman testified that she didn't understand herself why she didn't just leave at this point.[41] Mr. León had not physically prevented her from leaving and she could have taken her bag and her keys on her phone and left the residence. Ms. Goodman testified that this was the type of control she felt Mr. León exercised over her. The food came and Mr. León tried to get her to eat. At some point, they returned upstairs.

Mr. León told her that she needed to learn to compromise. and They continued to argue. Mr. León told her that he needed and wanted sex to calm down. Mr. León was angry that she chose her friends and Ms. Hanoch over him. Mr. León indicated that now she needed to prove that she cared about him and that they should engage in sexual relations, specifically oral sex. Ms. Goodman testified that she went to the bathroom and started to run water in order to calm down. Mr. León followed her into the bathroom and pushed her against the bathroom counter. Ms. Goodman testified that he tried to initiate sex but she said, "No." Mr. León insisted that she perform oral sex on him. Ms. Goodman testified that he took off her sweatshirt off and that she did lift her arms for the sweatshirt to be taken off. Ms. Goodman testified that he pushed her down so that she was on her knees so that she could perform oral sex on him. Ms. Goodman testified that while she was on her knees she said, "No." and she closed her mouth shut. Ms. Goodman said that Mr. León put his hands on her jaw and forced himself on her. Ms. Goodman testified that he grabbed her head and forced her mouth open. Ms. Goodman said that she

---

[41] The Court noted that Ms. Goodman was very emotional during this portion of her testimony (blaming herself) and appeared to be re-experiencing a traumatic event.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

begged him not to come to completion.  Ms. Goodman testified that once he came to completion, she spit out the ejaculate in the shower.  Ms. Goodman testified that they had oral sex before, but he had never done it before as a means of "punishment."  Ms. Goodman testified that she laid down with him for a while afterwards and that she eventually told him that she had to text her mom.  Ms. Goodman went downstairs to text her mom and indicated that she was OK and that she tried to keep him calm.  Mr. León continued to stress that he had leverage over Ms. Hanoch and that he wanted the record set straight.  He gave her a deadline to set the record straight.  Mr. León looked at her phone and the group chat and gave her a deadline to fix it.  Afterwards, Ms. Goodman went to her mother's house.  She was crying. She did not want to cry in front of her mother, but she couldn't help herself.

Ms. Goodman stated that she had been working with the police in Pennsylvania. On December 29, 2022, she initiated a recorded call (with police assistance) with Mr. León as part of their investigation.  Ms. Goodman said two SVU (Special Victim's Unit) detectives gave her instructions on how to talk to Mr. León and to keep the dialogue open. During the phone call, Mr. León said, "I sent a letter to you." and "You will find it."  Ms. Goodman testified that Mr. León was evasive in the phone call with police.  Mr. León claimed during the call with police that the call was dropping out or that he couldn't hear her.  Ms. Goodman testified there was no definitive disclosure by Mr. León the recorded phone call with the police.  Ms. Goodman testified she discovered in January 2023 that Mr. León had left her a letter as a part of the editing feature/process in Google™ Docs. The couple had used Google™ Docs during their bar study period to do legal outlines.

On cross examination, Ms. Goodman categorically denied the abuse allegations made against her in Mr. León's cross petition.   Ms. Goodman testified she never threatened Mr. León that her father would harm or kill him.   Ms. Goodman stated that there was a joke between them that if he had tried to hit on his mother, and her dad found out, he would kill him.   Ms. Goodman testified that her father was not a convicted criminal and that he never threatened to harm Mr. León.   Ms. Goodman stated that she never threatened Mr. León with a knife. Ms. Goodman testified that she does not have a "Harry Potter" fantasy.  Ms. Goodman testified that she never struck Mr. León in the face.  Ms. Goodman testified that she did not leave bite marks on Mr. León's chest or his shoulder. Ms. Goodman testified that she never scratched Mr. León in anger, but may have scratched him during sex, inadvertently.  Ms. Goodman testified that she never assaulted Mr. León with a wand.  Ms. Goodman testified that she never anally penetrated Mr. León. Ms.  Goodman said she never threatened to tell third parties about Mr. León sexual preferences or that he had been assaulted by her.  Ms. Goodman testified that she never threatened to sleep with others if he didn't call her back.  Ms. Goodman testified that she never threatened to tell coworkers about his sexual preferences.  Ms. Goodman testified that she never took unwanted pictures of Mr. León and threatened to expose those pictures. Ms. Goodman admitted that she did make fun of a pair of Mr. León's suspenders and had taken a picture of them.  Ms. Goodman admitted that she did send Mr. León articles about sexual coercion.  Ms. Goodman stated that she never insulted Mr. León's level of English proficiency.[42]  Ms. Goodman testified that she never refused to leave his residence.  Ms. Goodman stated that after one argument, Mr. León locked himself in his

---

[42] Respondent's Exhibit #11 at 237-239.

bathroom and that she eventually went downstairs and slept on the couch. Ms. Goodman said she never threatened or blocked Mr. León's egress from his residence. Ms. Goodman testified that Mr. León never had to shut the door on her to escape her. Ms. Goodman testified that she never spread rumors to his coworkers or threatened to spread rumors to his coworkers that he was either gay or liked anal penetration. Ms. Goodman testified that she did tell Ms. Hanoch about some of his sexual practices/preferences. Ms. Goodman testified that she never had put a PFA on others in the past or had a PFA put out on her. Ms. Goodman testified that Mr. Leon contacted her family.[43]

Cynthia Stettner

Cynthia Stettner testified[44] on May 17, 2023. Ms. Stettner worked as an ER[45] nurse and a Certified Legal Nurse Consultant[46] for the past 17 years. Ms. Stettner testified that she was a Forensic Nurse Examiner[47] and had dealt with victims of many sexual assault cases. Ms. Stettner reviewed the PFA petition filed on January 1, 2023, along with deposition testimony and photos taken by Ms. Goodman. Ms. Stettner also reviewed earlobe and arm photos taken by Ms. Goodman. Ms. Stettner testified that the photos that she reviewed were taken by Ms. Goodman on December 20, 2022. Ms. Stettner testified that the earlobe photos looked more like an injury from a pressure injury rather than an ear ripping injury.[48] Ms. Stettner testified that in her expert

---

[43] Petitioner's Exhibit #11. The Court allowed a statement by Ms. Goodman's mother. The statement was not entered for the truth of the matter asserted and demonstrated that Ms. Goodman was on notice that Mr. León was trying to contact her family members. The statement was also an indication of Ms. Goodman's and her mother's state of mind pursuant to Rule 803 (3).

[44] Ms. Stettner was a witness for Mr. León who testified by Zoom. Ms. Stettner was allowed to testify during Ms. Goodman's case-in-chief due to her work schedule.

[45] Respondent's Exhibit #3.

[46] *Id.*

[47] *Id.*

[48] Petitioner's Exhibit #2.

opinion, the picture taken by Ms. Goodman was not the picture of an injury that occurred from a "rip" as that injury would present (appear) a couple of days later. Ms. Stettner testified that there could have been a pressure type injury behind the earlobe on the neck area which would have indicated a pressure type injury to Ms. Goodman's ear. There were no photos of this area.

Ms. Stettner also reviewed a photo of the arm[49] that appeared to have a circular black bruise. Ms. Stettner testified that when an individual is grabbed by an assailant, there is usually a "pattern injury" in which you could see four fingers on one side of the arm. Ms. Stettner testified that the small round bruise was not consistent with the "grabbing injury" as it was only one circular bruise, on one side of the arm. Ms. Stettner testified that the bruise[50] in IMG .7196 was not consistent with a pattern bruise but more like a "pinch mark" bruise. Ms. Stettner said this bruise was not consistent with an injury seen in a "grabbing type" injury. Ms. Stettner testified that the bruise in IMG .7196 also appeared yellow in presentation, and it was most likely in late stage of healing.[51] According to Ms. Stettner, this injury most likely occurred at a different time than the injury in IMG .7211.[52] Ms. Stettner testified that the injury in IMG .7211 was black/purple and that it was only in the beginning stages of healing.[53] Ms. Stettner testified that this injury had probably occurred within the last 48 hours.

Ms. Stettner testified that the most common types of injury for victims forced to engage in oral sex were absent in the pictures she examined. Ms. Stettner said that

---

[49] Petitioner's Exhibit #5.
[50] *Id.*
[51] *Id.*
[52] *Id.*
[53] *Id.*

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

Ms. Goodman did not appear to have any signs of oral hemorrhaging or damage to the gums or the soft palate of the mouth.  Ms. Stettner testified that you would most likely see a "squeezing" or "grabbing type" injury along the mouth.  Ms. Stettner testified that forced oral sex requires a great amount of force to overcome the closing efforts of the mouth.

Ms. Stettner did not observe any petechial hemorrhaging that would be consistent with each strangulation injury mentioned in the PFA petition.  Ms. Stettner testified that if an individual lost consciousness, that individual would likely require medical attention.  There was no indication that Ms. Goodman sought medical attention after being strangled and blacking out.  Ms. Stettner admitted that she did not conduct an examination of Ms. Goodman.  Ms. Stettner testified that if she had conducted an examination of Ms. Goodman, she would have also taken different types of pictures (not the selfies taken by Ms. Goodman's cell phone camera) based on her professional experience.

Timothy Powell

Timothy Powell testified at the hearing on May 17, 2023.  Mr. Powell worked with Ms. Goodman at YCST.  Mr. Powell had been an associate at YCST for the last four years and his employment predated that of Ms. Goodman and Mr. León.  Mr. Powell was present on the night of December 16- 17, 2022, in Philadelphia.  Mr. Powell testified that Roxanne Eastes, Nikita Eastes (Roxanne's sister), Alex Faris, Carol Thompson, Edward León, and Nehama Hanoch were also present.  Mr. Powell testified that they had dinner somewhere on 18th St. next to an establishment called "Green Eggs and Hogs" (sp).  Mr. Powell testified that he sat next to Ms. Goodman during the

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

dinner and that everyone had been drinking during dinner.  Mr. Powell testified that the group tried to go to a speakeasy called Booker's but that it was full.  Mr. Powell testified they went to a bar for 1-2 hours where they had drinks and shots.  Mr. Powell testified the group went to Woody's and spent the rest of the night there.  Mr. Powell said Mr. León and Ms. Goodman were at Woody's.  They wandered off from the main group. Mr. Powell testified that they seemed to leave together and were also seen on the dance floor.  Mr. Powell said that he left Woody's with Alex Faris, Roxanne Eastes, Nikita Eastes, and went on a journey to Alex's car.  The group ended up at City Hall and saw Ms. Goodman, Emily C. S. Jones, and Nehama Hanoch.  Mr. Powell testified that when they arrived, he saw Ms. Goodman sitting on a sidewalk, having an apparent panic attack.  Mr. Powell stated Ms. Goodman was having trouble breathing, she was crying, and she could not talk.  Mr. Powell testified that he'd heard what happened and he looked for Mr. León.   Mr. Powell looked up and saw that Mr. León was talking to the police.  Mr. Powell testified that he confronted Mr. León.  Mr. León told him that he had been dating Ms. Goodman for six months.  Mr. Powell did not believe Mr. León.  Mr. Powell testified that they began shouting at each other and that the police noticed.  Mr. Powell testified that Mr. León offered to share his phone with him to prove that he had been in a relationship with Ms. Goodman.  Mr. Powell did not take him up on his offer. Mr. Powell said he tried to comfort Ms. Goodman and told her that everything would be all right.

On cross examination, Mr. Powell testified that he did not know that Ms. Goodman and Mr. León had been in a relationship prior to December 16, 2022.  Mr. Powell testified that he had produced copies of text messages based on a subpoena

from Mr. León.  Mr. Powell testified that he did see Ms. Goodman and Mr. León

sneaking off together and that he had no idea why they had been sneaking off together.

Mr. Powell testified that no one told him to keep Mr. León and Ms. Goodman apart that

evening.  Mr. Powell denied seeing any type of assault.  Mr. Powell testified that he did

see a red mark on Mr. León's face and that he told Ms. Hanoch that he hoped that mark

was from her.  Mr. Powell testified that he did see the police hand Mr. León a pink slip of

paper.  Mr. Powell stated that Mr. León did send him the Answer to the Motion to

Dismiss filed by Ms. Goodman in this PFA litigation.

Alex Faris

On May 17, 2023, Alex Faris testified that he had been employed at YCST and

was a friend and coworker to Ms. Goodman and Mr. León.  Mr. Faris was at the outing

on December 16-17, 2022.  Mr. Faris said that Ms. Goodman, Mr. León, Roxanne

Eastes, Carol Cox, Nikita Eastes, Nehama Hanoch, and Timothy Powell were also

present.  Mr. Faris said he sat across the table from Ms. Goodman at dinner.  Mr. Faris

sat next to Mr. León.  After dinner, the group went to a sports bar and were joined by

Emily Jones and her fiancé (Hayden).  Mr. Faris testified that they also went to another

bar called Woody's.  Mr. Faris stated that he stopped drinking at Woody's.  Mr. Faris

said that he left Woody's with Roxanne Eastes and her sister Nikita and they began

walking back to the midtown parking garage.  Mr. Faris testified that he ended up near

City Hall.  Mr. Faris did not see any assault but that upon arriving at City Hall, but he

saw Emily C. S. Jones and Ms. Goodman.  Mr. Faris testified that Ms. Goodman was on

the ground and that she was crying and upset.  Mr. Faris was told that there had been

an altercation involving Mr. León and that Mr. León had walked off.  Mr. Faris and Mr.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

Powell walked toward Mr. León.  Mr. Faris said that Mr. León told them that he had been dating Ms. Goodman for about six months.  Mr. Faris also testified that Mr. León said that Nehama Hanoch had attacked him and that he was making a police report. Mr. Faris testified that he did not believe that Mr. León and Ms. Goodman had been dating for six months.  Mr. Faris said that Mr. León invited them to look through his cell phone.  Mr. Faris also declined.

On cross examination, Mr. Faris testified that he had a cordial relationship with Mr. León.  Mr. Faris identified a group text which said, "Come outside Shay got kicked out."  Mr. Faris testified that he went outside (Woody's) but he did not see Mr. León.  Mr. Faris denied that he said, 'You have no friends here,' and, 'It won't go well if you file a report.' to Mr. León.  Mr. Faris also denied hearing someone saying, 'not to trust Josh Brooks,' about this incident.  Mr. Faris testified that he was about 10 feet away from Ms. Goodman when he observed her on the ground while she was crying.  Mr. Faris testified that he did see a scratch on Mr. León's face.  Mr. Faris testified that he was told Ms. Goodman was assaulted by Emily Jones.

Emily C. S. Jones

Emily C. S. Jones testified that she had been associated with YCST since August of 2022.  Ms. Jones testified that she did not go to dinner but arrived at the bar later with her and her fiancé, (Haden).  Ms. Jones testified that Cheyenne Goodman, Edwin León, Nehama Hanoch, Timothy Powell, Alex Faris, Carrol Cox and Roxanne Eastes were present when she arrived that night.  Ms. Jones testified that they took two Ubers™ to Woody's and that everyone but Carrol Cox attended.  Ms. Jones said she spent most of her time at Woody's with Roxanne Eastes.  Ms. Goodman said she was hungry, and Ms.

Jones offered to drive Ms. Goodman and Ms. Hanoch home while stopping for food on the way.  Later, Ms.  Goodman texted and called her to say that she was outside of Woody's.  Ms. Jones testified that Mr. León said that Ms. Goodman got kicked out of Woody's. Ms. Jones testified that she saw both Ms. Goodman and Mr. León outside of Woody's.

Ms. Jones testified that Ms. Goodman started walking away and that Mr. León followed her.  According to Ms. Jones, everyone said Mr. León would get Ms.  Goodman home.  Ms. Jones testified that she told Mr. León to text her when Ms. Goodman gets home safe.  Ms. Jones and testified that she lost sight of them in the crowd outside of Woody's but that her fiancé (Hayden) tried to go after Ms. Goodman.  Ms. Jones testified that her fiancé returned after about 30 seconds.  Ms. Jones testified that Ms. Hanoch got a phone call sometime later. Ms. Jones overheard Ms. Hanoch saying, "Who was chasing you?" and, "We will come and get you."  Ms. Jones also overheard the words "city hall."  Ms. Hanoch said, "We need to go and get Cheyenne."  Ms. Jones overheard crying on the telephone.  Ms. Hanoch said Mr. León was chasing Ms. Goodman.  Ms.  Jones testified that they (herself, Ms. Hanoch, and Hayden) ran towards City Hall.  Ms. Jones testified that Ms. Hanoch ran across the street.

Ms. Jones saw that Ms. Goodman was on the ground, shaking, curled up, with her knees almost tucked to her chest.  Ms. Jones described Ms. Goodman as struggling to breathe.  Ms. Jones got on the ground next to Ms. Goodman and tried to comfort her. Ms. Jones said that Ms. Goodman could not speak and that she was scared for her.  Ms. Jones then heard yelling behind her.  When Ms. Jones turned around, she saw Mr. León and Ms. Hanoch in a face-to-face confrontation. Ms. Jones said she heard Ms. Hanoch

say, "Stay away." from Ms. Goodman.  Ms. Jones suggested to Ms. Hanoch that she stop confronting Mr. León and that they check on Ms. Goodman.  Ms. Jones testified she did not see any assault.  Ms. Jones testified that Mr. León walked off saying something about a "police report."

Ms. Jones testified that Timothy Powell, Alex Faris, Roxanne Eastes, and Nikita Eastes arrived at the scene.  Ms. Jones told this group that Ms. Goodman was not okay that something had happened.  Later, they went to Hayden's car and Hayden drove them back to their homes.  During the car ride home, Ms. Jones attempted to talk to Ms. Goodman in an effort to calm her down. They talked about Taylor Swift and her pet snake.  Ms. Jones also said she heard conversation in the back of the car about 'being followed' and something about 'grabbing her.'  Ms. Hanoch and Ms. Goodman were dropped off at their shared apartment building.

On cross examination, Mr. Jones stated that she had no prior knowledge of the dating relationship between Mr. León and Ms. Goodman. Ms. Jones testified that she had not talked to Ms. Goodman about that relationship. Ms. Jones didn't recognize the text "come outside" and, "she got kicked out". [54]  Ms. Jones did not recall any text messages that indicated that Ms. Goodman may have had too many drinks.  Ms. Jones did not see Ms. Goodman take any Xanax.™  Ms. Jones did not hear Ms. Goodman complain of ear pain or bleeding during the night out in Philadelphia.  Ms. Jones testified that she may have spoken to Mr. León on the phone, but she did not recall who initiated the call(s).  Ms. Jones did not recall Mr. León saying to her, "She got kicked out." or that Ms. Goodman may have been kicked out for being too intoxicated.  Ms. Jones testified that she did not

---

[54] Respondent's Exhibit #6.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

call the police during the night of December 16-17, 2022. Ms. Jones testified that the plan was for her to drive Ms. Hanoch home. Ms. Jones testified that she did not hear Ms. Hanoch yell that her friend had been 'sexually assaulted' or 'was being sexually assaulted.'

Ms. Jones testified that she did not ask Mr. León what had happened. Ms. Jones testified that when she saw Ms. Goodman on the ground and that she was concerned that she was injured. Ms. Jones did testify that she thought it was reasonable for Mr. León or her fiancé to follow Ms. Goodman. Ms. Jones testified that she did not hear Nehama Hanoch say 'murder him' or that she would get Jesse flowers to murder him. Ms. Jones stated that she did hear Ms. Hanoch say, "Stay away from her." Ms. Jones testified she did not believe that she said 'Edwin León assaulted Cheyenne' to either Mr. Faris or Mr. Powell. Ms. Jones stated that when she saw Ms. Goodman on the ground, she got the impression that Mr. León had scared her in some way or had possibly touched her/her hurt her in some way. Ms. Jones testified that Ms. Goodman did not say 'don't trust Josh Brooks.' Ms. Jones testified that the journey from Woody's to City Hall took about 15-20 minutes. Ms. Jones testified that it took less than a minute for Hayden to came back after trying to follow Mr. León and Ms. Goodman.

Roxanne Eastes

Roxanne Eastes testified at the May 24, 2023 hearing. Ms. Eastes testified that she was an associate at YCST since September 2020. Ms. Eastes was present at the dinner and night out in Philadelphia on December 16-17, 2022. Ms. Eastes said that she did notice that Ms. Goodman had been drinking throughout the night. Ms. Eastes did not see Ms. Goodman demonstrate any ear pain or bleeding from the ear. Ms.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

Eastes testified they went to a second bar called Woody's and they exited Woody's

between 12:00 and 1:00 a.m.  Ms. Eastes testified that she did not know whether Ms.

Goodman or Mr. León were in relationship until December 2022.  Ms. Eastes next saw

Ms. Goodman in front of City Hall with Emily Jones, Hayden Shugg (sp), and Nehama

Hanoch.   Ms. Eastes observed Ms. Goodman sitting, holding her knees, with her arms

crossed.  Ms. Eastes described Ms. Goodman as crying and looking as if she was in

shock.  Ms. Eastes said that Ms. Goodman's shoulders were heaving and that she

looked flustered and terrified.   Ms. Eastes said that Ms. Goodman repeated, "No…no…

no, I didn't want to go."   Ms. Eastes told Ms. Goodman, "It's OK, you're safe." and held

her while stroking her hair to comfort her.  On cross examination, Ms. Eastes testified

that Ms. Goodman never said she was sexually assaulted.  Ms. Eastes was on

December 17, 2022, group text that read, "It was a disgusting thing to try to force Ms.

Goodman into her car and that Edwin should be blocked and ignored (presumably, off

the group chat)." [55]  Ms. Eastes spoke to Ms. Goodman on December 17, 2022, by

phone.  Ms. Goodman told Ms. Eastes that Mr. León attempted to force her into a car

and that she ran away but he followed her and tried to grab her.  Ms. Eastes did not

speak to Mr. León about the incident but received a text from him over the weekend.

According to Ms. Eastes, Ms.Goodman expressed that if she had gotten into the car,

Mr. León would have raped her.

Christopher Lambe

Christopher Lambe testified at the hearing on May 24, 2023.  Mr. Lambe is an

Associate in the bankruptcy section at YCST and began working at the firm in

---

[55] Respondent's Exhibit #8.

September 2020.  Mr. Lambe was not aware of a dating relationship between Mr. León and Ms. Goodman until December 2022.  In October 2022, Mr. Lambe asked Ms. Goodman if she was in a relationship with Mr. León after observing a workplace interaction between the parties.  Ms. Goodman denied it.  Mr. Lambe spoke to Timothy Powell and Roxanne Eastes on December 17, 2022, about the incident of December 16-17.[56]   Ms. Eastes informed Mr. Lambe that there was no suspected rape, but an assault of some sort.  Ms. Eastes also told Mr. Lambe that Nehama Hanoch may have struck Mr. León and that a police report may have been made.  Ms. Eastes told Mr. Lambe that 'no' did not matter to him (Mr. León) and that once she (Ms. Goodman) got into the car 'no' would not have mattered.  Mr. Lambe also spoke to Ms. Goodman on Sunday, December 18, 2022.  Ms. Goodman told him about Mr. León's attempts to grab her and force his way into the bathroom stall.  Ms. Goodman told Mr. Lambe that Mr. León chased her but then clutched his chest as if he was having a heart attack.  Mr. Lambe asked Ms. Goodman if she was raped.  In response to this question, Ms. Goodman broke down and sobbed uncontrollably.  Ms. Goodman told him that Mr. León had been trying to get her to execute an affidavit.  Mr. Lambe asked Ms. Goodman if she had signed an affidavit.  Ms. Goodman indicated that she had not.  On Sunday, December 18, 2022, Mr. Lambe drove Ms. Goodman to the police station in Plymouth Meeting, PA so that she could file a police report.  Mr. Lambe testified that he did raise concerns that Mr. León had unrealistic expectations surrounding her work product.

---

[56] Respondent's Exhibit #5.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

Nehama Hanoch

Ms. Nehama Hanoch testified on May 24, 2023.  Ms.  Hanoch testified that she considered Mr. León to be almost like a brother and a trusted friend up until September 2022, when he made comments to her at a dinner.[57]   Ms. Hanoch testified that Ms. Goodman started up again at YCST in August of 2022.  Ms. Hanoch testified that she had never seen Mr. León and Mr. Goodman "together" until December 16, 2022.  Ms. Hanoch testified that Ms. Goodman told her that they "hooked up" over the summer.  Ms. Hanoch testified that Ms. Goodman told her that Mr. León asked her to be a sex slave.   According to Ms. Hanoch, Mr. León also told to Ms. Goodman 'I can show you how to be a submissive.'  Ms. Hanoch said Ms. Goodman told her that she was scared of Mr. León because he had a lot of guns[58] and that he had begun to harass/bother her.  Ms. Hanoch testified about text messages that occurred on October 11 and October 25, 2022.  Ms. Hanoch told Ms. Goodman that she was not going to talk to Mr. León anymore due to his treatment of Ms. Goodman.[59]  Ms. Hanoch testified that after dinner they went to Woody's in separate Ubers.™  Mr. León hopped into Ms. Goodman's Uber.™  Ms. Hanoch didn't think that was a good idea.

Ms. Hanoch described Woody's as a large bar that had several floors, dancing, and different rooms.  Ms. Hanoch described the group's activities while at Woody's.  Ms. Hanoch stated that Ms. Goodman told her that Mr. León asked about whether she was wearing underwear.  Ms. Hanoch testified that while on the dance floor, she physically inserted herself between Mr. Leon and Ms. Goodman.  Ms. Hanoch also testified that

---

[57] Petitioner's Exhibit #7.
[58] Respondent's Exhibit #11 at 41.
[59] Petitioner's Exhibit #9.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

during the evening Ms. Goodman told her that Mr. León had followed her into the bathroom and tried to get into her stall. Ms. Hanoch testified that Ms. Goodman told her that Mr. León had tried to grab her in the bathroom. Ms. Hanoch testified she lost Ms. Goodman again and that she was trying to track her down outside of Woody's. Ms. Hanoch testified that she tried to text and call Ms. Goodman. Ms. Hanoch testified she spoke to Ms. Goodman and Ms. Goodman said, "Edwin is following me." and "Help."[60] Ms. Hanoch testified about the texts that were received on December 16, 2022. Ms. Hanoch testified that she received texts as they were leaving Woody's. Ms. Hanoch said that during a phone call with Ms. Goodman, she told her someone was chasing her that she could hear Ms. Goodman screaming (at Mr. León), "Get away!" Ms. Goodman's voice was shaking. Ms. Hanoch began speed walking and then jogging towards City Hall.[61]   Ms. Hanoch testified that she told a Philadelphia police officer that her friend was being sexually assaulted. According to Ms. Hanoch, the officer just looked at her.

   Ms. Hanoch testified that she sprinted toward Ms. Goodman and eventually caught up to Ms. Goodman.   Ms. Hanoch saw that Mr. León's his arms were outstretched. Ms. Hanoch testified that when she saw Ms. Goodman, she was crying and her makeup had been streaking. Ms. Hanoch inserted herself between Mr. León and Ms. Goodman. Ms. Hanoch told Mr. León to "Get away from her," and "Don't ever touch her again, or I will kill you." According to Ms. Hanoch, Mr. León said "You don't know what I can do to you." and, "You don't know who I know." [62]   Ms. Hanoch said Ms.

---

[60] Petitioner's Exhibit #10; Respondent's Exhibit #4.
[61] Respondent's Exhibit #4.
[62] Respondent's Exhibit #4.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

Goodman was having a panic attack and was gasping for air.  Ms. Hanoch told Ms. Goodman to put her head between her knees because she appeared to be hyperventilating.   Mr. León told Ms. Hanoch that he should call the police on her.  Ms. Hanoch replied, "Don't worry, I already did."   Ms. Hanoch was referring to the police officers[63] that she had already attempted to flag down.  Ms. Hanoch testified that Ms. Goodman was crying and trying to breathe in the 30-40 minute car ride back to Wilmington.

Ms. Hanoch testified that she believed the relationship between Ms. Goodman and Mr. León started out to be consensual.  Ms. Hanoch said the relationship stopped being consensual when Mr. León began to do things that Ms. Goodman did not want.  Ms. Goodman told her that Mr.  León choked her to the point that she passed out.  Ms. Goodman also told Ms. Hanoch that Mr. León had tied her hands up so she could not stop him from strangulation.  Ms. Goodman told her that Mr.  León hit Ms. Goodman with a belt and that she told Mr. León she did not like that.  Ms. Hanoch testified that she asked Ms. Goodman about the relationship.[64]   Ms. Hanoch testified that she did not report their interactions at YCST to human resources or the partners of YCST.[65]

Ms. Hanoch testified that the plan on December 16, 2022, was for her and Ms. Goodman to Uber™ home.  Ms. Hanoch testified that she did discuss with Mr. Powell how Mr. León and Ms. Goodman kept disappearing with each other while at Woody's.  Ms. Hanoch testified that she did not know that Ms. Goodman had exchanged flirty messages with Mr.  León by Snapchat while they were at Woody's.  She never saw Mr.

---

[63] Respondent's Exhibit #4.
[64] Respondent's Exhibit #4.
[65] Id.

León and Ms. Goodman kissing. Ms. Hanoch testified that she left Woody's without Ms.

Goodman. Ms. Hanoch said that the text messages[66] that were forwarded to her by Ms.

Goodman were altered without her knowledge. Ms. Hanoch testified that she "blacked

out" during part of her altercation with Mr. León in Philadelphia. Ms. Hanoch said that

she was just trying to punch and kick Mr. León in an attempt to get her away from Ms.

Goodman.[67]  Ms. Hanoch said Ms. Goodman told her that she was afraid that she was

going to be raped had she got into Mr. León's car in Philadelphia. Ms. Hanoch testified

she was not aware of any phone calls made by Ms. Goodman to Mr. León the night of

December 17, 2022. Ms. Hanoch also testified that Ms. Goodman didn't tell her that

she was going to go over to Mr. León 's house on December 17th. According to Ms.

Hanoch, Ms. Goodman only told her that she was going to see her mother.

　　Ms. Hanoch testified that she had been good friends with Mr. León at YCST. Ms.

Hanoch testified that she did not go out on dates with Mr. León and that she did not

have romantic feelings for him. Ms. Hanoch said she had traveled with Mr. León. Ms.

Hanoch testified that Ms. Goodman told her that Mr. León was threatening to file a

police report against her on December 17, 2022. Ms. Hanoch testified that the police

had never contacted her and that she only found out later that a private criminal

complaint had been filed by Mr. León in Philadelphia. Ms. Hanoch indicated that she

was aware that the district attorney's office in Philadelphia had declined prosecution.

Ms. Hanoch testified that she became aware one week before the PFA trial that Mr.

---

[66] At one point, the Court reviewed a privilege log relating to text messages between Ms. Goodman and Ms. Hanoch. The privilege log was made a Court Exhibit. The Court was satisfied after viewing the privilege log that the redacted material was not relevant to this PFA action. Some of the redacted material related to personal conversations and YCST business (possible client information).

[67] Respondent's Exhibit #4.

León had tried to aggressively pursue a criminal complaint against her.  According to Ms. Hanoch, Ms. Goodman made her aware of Mr. León's demands that Ms. Goodman rectify the situation by text or affidavit.

Edwin León

Mr. Edwin León testified on May 24, 2023.  Mr. León testified that he and Ms. Goodman met in May of 2022 while he was a Law Clerk, and she was an Intern.  Mr. León testified an individual is a Law Clerk at YCST until they have passed the Delaware bar. An individual who fails twice may be asked you to leave the firm.  Mr. León testified that he did not pass the bar in 2022.   Mr. León said he decided to leave the firm in the fall of 2022.   Mr.  León testified that he was fired from YCST in December of 2022.  His last day was December 31, 2022.

Mr. León testified that he did not assign work to Ms. Goodman, but they worked on some projects together.  Mr. León testified that he spoke to Ms. Goodman frequently that they would usually talk early in the morning.  Mr.  León testified that they would communicate through text, Spotify™, Google Docs™, and Instagram.™  Mr. León testified that they had an argument over a Trendwatch[68] article that was due on September the 15th 2022.  Mr. León testified Ms. Goodman texted him and asked him to be more receptive to boundary setting.  Mr. León ignored this text.  Mr. León denied ever hazing Ms. Goodman at YCST.   Mr. León testified that there was no phone call at 6:00 AM on September 15th with Ms. Goodman.   Mr. León testified that there had been rumors about Ms. Hanoch at YCST and that he told Ms. Hanoch some unkind things

---

[68] Respondent's Exhibit #11 at 308.

that were being said about her. Mr. León indicated that a sexual harassment complaint had been filed in September of 2022 by Ms. Hanoch.

Mr. León testified he actually met Ms. Goodman in May 2022.  Mr. León said the dating relationship started off purely sexual.  Mr. León testified that their sexual relationship began in June of 2022.   According to Mr. León, she wanted to keep it private and so did he in the initial stages.   Mr. León said the relationship would run hot and cold.  Mr. León said she would text him that she wanted more in the relationship. Mr. León testified that in October/November of 2022 the relationship became odd. Mr. León indicated that they broke up in November 2022 but the breakup lasted less than 12 hours.  Mr. León testified that the couple had periods of time where they would make-up and then break-up.[69]  Mr. León testified that as of December 16, 2022, he considered Ms. Goodman to be his girlfriend.   Mr. León testified that he never asked her to move in with him.   Ms. Goodman had jealousy issues and that she threatened him to dream only about her and added a knife emoji.  Mr. León testified that he did not alter his text messages in any way, but that the text messages on July the 10th were altered.

Mr. León testified that they took the bar exam on Monday, Tuesday, and Wednesday in July of 2022.  He stayed in a hotel during the bar exam.   Ms. Goodman came to his room during the bar exam. Mr. León testified that he said, "Do you remember the first time that I whipped you?"   Mr. León testified that both he and Ms. Goodman found out that they had not passed the Delaware bar exam in October 2022. According to Mr. León, she was short and mean in her communications and that she

---

[69] Petitioner's Exhibit #9.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

had somehow turned. Mr. León stated they both had disabilities and had pursued accommodations for the bar exam.

Mr. León testified that on October the 7, 2022, he sent a text indicating that he had dreamed about her skills and her sexual proclivity during oral sex. Mr. Leon stated that they had both regular sex and BDSM[70] sex their relationship. Mr. León testified that on the BDSM spectrum he's only interested in the bondage and dominance facets of the BDSM[71] spectrum. Mr. León testified that they talked about BDSM topics at length with Ms. Goodman.[72] Mr. León testified that they had 2 safe words and that they're safe words were yellow and red or tapping the other person 3 times. Mr. León testified that during sex that he had moved his hand toward her neck and that they had talked about him placing hands on her neck during sexual intercourse. Mr. León testified that they exchanged articles about BDSM[73] sex and that Mr. Goodman had sent him articles on this topic. Mr. León testified that she never used one of their safe words but that she had tapped him 3 times before. He had stopped when she tapped. Mr. León testified they talked about whipping and about her being a "good girl' in text messages. Mr. León testified that he would generally take his time and earn the trust of the person with whom he engaged in BDSM sex. Mr. León testified that when an individual (in the BDSM context) refers to "play time"[74] they are referring to a BDSM scene. Mr. León testified that when he mentioned the word "aftercare" he would be referring to an after-action report for a BDSM session. Mr. León testified that there were things that she

---

[70] Bondage/ Discipline Dominance/Submission Sadism/Masochism.
[71] Respondent's Exhibit #11 301.
[72] Id. at 218.
[73] Id. at 234.
[74] Id. at 288.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

wanted that he did not want to pursue during their sexual liaisons.  Mr. León testified that Ms. Goodman wanted to engage in a level of strangulation that was longer or harder than his comfort level.  Mr. León also testified that Ms. Goodman wanted to explore touching him sexually in his anal area. Mr. León testified that he never strangled Ms. Goodman to unconsciousness.  Mr. León also testified that Ms. Goodman had a rape fantasy and that she wanted him to look at a Harry Potter themed book on December 11, 2022.[75]  Mr. León stated that he never asked her to send that book but that she wanted to do a lot of the things in the book.  Mr. León denied that he has a cage or any dog crates.  Mr. León testified that Ms. Goodman was uncomfortable with using a belt, but that they only used a belt one time. Mr. León testified that she was not comfortable with oral sex in general.  Mr. León stated that they left consensual marks on one another such as hickeys, bite, marks and marks from a whip or a crop.  Mr. León also testified that she threatened him with a knife emoji in November and October of 2022.  According to Mr. León, Ms. Goodman told him that if he ever cheated on her, 'I will cut it off.'  Mr. León also testified that he had become upset when Ms. Goodman indicated to him that 'I will have my dad kill you.'  According to Mr. Leon, Ms.  Goodman led him to believe that her father was a convicted criminal.  Mr. León stated that there was a criminal docket for Daniel Goodman (DOB 4/15/1975) for assault and simple assault.[76]  Mr. León testified that Ms. Goodman showed him a website with her father's arrest record on it.[77]

---

[75] Respondent's Exhibit #
[76] Respondent's Exhibit #10.
[77] Respondent's Exhibit #10.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

Mr. León testified that on December 2, 2022, he had surgery. Mr. León testified they had sex before his surgery date.   Ms. Goodman was present during his recovery. Mr. León claimed that when he woke up, Ms. Goodman had a wand in her hand that his underwear was pulled down around his thighs.  According to Mr. León, Ms. Goodman said, "Relax, I'm just kidding."   Mr. León said there was a scratch on his behind/buttocks.  Mr. León also testified that Ms. Goodman often requested sex on a constant basis and that she would get angry or snippy when it was denied. Mr. León testified that from May 18th – December 2022, they had intercourse approximately 11 times.  Mr. León stated that she would also get angry and snap at him when he did not talk to her. Mr. León introduced in evidence phone logs from October to December 2022.  Mr. León indicated that he moved here as a teenager that he still has an accent. According to Mr. León, Ms. Goodman was embarrassed at his speech and said that he could not meet her family or friends until he learned how to speak correctly.  Mr. León testified that Ms. Goodman would make fun of him in regards to punctuation and she would get him grammar books.  Mr. León testified that Ms. Goodman would take things on our way out of his house and that she threw out some things that were from his ex-girlfriend.  Mr. León testified Ms. Goodman stole/misplaced one of his cellphones on December the 17, 2022.   Mr. León accused Ms. Goodman of stealing his prescription medication (Adderall and anxiety medication).   Mr. León also testified that Ms. Goodman took books and pieces of jewelry.   Mr. León said that when they got into arguments, Ms. Goodman would block his egress, or she would sleep outside his door (or downstairs) after arguments.  Mr. León also testified Ms. Goodman would wait in the driveway because she was so jealous and would not leave.  Mr. León said Ms.

Goodman threatened to distribute unwanted photographs of him picking apples because she thought that was 'so gay' and that she would not delete the pictures.  Mr. León testified that Ms. Goodman would have fake medical episodes when she wanted him to come and get her.  Mr. León testified that Ms. Goodman could have acute medical episodes and he would have to learn or do chest physical therapy for her cystic fibrosis.  Mr. León testified that Ms. Goodman would make comments about him losing weight and would stalk him on social media.  Mr. León testified that Ms. Goodman tried to reach out to his ex-girlfriends.  Mr. León also testified that Nehama Hanoch was asking others to view his social media and that Ms. Hanoch asked him to go to a wedding.

<u>December 16-17, 2022</u>

Mr. León also testified there was a toy drive on or about December the 16th.  Mr. León said it was a 45-minute drive and he packed clothes.  Mr. León testified that the group went to a bar called the Devil 's Alley and that she was Snapchatting™ him. Mr. León testified that they had been too nervous to go out together and be seen and that it was going to be the first night that they went out together with others. Mr. León's testified the group had dinner at the Hark and Crown.  Mr. León testified that Ms. Goodman lied in the group conversation and that they had a more emotional conversation in person.  Mr. León testified that Ms. Goodman was secretly affectionate with him during the Uber™ ride.  Mr. León testified that Ms. Goodman had at least 2.5 drinks by the time they got to Woody's.  Mr.  León also testified that Ms. Goodman had 6-7 drinks and that she had taken his Xanax™ when she was with him in the bathroom.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

Mr. León testified they would wander off and meet up together.   Mr. León  said they would give each other secret signals and they ended up making out and kissing. According to Mr. León, there were text messages with Ms. Goodman that she was going to Delaware or Conshohocken.  Mr.  León said that she texted him, "I'm outside, I got kicked out.'"   Mr. León stated that his responses were edited, and an emoticon was removed.  Mr. León testified Ms. Goodman altered the text message to remove romantic or emotional feelings toward him.  Mr. León believed that Ms. Goodman did this to hide her emotional connection with him from Nehama Hanoch.

Mr. León testified that they tried to call each other outside Woody's and that Ms. Gooodman was stumbling over the curb and that he eventually gave her this jacket. According to Mr. León, the bouncer had yelled at her. Mr. Leon testified that he knew the bouncer from the martial arts world and that Ms. Goodman confronted the bartender.  Mr. León stated that the bartender said she was wasted.  Mr. León indicated that he was joking around with the bouncer and that at some point Ms. Goodman got into an argument with the bouncer.  Mr. Leon testified they left together and went to look for food. Mr. León testified that they walked 3 blocks. Mr. León testified that she would walk ahead of him on the way back to the group so that the group would not know that they were together.   Mr. León testified that while they were outside of Woody's and Ms. Goodman saw a person with pink hair and went across the street to talk to that person. Mr. León testified that Ms. Goodman reached inside her boot took out a knife and motioned with a knife towards him to back off. Mr. León testified that Ms. Goodman clipped the knife to her skirt. Mr. León testified that he told Ms. Goodman, "I'm going back to Delaware."  Ms. Goodman suggested, "Let's just go to City Hall and we'll take

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

an Uber from there." [78]   According to Mr. León, Ms. Goodman wanted him to follow her.

Mr. León testified that Hayden started to follow for about a half a block then he turned

back.

Mr. León testified that he had a conversation with Ms. Goodman during their walk

and that nothing happened.  Mr. León stated that Ms. Goodman seemed overall

agitated.  Mr. León testified there was no reason for her to be agitated.  Mr. Leon said

that when they got to City Hall that there was a back-and-forth because Ms. Goodman

had gotten calls from Ms. Hanoch.  Mr. Leon testified that Ms. Goodman took some digs

at him and that he had to lay down due to an anxiety attack. Mr. León testified that he

told her to call 911 because he felt his heart was about to explode out of his chest.  Mr.

León said he had his eyes closed and had to take deep breaths.  Mr. León testified that

Ms. Goodman screamed his name and that he sprinted towards 15th street.  Mr. León

testified that there was another guy next to her and he didn't know the situation. Mr.

León testified that Ms. Goodman told him, "They're going to find out... they're going to

find out," and, "They're gonna catch us."  Mr. León stated she then took off in a full

sprint and that he was trying to calm Ms. Goodman.   Mr. León said Ms. Goodman was

rambling and then she got down on the ground.   Mr. León said that Ms. Hanoch

approached them and that she was clawing, screaming, and kicking. Ms. Hanoch went

ballistic, and he got scratched on his face. [79]  Mr. León testified that he took a picture of

the scratch on his face with his cell phone.[80]  Mr. León testified that he had other injuries

to his collarbone, chest, and cheek (inside).   Mr. León testified that once he was

---

[78] Respondent's Exhibit #14 (map from Mr. León).
[79] Respondent's Exhibit #15.
[80] Respondent's Exhibit #15.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

attacked, he went to the police.  Mr. León told the police that he was assaulted by Ms. Hanoch and they took pictures.  Mr. León testified that Timothy Powell and Alexander Ferris confronted him and told him, "We know what you did."  Mr. León said he was cautioned, "You have no friends here," and that "No one will believe you."  Mr. León testified that Mr. Powell asked to see his phone.   Mr. León testified said Ms. Hanoch was not arrested that night, but he filed a police report that night.

Mr. León testified that he recorded telephone calls from Ms. Goodman the night of December 17, 2022.  Mr. León testified that he recorded the calls in Pennsylvania. Mr. León testified that Ms. Goodman was blubbering to him on the phone that she didn't know what happened, and said, "I'm sorry," and "I will correct them."   Mr. León testified that she was panicking because she was scared, "They would find out about us." and "She was not panicking because you were chasing me."   Mr. León testified that he did not ask Ms. Goodman to sign or execute an affidavit.  Mr. León testified that he walked to his car and later drove home.  During his testimony, Mr. León questioned that if Ms. Goodman had a weapon, why didn't she brandish it?  Mr. León admitted to chasing Ms. Goodman during his testimony.  Mr. León testified that he did not assault her and did not grab her.  Mr. León said that his hands were in his pocket the entire time they were walking away from Woody's.

Mr. León testified that Ms. Goodman called him between 2:00 and 4:00 AM (around 16 calls).  He did not answer some of the phone calls.  Mr. León testified there were 9 calls during this time and 7 FaceTime(s).™  Mr. León testified that were text messages between 2:30 - 3:00 a.m.  Mr. León testified that the last phone call between them lasted around one hour, and that Ms. Goodman asked him to remain on the phone

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

until she fell asleep.  Mr. León testified that the battery died out on the phone.  Mr. León said that at some point during the night they were making out and he watched the earring fall from her ear.

Mr. León testified about his home surveillance video that was entered into evidence.   Mr. León stated that she was lying on the couch and that they were on the couch for 30 minutes.  Mr. León said was trying to console her and he was kissing her forehead.   Mr. León stated that Ms. Goodman was worried that she was going to lose her job.   Mr. León was observed giving Ms. Goodman chest PT by rubbing on her chest and her back.  Mr. León testified that he did not demand that Ms. Goodman to fix the situation or text any of his/her coworkers.  Mr. León testified that she showed up unhappy but that she left happy.  Mr. León said Ms. Goodman was supposed to come over again to his house on the December 18th.  Mr. León testified that the next morning she texted "Xanax is no joke" by Snapchat.

Mr. León testified that on December 29, 2022, he received a call from Ms. Goodman (recorded by the police).   Mr. León said it was a short call and Ms. Goodman indicated I can't talk now and there was an abrupt end to the phone call. Mr. León also testified that Ms. Goodman sent him a New Year's Eve message. Mr. León testified that he did not leave a message or letters on Google Docs.  Mr. León testified that he was blocked on social media by Ms. Goodman and that he continued to look at his social media because he believed there was attempt to assassinate his reputation.  Mr. León attempted to contact her family after it was clear she did not want contact.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

## Analysis

Mr. León made several claims that made the Court question his overall credibility.  Mr. León added untrue and unnecessary derogatory comments[81] when narrating the video clips that he presented to the Court.  Mr. León claimed that Ms. Goodman 's father made a threat that he was going to kill him.  Mr. León testified that Ms. Goodman showed him a website that indicated that her father had been arrested for simple assault and aggravated menacing. In support of his claim, Mr. León introduced into evidence a copy of the docket for Ms. Goodman 's father.  The date of the docket print-out was May 2023.[82]  If Mr. León was so "scared" about this threat, why was his only copy of the docket 7-8 months from the date of the alleged threat?  Ms. Goodman denied making this threat and indicated that she was only aware that her father had been arrested during his college years during a bar fight.  In truth, it appears that Ms. Goodman 's father accrued these charges when Ms. Goodman was an infant (the case was closed 2/5/1998).[83]  Furthermore, given the context of the text messages between the parties, it is clear that Ms. Goodman jokingly said, "my dad would kill you," when Mr. León said he was going to flirt with her mother and, "try to steal her away."[84]  Mr. León would later reach out to Ms. Goodman's parents in late December 2022 after his relationship with Ms. Goodman was clearly over.[85]   The absurdity of the claim made by Mr. León is readily apparent.[86]

---

[81] Mr. León's editorial comments on Ms. Goodman's alleged stumbling and state of sobriety while seen on video were not credible.
[82] Respondent's Exhibit #10.  The docket entry was printed on 5/23/23.
[83] Respondent's Exhibit #10.
[84] Respondent's Exhibit #11 at 317-318.  The text exchange is from September 2022.
[85] Petitioner's Exhibit #11.
[86] The Court notes that Ms. Goodman's trial testimony regarding this interaction is corroborated by the text messages.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

Mr. León's claim of a substantive dating relationship with Ms. Hanoch was also concerning.  Ms. Hanoch denied having such a relationship with Mr. León during her testimony.  Ms. Hanoch was incredulous on the witness stand when confronted with the possibility of a PFA filed against her by Mr. León.  Mr. León filed his *pro se* PFA against Ms. Hanoch prior to her scheduled testimony in the PFA trial and several months after the events of December 16-17, 2022.  Mr. León provided no credible explanation for filing a PFA against Ms. Hanoch based on a "substantive dating relationship" during his testimony.  Mr. León testified that he believed that a subjective belief of a substantive dating relationship was all that was needed to file a Motion to Dismiss according to the Court 's comments on March 17, 2023.  Mr. León's PFA was also filed after *both* parties submitted legal filings about the definition of a "substantive dating relationship."  Mr. León's in person testimony regarding having a "substantive dating relationship" with Ms.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

Hanoch was also utterly unbelievable.[87]   The PFA filed against Ms. Hanoch could be considered a frivolous filing.[88]

Finally, Mr. León's claim that he was sent a knife emoji as a "threat" from Ms. Goodman is frivolous and not supported by the weight of the evidence.  Mr. León's also offered sworn testimony as to this text emoji.  The Court reviewed over 450 pages of text between the parties.[89]  Ms. Goodman used a knife emoji twice.  The knife emojii was used in the context of what girls Mr. León should "dream about" before he went to sleep.  Ms. Goodman said, "have sweet dreams, or, in the alternative, dirty dreams about me (and only me [knife emoji])."[90]  This is not a death threat.  It is not a threat for serious bodily harm.  It was flirtatious banter with pure sarcasm.  Any reasonable

---

[87] **Rule 3.3. Candor Toward the Tribunal**

"(a) A lawyer shall not knowingly:
(1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
(2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
(3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence before a tribunal or in an ancillary proceeding conducted pursuant to a tribunal's adjudicative authority, such as a deposition, and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.
(b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.
(c) The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.
(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse." *PA. ST. R.P.C.* Rule 3.3

[88] **Rule 3.1. Meritorious Claims and Contentions**

"A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established." *PA. ST. R.P.C.* Rule 3.1

[89] Respondent's Exhibit #11.
[90] Respondent's Exhibit #11 at 134.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

44

person would understand it to be such.  Mr. León responded by text, **"I like that."** [emphasis added].  Ms. Goodman followed up with an emoji blowing a kiss.  Ms. Goodman used the knife emoji again in reference to "smutty dreams" about her or jokingly, another woman.[91]  Sworn testimony about the knife emoji being a threat is not credible.

The Court observed the demeanor of Ms. Goodman during her testimony.  Ms. Goodman appeared shaken but sincere while recounting the events of December 16-17, 2022.  Ms. Goodman blamed herself for not seeing the signs of trouble of her relationship with Mr. León.  Overall, Ms. Goodman's narrative of the events of December 16th and 17th were consistent with her PFA allegations and the testimony of the other witnesses.  Ms. Goodman's overall testimony was certainly more consistent than that of Mr.  León's.  None of Ms. Goodman's claims were as fanciful as those made by Mr. León.  Ms. Goodman did not disclose her relationship to her coworkers at YSCT.  Ms. Goodman engaged in flirtatious behavior with Mr. León the night of December 16-17, 2022.  Ms. Goodman did not disclose to Ms. Hanoch that she had flirted with Mr. León and tried to hide that fact.  She most likely did not want to admit to Ms. Hanoch her flirtations with Mr. León, whom she had complained about.  The Court believed her explanation of not wanting to upset Mr. León during the night of December 16th and 17th by confronting him directly and telling him she wanted to go back to Wilmington.[92]  Nevertheless, drinking,

---

[91] Respondent's Exhibit #11 at 193.

[92] The Court also finds it improbable that Mr. Leon planned to go out of his way to drive Ms. Goodman back to Wilmington and then return (alone) to his residence in Conshohocken.  Mr. Leon was much closer to his residence when he was in Philadelphia.  Ms. Hanoch and Ms. Goodman were ostensibly headed in the same direction -- back to Wilmington to their shared apartment building.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

engaging in flirtatious conversation, or having amorous activity with Mr. León at Woody's the night of December 16-17, did not excuse the abusive actions of Mr. León that followed.

> **Mr. León engaged in a course of alarming or distressing conduct in a manner which is likely to cause fear or emotional distress or to provoke a violent or disorderly response:**

The video evidence clearly shows Mr. León following Ms. Goodman as she walks away.  Mr. León then sits and then slumps down.  He grabs his chest.  Ms. Goodman paced and kept her distance from Mr. León.   Ms. Goodman raised her cellphone to her hear as to call 911 in reaction to Mr. Leon's actions.  Mr. León testified that he asked her to dial 911 after his "anxiety attack."   Ms. Goodman tried to get the attention of the police who were stationed across the street (she raised and waived her arm).  As her back is turned and more people are present, Mr. León suddenly gets up.  Mr. León sneaks away, out of frame.  As Ms. Goodman begins to walk away and around the corner, Mr. León jogs to her - probably because he is lost sight of her around the corner.[93]   As Mr. León gets closer, Ms. Goodman starts turns run away.  Mr. León runs after her.  Mr. León **chased** her.  Mr. León faked illness in a disgusting effort to take advantage of Ms. Goodman's sympathy.  It was nothing more than an ambush tactic.  Mr. León miraculously recovered and his resumed his pursuit of her.

Ms. Goodman and Mr. Leon appear in the video a second time.  Ms. Goodman can be seen backing away from Mr. Leon.  Ms. Goodman runs away.  Mr. León **chased her a second time.**   The video evidence then shows Emily Jones, Hayden Shugg, and Nehama Hanoch running toward her last known location which was close to City Hall.  It

---

[93] This is apparent when both videos (2 different vantage points/cameras) are reviewed.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

appears her friends were frantically running after her and searching for her.  The video shows Ms. Hanoch run across the street -- against traffic -- in an attempt to reach Ms. Goodman as quickly as she could.  A bystander watched this in probable fascination/concern.   Being chased, being concerned enough to dial 911 on the basis of a false heart attack, are enough to place a reasonable person in emotional distress.  Ms. Goodman's emotional distress was apparent that night, as multiple witnesses described her condition after the chase.   The Court finds that Mr. León chased Ms. Goodman twice and that his actions during both chases were in violation of 10 *Del. C.* §§ 1041 (1) (b), (d), & (h).

#### Mr. León intentionally or recklessly placed Ms. Goodman in reasonable apprehension of physical injury or sexual offense.

Mr. León engaged in sexual contact with Ms. Goodman in a coercive manner.  Mr. León had threatened: (1) to file criminal charges against her friend in Pennsylvania;  (2) to report her friend to the bar authorities in Delaware (presumably the Office of Disciplinary Counsel); (3) to expose their relationship to coworkers, peers, and even her mentor at work.  Mr. León pressured her to send out a group text/group e-mail.  Mr. León pressured her to execute an affidavit.   After the sexual contact, Mr. León gave her a deadline to accede to his demands to "make it right" before she left his residence.   Sexual Extortion[94] is a Class E Felony as defined by the *Delaware Code*.  The Court refers to

---

[94] § 774. Sexual extortion; class E felony

"A person is guilty of sexual extortion when the person intentionally compels or induces another person to engage in any sexual act involving contact, penetration or intercourse with the person or another or others, or to produce a visual depiction of the person or another who is nude, or who is engaging in sexual conduct, with the person or another or others by means of instilling in the victim a fear that, if such sexual act or production is not performed, the defendant or another will:
(1) Cause physical injury to anyone;

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

this section of the *Delaware Code* as evidence of conduct that "a reasonable person under the circumstances would find threatening or harmful."[95]   According to his own testimony, Mr. León initially contacted the police that night in regards to her friend, but had to follow up with the Philadelphia Police Department.  Mr. León threatened further conduct that would have subjected her friend to criminal charges and/or bar disciplinary proceedings. Mr. León also threatened to sue Ms. Hanoch.    The actions threatened by Mr. León to coerce Ms. Goodman to have oral sex with him <u>do not have to be criminal</u> in nature to be considered coercive pursuant to 11 *Del. C.* § 774.  In total, Mr. León's threats would satisfy the elements of Sexual Extortion.[96]  The Court finds that Mr. León engaged in sexual activity with Ms. Goodman on December 17, 2022, and that a reasonable person would find this to be coercive.  Consequently, the Court finds that Mr. León engaged in oral sex with Ms. Goodman on December 17, 2022, and his actions were in violation of 10 *Del. C.* §§ 1041 (1) (b), (d), & (h).

<div align="center">Additional Evidentiary Rulings</div>

The Court will not accept into evidence the audio recordings of conversations between Ms. Goodman and Mr. León made on December 17, 2022.  The recordings were

---

(2) Cause damage to property;
(3) Engage in other conduct constituting a crime;
(4) Accuse anyone of a crime or cause criminal charges to be instituted against anyone;
(5) Expose a secret or publicize an asserted fact, whether true or false, intending to subject anyone to hatred, contempt or ridicule;
(6) Falsely testify or provide information or withhold testimony or information with respect to another's legal claim or defense;
(7) Reproduce, distribute, exhibit, publish, transmit, or otherwise disseminate a visual depiction of any person who is nude, or who is engaging in sexual conduct; or
(8) Perform any other act which is calculated to harm another person materially with respect to the other person's health, safety, business, calling, career, financial condition, reputation or personal relationships.

Sexual extortion is a class E felony." 11 *Del. C.* § 774.

[95] 10 *Del. C.* § 1041.
[96] 11 *Del. C.* § 774.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

made by Mr. León while he was in Pennsylvania and Ms. Goodman was in Delaware. Pennsylvania,[97] unlike Delaware, is a two-party consent state and Ms. Goodman did not consent to the audio recordings. The recordings were illegally made, and Ms. Goodman objected to their admission into evidence. The Court will defer to the law of the state where the recordings were made as in *T.L.D. v. K.J.D.* [98] and not consider the recordings to be admissible evidence.

The Court was informed that an audio computer file of a secretly taped conversation between Mr. León and his employer's general counsel was produced to Petitioner during discovery. The Court received written legal memorandum on the issue of whether the recording should be returned. The last pleading was filed on July 3, 2023, by Counsel for Mr. León. There is no indication that YCST consented to the disclosure of the recording to Petitioner, Ms. Goodman. There is no indication that YCST voluntarily provided the recording to Ms. Goodman. In general, the Court has a legal duty[99] to protect against the disclosure of attorney work-product or attorney-client material in litigation. The Court cannot say that it would be unreasonable for there to be potential litigation (employment or otherwise) given the events of December 2022 and the fact that both Ms. Goodman and Mr. León were employed by YSCT. The Court notes that it heard the sworn testimony of at least seven people who were present in Philadelphia the night of December 16-17, 2022, along with video surveillance. The Court finds that the tape of

---

[97] 18 *Pa. Cons.* § 5703. The Court also notes that the December 16-17, 2022, incident happened in Pennsylvania. Mr. León is a current resident of Pennsylvania and Ms. Goodman was also a resident of Pennsylvania for part of 2022. At least two Pennsylvanian law enforcement agencies were involved in this matter.

[98] In *T.L.D. v. K.J.D.*, 2013 WL 8330728 (Del. Fam. Ct. July 16, 2013), Family Court analyzed the admissibility of a clandestine recording based on the law of the state where the recording was performed. In *T.L.D.*, the recording was deemed inadmissible because it was made illegally. This approach follows *Restatement (Second) of Conflict of Laws* §152 (1971).

[99] "[T]he Court shall protect against the disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Fam. Ct. Civ. R.* 26 (g)(2).

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

Mr. Leon's conversation with his employer would be unnecessarily cumulative[100] and that the probative value of this conversation is not outweighed by the potential violation of privilege(s).  The Court orders that Petitioner not disseminate and destroy the copy of Mr. León surreptitious recording of his conversation with General Counsel for YCST, Mr. Craig Grear.[101]  The Motion to Compel is **DENIED**.

The Court viewed the alleged scratching by Ms. Goodman of Mr. León's arm in a video clip.  All that was seen was Ms. Goodman trying to pull Mr. León's clothed arm in an attempt to get him to stop speaking to the Woody's bouncer/employee.   There appeared to be no intentional physical injury inflicted at the time and Mr. León is seen smiling at the employee before he turns around and walks away with Ms. Goodman.  The Court cannot determine that Ms. Goodman intentionally scratched Mr. León, if at all, in this video clip.  Furthermore, it is rather dubious that Mr. León attributed this injury to Ms. Goodman when he was engaged in a more intense physical altercation with Ms. Hanoch later in the evening/morning of December 16-17, 2022.

The Court does not find that Mr. León injured Ms. Goodman's ear or ripped out her earring.  Ms. Goodman did not establish by a preponderance of the evidence that Mr. León was responsible for any injury to her ear.  Ms. Goodman herself did not know how the earing was dislodged from her ear.  There is not enough circumstantial evidence in the record to attribute this injury to Mr. León.

---

[100] *D.R.E.* 403

[101] Mr. Grear was copied on a Motion to Compel filed by Counsel for Ms. Goodman.  Mr. Grear sent unsolicited written correspondence to the Court during the PFA trial.  The written correspondence was sent to both parties.  The Court notes that YCST did not waive any attorney-client or work-product privileges based on Mr. León's recording. *D.R.E.* 502 (b).

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

The Court does find that Ms. Goodman sustained some type of injury to her arm on or about December 16-17, 2022.  There were no definitive pattern injuries (of a hand wrapped around an arm) present in the photos.  The injures also seemed to be in different stages of healing.  Despite these facts, the Court finds that Ms. Goodman's testimony credible that she sustained an arm injury while trying to evade/resist Mr. León in Center City Philadelphia on or about December 16-17, 2022.

Ms. Goodman did not prove by a preponderance of the evidence that Mr. León strangled her in a non-consensual manner in November of 2022.  Both parties testified that they engaged in sexual activity that involved consensual strangulation on several occasions. Mr. León would place his hands around Ms. Goodman's neck and Ms. Goodman would also place her hands on his hands as a measure of safety.  Mr. León testified that they developed "safe words" and a safety measure (tapping 3 times).  No contemporaneous photos of a neck injury to Ms. Goodman were offered into evidence and there was no indication that Ms. Goodman sought medical attention.   Both parties indicated that they had sexual intercourse in late November around Thanksgiving after this incident.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

III.   **CONCLUSION**

Mr.  León committed acts of abuse pursuant to 10 *Del. C.* § 1041 (1) (b), (d), & (h).
Mr. León chased Ms. Goodman twice through Center City Philadelphia.  Ms. Goodman
contacted her friends for help.  Mr. León faked a heart attack and asked her to call 911.
Ms. Goodman repeatedly ran from Mr. León.  He resumed his chase afterwards.  Five
witnesses saw Ms. Goodman on the ground, head between her legs, shaken, and
struggling to breathe.  Her emotional distress was apparent.  The next day, Mr. León
coerced her into having oral sex with him after threatening to have criminal charges
filed against Ms. Hanoch, threatening to file a lawsuit against Ms. Hanoch, and
threatening to report Ms. Hanoch for professional discipline.  Mr. León also threatened
to damage Ms. Goodman's reputation by exposing their relationship to her coworkers.
Mr. León pressured her to execute an affidavit.  Mr. León pressured her to text her
coworkers to, "Make it right."  He gave her a deadline.  Ms. Goodman broke down
uncontrollably when asked if she had been raped that weekend in December 2022.  Mr.
León did not prove by a preponderance of the evidence that Ms. Goodman committed
an act of abuse.  Mr.  León's claims and sworn testimony were not credible in many
respects (as outlined above).  Mr. León's PFA petition is DENIED.  Ms. Goodman's
PFA petition is GRANTED.

8/31/23
**Date Written Order Issued**

**COMMSSIONER CRAIG R. FITZGERALD**

cc: Petitioner, Respondent, File

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**Tab 27**

EDWIN LEÓN,                              )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )    IN THE COURT OF COMMON PLEAS
                                         )    PHILADELPHIA COUNTY, PA
NEHAMA HANOCH                            )
                                         )    CIVIL ACTION
and                                      )
                                         )    No. 230400452
CHEYENNE GOODMAN                         )
                                         )
and                                      )
                                         )
ROXANNE EASTES,                          )
                                         )
            Defendants.                  )

*Filed and Attested by the
Office of Judicial Records
06 DEC 2023 11:56 am
N. SWEENEY*

## ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of Defendant

Nehama Hanoch's Emergency Motion for a Protective Order (the "Motion") , and any response

thereto, the Motion is GRANTED and it is hereby ORDERED that Defendant Nehama Hanoch

is not required to respond to Plaintiff's Request for Production of Documents and Plaintiff's

Request for Admissions, attached to the Motion as Exhibits A and B, without further order of the

Court.

                              BY THE COURT:


                              _____
                              Judge

| | |
|---|---|
| EDWIN LEÓN,         ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.       ) | IN THE COURT OF COMMON PLEAS |
| ) | PHILADELPHIA COUNTY, PA |
| NEHAMA HANOCH       ) | |
| ) | CIVIL ACTION |
| and        ) | |
| ) | No. 230400452 |
| CHEYENNE GOODMAN     ) | |
| ) | |
| and        ) | |
| ) | |
| ROXANNE EASTES,      ) | |
| ) | |
| Defendants.     ) | |

## DEFENDANT NEHAMA HANOCH'S EMERGENCY MOTION FOR A PROTECTIVE ORDER

*Pro se* Defendant Nehama Hanoch ("Ms. Hanoch") respectfully moves pursuant to Rules

4003.8 and 4012 of the Pennsylvania Rules of Civil Procedure for a protective order directing that

Ms. Hanoch does not need to respond to Plaintiff's pre-complaint Requests for Production of

Documents (the "RFPs," attached hereto as Exhibit A) and Requests for Admissions (the "RFAs,"

attached hereto as Exhibit B), and states the following in support thereof:

1.  The procedural history relevant to this motion predates the filing of the above-captioned

action (the "Action").  On January 3, 2023, Defendant Cheyenne Goodman ("Ms. Goodman")

filed a petition for Protection from Abuse ("PFA") in the Delaware Family Court against Plaintiff

Edwin León ("Plaintiff") (the "Delaware PFA Action").[1]  Ms. Goodman's petition concerned

events that took place on and after the night of December 16, 2022.

---

[1] The file number for the Delaware PFA Action is CN23-01005.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

2.   In connection with the Delaware PFA Action, Plaintiff served a third-party subpoena on Ms. Hanoch for the production of documents and a deposition.   In March 2023, Ms. Hanoch, through her Delaware counsel, produced all responsive, non-privileged documents in her possession.

3.   On March 17, 2023, Plaintiff's Delaware counsel deposed Ms. Hanoch and she answered questions that are now repeated in Plaintiff's RFAs in this Action.

4.   On March 31, 2023, two weeks after receiving her documents and deposing Ms. Hanoch (and Ms. Goodman), Plaintiff filed this Action for wrongful use of civil process.

5.   On May 24, 2023, Ms. Hanoch testified in the Delaware PFA Action.   Plaintiff's Delaware counsel cross-examined Ms. Hanoch and she answered questions that are now repeated in Plaintiff's RFAs in this Action.

6.   On June 13, 2023, after a multi-day trial, the Delaware Family Court granted Ms. Goodman's petition, finding that Plaintiff had committed several acts of abuse against Ms. Goodman on the night of December 16, 2022 and the following day.

7.   Plaintiff served Ms. Hanoch with a writ of summons in this Action on November 21, 2023. Plaintiff's case management conference memorandum states that he is seeking over one million dollars in damages for negligent infliction of emotional distress, intentional infliction of emotional distress, invasion of privacy, defamation, and assault.   (Exhibit C.)

8.   On November 28, 2023, Ms. Goodman filed a Praecipe for Rule to File Complaint.

9.   Plaintiff now seeks extensive and burdensome pre-complaint discovery from Ms. Hanoch in the form of sixteen broad RFPs and fifty RFAs that are already in his possession and/or are not necessary to support any cause of action.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

10. On December 4, 2023, Ms. Hanoch emailed Plaintiff's counsel and requested to meet and confer on the pre-complaint discovery requests.  Plaintiff's counsel refused.

## LEGAL STANDARD

11. Under Pennsylvania Rules of Civil Procedure "[u]pon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense."  Pa.R.C.P. No. 4012(a).

12. A plaintiff is permitted to obtain pre-complaint discovery *only* "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." Pa.R.C.P. No. 4003.8(a).

13. Plaintiff may only seek pre-complaint discovery if he can "set forth probable cause that, based on facts known to him, the evidence sought prior to the filing of a complaint will support a cognizable cause of action pursuant to existing or developing Pennsylvania law."  *McNeil v. Jordan*, 894 A.2d 1260, 1276 (2006).

14. In deciding this motion, the Court "shall weigh the importance of the discovery request against the burdens imposed on any person or party from whom the discovery is sought." Pa.R.C.P. No. 4003.8(b).

## ARGUMENT

15. As discussed in further detail below, Plaintiff cannot meet the standards under Rule 4003.8 and *McNeil* because (i) he already has most of the information he seeks; (ii) the requests are no more than a fishing expedition; (iii) the requests do not help him find evidence necessary to support

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

a cause of action; and (iv) the requests are unreasonably burdensome and intended to harass Ms. Hanoch.

16. <u>First</u>, Plaintiff's discovery requests seek information already in his possession, rendering a second round of discovery unnecessary to the preparation of a complaint.  Plaintiff's requests and case management conference memorandum make clear that his claims against Ms. Hanoch concern events on and after the night of December 16, 2022.  (*See* Ex. B, RFA Definition No. 4; Ex. C).  Ms. Hanoch already produced documents relating to those events to Plaintiff.  Plaintiff *himself* previously produced (without being asked) one of the categories of documents he is now asking Ms. Hanoch to produce.  (*See* Ex. A, RFP No. 5; all communications between himself and Ms. Hanoch starting in January 2022.)

17. Plaintiff's RFAs primarily regurgitate the same questions Ms. Hanoch answered under oath at the deposition and trial in the Delaware PFA Action.  Plaintiff has access to the transcripts from the Delaware PFA Action and he and his counsel can review Ms. Hanoch's answers in preparation for a complaint in this Action.

18. Plaintiff's RFAs are unnecessary for the additional reason that Plaintiff has first-hand knowledge of some of these requests and he himself answered many of these questions in the Delaware PFA Action.  If the Court is to assume that Plaintiff testified truthfully under oath in Delaware, then Plaintiff has no need to burden Ms. Hanoch with these questions in preparation for a complaint.  *See* Pa.R.C.P. No. 4003.8(b).

19. <u>Second</u>, with respect to documents Ms. Hanoch did not previously produce, Plaintiff's RFPs are overly broad.  *See McNeil*, 894 A.2d 1278 ("Under no circumstance should a plaintiff be allowed to embark upon a 'fishing expedition,' or otherwise rely on an amorphous discovery

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

process to detect a cause of action he lacks probable cause to anticipate prior to the pre-complaint discovery process under this standard."); *see also* Pa.R.C.P. No. 4003.8(a).

20. Some of Plaintiff's RFPs span two years, and without any limitation to a topic that would support any cause of action. For example, Plaintiff impermissibly seeks all communications on every platform between Ms. Hanoch and Ms. Goodman starting in January 2022. (Ex. A, RFP No. 1.) The Court should not allow Plaintiff to go on such a fishing expedition, especially where he is seeking inspection of *all* communications that Ms. Hanoch has with a young woman who recently obtained a restraining order against him. *See McNeil*, 894 A.2d at 1274 (2006) (recognizing "the dangers of unconfined pre-complaint discovery" and observing that courts have "wide discretion to deny discovery where it is sought in bad faith [or] would cause the party against which it is sought unreasonable annoyance, embarrassment, oppression, burden, or expense; or would entail unreasonable investigation.").

21. Third, Plaintiff cannot show probable cause for most of his pre-complaint discovery requests because much of the information he seeks is not evidence that could "support a cognizable cause of action pursuant to existing or developing Pennsylvania law." *See McNeil*, 894 A.2d at 1276. For example, Plaintiff prematurely seeks production of a list of all of Ms. Hanoch's experts in this matter, as well as expert reports, which are irrelevant to a complaint. (Ex. A, RFP Nos. 14-15.) In any event, without notice of the allegations against her, Ms. Hanoch has no way of knowing which experts, if any, she may use in this matter.

22. Many of Plaintiff's RFAs are also not material or necessary to support any cause of action against her: to name a few, whether Ms. Hanoch and Plaintiff were previously close friends (which he should also know); whether she and Plaintiff ever traveled together (which he should also know); whether a close family member of hers is a victim of sexual assault; whether she grew up

6

in a religiously conservative household; and whether Ms. Hanoch applied for membership to the District of Columbia bar.  (RFA Nos. 2, 3, 6, 7, 49.)

23. <u>Finally</u>, it is unnecessarily burdensome to now ask Ms. Hanoch to respond to these extensive pre-complaint discovery requests.  In order to respond, Ms. Hanoch would need to carefully review documents and communications across all platforms for the past two years, draft a privilege log (as Ms. Hanoch is an attorney and many communications include privileged work information), and prepare a production.  Plaintiff has had over <u>eight months</u> since initiating this Action to gather information in preparation for his complaint, including speaking with any witnesses and reviewing the record and documents produced in the Delaware PFA Action.

24. Plaintiff's insistence that he must hunt through Ms. Hanoch's records so he can draft a complaint is just another attempt to "merely harass" and "maliciously injure" Ms. Hanoch in retaliation for her supporting Ms. Goodman in her effort to escape Plaintiff's coercion and abuse.[2] *See McNeil*, 894 A.2d at 1276 (citing 42 Pa.C.S. § 8352).

## <u>CONCLUSION</u>

25. For the foregoing reasons, Ms. Hanoch respectfully requests that this Court enter a protective order substantially in the form attached hereto, directing that she does not need to respond to any of Plaintiff's pre-complaint discovery requests.


Dated:  December 6, 2023

<div align="right">

*/s/ Nehama L. Hanoch*
Nehama L. Hanoch

</div>

---

[2] This is not Plaintiff's first retaliatory action against Ms. Hanoch.  In April 2023, Plaintiff filed a PFA against Ms. Hanoch.  The PFA against Ms. Hanoch was dismissed for lack of jurisdiction and Ms. Hanoch was never served or given the opportunity to defend herself.  In Ms. Goodman's PFA action, however, the Delaware Family Court raised Plaintiff's frivolous filing against Ms. Hanoch in explaining why he did not find Plaintiff to be a credible witness.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

1701 Pennsylvania Avenue NW
12th Floor
Washington, DC 20006
hanoch.nehama@gmail.com
Tel: (732) 853-2438

*Defendant*

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

| | |
|---|---|
| EDWIN LEÓN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEHAMA HANOCH<br><br>and<br><br>CHEYENNE GOODMAN<br><br>and<br><br>ROXANNE EASTES,<br><br>　　　　　Defendants. | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>CIVIL ACTION<br><br>No. 230400452 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NEHAMA HANOCH'S EMERGENCY MOTION FOR A PROTECTIVE ORDER

*Pro se* Defendant Nehama Hanoch ("Ms. Hanoch") respectfully moves pursuant to Rules 4003.8 and 4012 of the Pennsylvania Rules of Civil Procedure for a protective order directing that Ms. Hanoch does not need to respond to Plaintiff's pre-complaint Requests for Production of Documents (the "RFPs," attached hereto as Exhibit A) and Requests for Admissions (the "RFAs," attached hereto as Exhibit B), and states the following in support thereof:

### I.　QUESTIONS BEFORE THE COURT

　Whether Plaintiff's pre-complaint discovery requests are not material or necessary to Plaintiff's preparation of a complaint and Ms. Hanoch should not be require to respond to them?

　　　SUGGESTED ANSWER:  Yes.

　Whether Plaintiff's pre-complaint discovery requests would cause Ms. Hanoch unreasonable annoyance, embarrassment, oppression, burden, and expense and Ms. Hanoch should not be required to respond to them?

Certification Due Date: 12/13/2023<br>Response Date: 12/20/2023<br>Case ID: 230400452<br>Control No.: 23121324

SUGGESTED ANSWER:  Yes.

## II.   FACTS

26. The procedural history relevant to this motion predates the filing of the above-captioned action (the "Action").  On January 3, 2023, Defendant Cheyenne Goodman ("Ms. Goodman") filed a petition for Protection from Abuse ("PFA") in the Delaware Family Court against Plaintiff Edwin León ("Plaintiff") (the "Delaware PFA Action").[3]  Ms. Goodman's petition concerned events that took place on and after the night of December 16, 2022.

27. In connection with the Delaware PFA Action, Plaintiff served a third-party subpoena on Ms. Hanoch for the production of documents and a deposition.  In March 2023, Ms. Hanoch, through her Delaware counsel, produced all responsive, non-privileged documents in her possession.

28. On March 17, 2023, Plaintiff's Delaware counsel deposed Ms. Hanoch and she answered questions that are now repeated in Plaintiff's RFAs in this Action.

29. On March 31, 2023, two weeks after receiving her documents and deposing Ms. Hanoch (and Ms. Goodman), Plaintiff filed this Action for wrongful use of civil process.

30. On May 24, 2023, Ms. Hanoch testified in the Delaware PFA Action.  Plaintiff's Delaware counsel cross-examined Ms. Hanoch and she answered questions that are now repeated in Plaintiff's RFAs in this Action.

31. On June 13, 2023, after a multi-day trial, the Delaware Family Court granted Ms. Goodman's petition, finding that Plaintiff had committed several acts of abuse against Ms. Goodman on the night of December 16, 2022 and the following day.

---

[3] The file number for the Delaware PFA Action is CN23-01005.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

32. Plaintiff served Ms. Hanoch with a writ of summons in this Action on November 21, 2023. Plaintiff's case management conference memorandum states that he is seeking over one million dollars in damages for negligent infliction of emotional distress, intentional infliction of emotional distress, invasion of privacy, defamation, and assault. (Exhibit C.)

33. On November 28, 2023, Ms. Goodman filed a Praecipe for Rule to File Complaint.

34. Plaintiff now seeks extensive and burdensome pre-complaint discovery from Ms. Hanoch in the form of <u>sixteen</u> broad RFPs and <u>fifty</u> RFAs that are already in his possession and/or are not necessary to support any cause of action.

35. On December 4, 2023, Ms. Hanoch emailed Plaintiff's counsel and requested to meet and confer on the pre-complaint discovery requests. Plaintiff's counsel refused.

## III.   ARGUMENT

36. Under Pennsylvania Rules of Civil Procedure "[u]pon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense." Pa.R.C.P. No. 4012(a).

37. A plaintiff is permitted to obtain pre-complaint discovery *only* "where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." Pa.R.C.P. No. 4003.8(a).

38. Plaintiff may only seek pre-complaint discovery if he can "set forth probable cause that, based on facts known to him, the evidence sought prior to the filing of a complaint will support a cognizable cause of action pursuant to existing or developing Pennsylvania law." *McNeil v. Jordan*, 894 A.2d 1260, 1276 (2006).

11

39. In deciding this motion, the Court "shall weigh the importance of the discovery request against the burdens imposed on any person or party from whom the discovery is sought." Pa.R.C.P. No. 4003.8(b).

40. As discussed in further detail below, Plaintiff cannot meet the standards under Rule 4003.8 and *McNeil* because (i) he already has most of the information he seeks; (ii) the requests are no more than a fishing expedition; (iii) the requests do not help him find evidence necessary to support a cause of action; and (iv) the requests are unreasonably burdensome and intended to harass Ms. Hanoch.

41. First, Plaintiff's discovery requests seek information already in his possession, rendering a second round of discovery unnecessary to the preparation of a complaint. Plaintiff's requests and case management conference memorandum make clear that his claims against Ms. Hanoch concern events on and after the night of December 16, 2022. (*See* Ex. B, RFA Definition No. 4; Ex. C). Ms. Hanoch already produced documents relating to those events to Plaintiff. Plaintiff *himself* previously produced (without being asked) one of the categories of documents he is now asking Ms. Hanoch to produce. (*See* Ex. A, RFP No. 5; all communications between himself and Ms. Hanoch starting in January 2022.)

42. Plaintiff's RFAs primarily regurgitate the same questions Ms. Hanoch answered under oath at the deposition and trial in the Delaware PFA Action. Plaintiff has access to the transcripts from the Delaware PFA Action and he and his counsel can review Ms. Hanoch's answers in preparation for a complaint in this Action.

43. Plaintiff's RFAs are unnecessary for the additional reason that Plaintiff has first-hand knowledge of some of these requests and he himself answered many of these questions in the Delaware PFA Action. If the Court is to assume that Plaintiff testified truthfully under oath in

12

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

Delaware, then Plaintiff has no need to burden Ms. Hanoch with these questions in preparation for a complaint. *See* Pa.R.C.P. No. 4003.8(b).

44. <u>Second</u>, with respect to documents Ms. Hanoch did not previously produce, Plaintiff's RFPs are overly broad. *See McNeil*, 894 A.2d 1278 ("Under no circumstance should a plaintiff be allowed to embark upon a 'fishing expedition,' or otherwise rely on an amorphous discovery process to detect a cause of action he lacks probable cause to anticipate prior to the pre-complaint discovery process under this standard."); *see also* Pa.R.C.P. No. 4003.8(a).

45. Some of Plaintiff's RFPs span two years, and without any limitation to a topic that would support any cause of action. For example, Plaintiff impermissibly seeks all communications on every platform between Ms. Hanoch and Ms. Goodman starting in January 2022. (Ex. A, RFP No. 1.) The Court should not allow Plaintiff to go on such a fishing expedition, especially where he is seeking inspection of *all* communications that Ms. Hanoch has with a young woman who recently obtained a restraining order against him. *See McNeil*, 894 A.2d at 1274 (2006) (recognizing "the dangers of unconfined pre-complaint discovery" and observing that courts have "wide discretion to deny discovery where it is sought in bad faith [or] would cause the party against which it is sought unreasonable annoyance, embarrassment, oppression, burden, or expense; or would entail unreasonable investigation.").

46. <u>Third</u>, Plaintiff cannot show probable cause for most of his pre-complaint discovery requests because much of the information he seeks is not evidence that could "support a cognizable cause of action pursuant to existing or developing Pennsylvania law." *See McNeil*, 894 A.2d at 1276. For example, Plaintiff prematurely seeks production of a list of all of Ms. Hanoch's experts in this matter, as well as expert reports, which are irrelevant to a complaint. (Ex. A, RFP Nos. 14-

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

15.) In any event, without notice of the allegations against her, Ms. Hanoch has no way of knowing which experts, if any, she may use in this matter.

47. Many of Plaintiff's RFAs are also not material or necessary to support any cause of action against her: to name a few, whether Ms. Hanoch and Plaintiff were previously close friends (which he should also know); whether she and Plaintiff ever traveled together (which he should also know); whether a close family member of hers is a victim of sexual assault; whether she grew up in a religiously conservative household; and whether Ms. Hanoch applied for membership to the District of Columbia bar. (RFA Nos. 2, 3, 6, 7, 49.)

48. Finally, it is unnecessarily burdensome to now ask Ms. Hanoch to respond to these extensive pre-complaint discovery requests. In order to respond, Ms. Hanoch would need to carefully review documents and communications across all platforms for the past two years, draft a privilege log (as Ms. Hanoch is an attorney and many communications include privileged work information), and prepare a production. Plaintiff has had over eight months since initiating this Action to gather information in preparation for his complaint, including speaking with any witnesses and reviewing the record and documents produced in the Delaware PFA Action.

49. Plaintiff's insistence that he must hunt through Ms. Hanoch's records so he can draft a complaint is just another attempt to "merely harass" and "maliciously injure" Ms. Hanoch in retaliation for her supporting Ms. Goodman in her effort to escape Plaintiff's coercion and abuse.[4] See McNeil, 894 A.2d at 1276 (citing 42 Pa.C.S. § 8352).

---

[4] This is not Plaintiff's first retaliatory action against Ms. Hanoch. In April 2023, Plaintiff filed a PFA against Ms. Hanoch. The PFA against Ms. Hanoch was dismissed for lack of jurisdiction and Ms. Hanoch was never served or given the opportunity to defend herself. In Ms. Goodman's PFA action, however, the Delaware Family Court raised Plaintiff's frivolous filing against Ms. Hanoch in explaining why he did not find Plaintiff to be a credible witness.

14

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

## **CONCLUSION**

50. For the foregoing reasons, Ms. Hanoch respectfully requests that this Court enter a protective order substantially in the form attached hereto, directing that she does not need to respond to any of Plaintiff's pre-complaint discovery requests.


Dated:  December 6, 2023

<div style="margin-left: 50%;">

_/s/ Nehama L. Hanoch_

Nehama L. Hanoch
1701 Pennsylvania Avenue NW
12th Floor
Washington, DC 20006
hanoch.nehama@gmail.com
Tel: (732) 853-2438


_Defendant_

</div>

## VERIFICATION

Nehama Hanoch verifies that she is empowered to sign this Verification on her own behalf, and she further verifies that she has sufficient knowledge or information based upon her own investigation of the matters set forth in the foregoing document to make this Verification, and that the facts set forth in the foregoing document are true and correct to the best of her knowledge, information, and belief.

This Verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____

Nehama Hanoch

16

|  |  |
|---|---|
| EDWIN LEÓN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) IN THE COURT OF COMMON PLEAS |
| | ) PHILADELPHIA COUNTY, PA |
| NEHAMA HANOCH | ) |
| | ) CIVIL ACTION |
| and | ) |
| | ) No. 230400452 |
| CHEYENNE GOODMAN | ) |
| | ) |
| and | ) |
| | ) |
| ROXANNE EASTES, | ) |
| | ) |
| Defendants. | ) |

### _PRO SE_ DEFENDANT CERTIFICATION OF GOOD FAITH

Pursuant to Phila.Civ.R. 208.2(e), the undersigned movant, proceeding _pro se_, hereby certifies and attests that:

a. He or she has had the contacts described below with opposing counsel or unrepresented party regarding discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

Description:  Defendant Nehama Hanoch contacted counsel for Plaintiff, Lida Bonner, by email on December 4, 2023 and explained the reasons for which pre-complaint discovery is unnecessary in this Action, as set forth herein.  Plaintiff's counsel directed Defendant to respond to the discovery requests, refused to address the issues outlined above, and did not agree to the request to meet and confer.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

b. He or she has made good faith but unsuccessful efforts described below to contact opposing counsel or unrepresented party in an effort to resolve the discovery dispute.

Description:  Defendant Nehama Hanoch contacted counsel for Plaintiff, Lida Bonner, by email on December 4, 2023 and explained the reasons for which pre-complaint discovery is unnecessary in this Action, as set forth herein.  Plaintiff's counsel directed Defendant to respond to the discovery requests, refused to address the issues outlined above, and did not agree to the request to meet and confer.

Dated:  December 6, 2023

CERTIFIED TO THE COURT BY:

*/s/ Nehama L. Hanoch*

18

# EXHIBIT A

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

**PAX LEGAL, LLC**                                    *Counsel for Plaintiff,*
By:  Neil M. Hilkert, Esq.                            Edwin León
      Lida L. Bonner, Esq.
Attorney I.D. Nos. 44696 & 83985
600 W. Germantown Ave.
Suite # 400
Plymouth Meeting, PA 19462
(610) 940-1663 TEL
*neil@paxlegalllc.com*
*lida@paxlegalllc.com*

| | | |
|---|---|---|
| **EDWIN LEÓN,** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY, PA** |
| *Plaintiff,* | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **CASE ID NO. 230400452** |
| **NEHAMA HANOCH,** *et al.* | : | |
| | : | |
| *Defendants* | : | |

### PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, NEHAMA HANOCH

Pursuant to Pa.R.C.P. 4009, Plaintiff, Edwin León  (the "Plaintiff"), by and through this

counsel, PAX Legal, LLC, hereby demands Defendant, Nehama Hanoch (the "Defendant"),

respond to Plaintiff's Request for Production of Documents and Things to be answered in

accordance with Pennsylvania Rules of Civil Procedure, which requires service of response on

Plaintiff's counsel within thirty (30) days after service of these requests.

### DEFINITIONS AND INSTRUCTIONS

1.      The term "You" or "Your" or "Defendant" refers to the responding party, any
entities owned or co-owned by the responding party, and to its past and present agents, attorneys,
servants, employees, representatives and any other persons or entities acting for or on behalf of
the responding party.

2.      The term "YCST" refers to the law firm of Young, Conaway, Stargatt and Taylor,
LLP.

3.      The term "December 16, 2022 – December 17, 2022 Outing" refers to the dinner
and bar hopping in which You, Cheyenne Goodman, the Plaintiff, Edwin León, and Dan Otter

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

members of YCST and their friends went to dinner and then two several bars in Philadelphia, Pennsylvania starting in the evening of December 16, 2022 and ending in the early morning hours of December 17, 2022.

4.    "Documents" includes, without limitation, correspondence, memoranda, inter office communications, minutes, reports, notes, schedules, computations, analyses, drawings, diagrams, specifications, tables, graphs, charts, maps, surveys, books of account, ledgers, invoices, quotations, bids, purchase orders, pleadings, questionnaires, contracts, bills, check drafts, diaries, logs, proposals, print-outs, recordings, telegrams, faxes, films, tests, studies, computer records, electronic mail, text messages, social media messages or chats, CAD Files and all other documents, tangible or retrievable, of any kind. "Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however, reproduces or stored. "Documents" also include any preliminary notes and drafts of any of the foregoing, in whatever form. "Documents" includes any compilation of data from which information can be obtained, and/or translated, if necessary, by Defendant through detection devices into reasonably usable form.

5.    "Employee" means, without limitation, current and former officers, directors, executives, managers, sales personnel, secretaries, clerical staff, messengers, architects, contractors, subcontractors, or any other person employed by the Defendant.

6.    "Identify" or "identification" when used in reference to a document means to state the date and author, the custodian of the document, the addressees of the document and those copied on the document, the type of document (e.g., letter, memorandum, chart, etc.) and other means of identifying it, including a brief summary of its contents. If such document was, but is no longer, in your possession and subject to your control, state its disposition.

7.    "Identify" or "identification" when used in reference to a firm, partnership, corporation, or other entity, means to state its full legal name, any other name(s) under which it conducts its trade or business, the address of its corporate headquarters, the address of its principal place of business, its telephone number, website address, the legal form of the entity and its current officers, directors or chief executive.

8.    "Identify" or "identification" when used in reference to an individual person, means to state that person's full legal name, residence address (designated as current or last known), job title, job description and direct supervisor, dates or employment with you or your company, and business (include extension), home, cellular and mobile telephone numbers (designated as current or last known).

9.    If any information requests in this request for documents is withheld based on a claim of privilege, please provide a statement of the claim or privilege and all facts relied on in support of that claim, including the following:

    a.  The date and medium of communication;
    b.  The identity of the persons to such communication;
    c.  The subject matter of the communication;
    d.  The identity of any document that was the subject of such communication, and the present location of such document;

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

e. The identity of any document which records, refers to or relates to such communication, and the present location of such document; and

f. The paragraph or paragraphs of this request to which such information is responsive.

10. If any information is withheld based on a claim that such information constitutes attorney work product, please provide all of the information described above and also identify the litigation in connection with which such information was obtained or prepared.

11. Each definition set forth above shall apply to the singular or plural, and to the past, present or future form of each term.

12. These requests are deemed continuing in nature and require Defendant to provide supplemental answers or production in accordance with the requirements of Rule 4007.4 of the Pennsylvania Rules of Civil Procedure.

13. In producing documents, you are requested to produce the original of each document requested, together with all non-identical copies and drafts of such document. If the original of any document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

14. If any requested document or thing cannot be produced in full, you are to produce it to the extent possible, indicating which document, or portion of such document, is being withheld, and the reason that document, or portion of such document, is being withheld.

15. Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these requests.

16. Any documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business.

17. Any documents shall be produced in the file folder, envelope or other container in which documents are kept and maintained by you. If for any reason the container cannot be produced, produce copies of any labels or other identifying marks.

18. Documents shall be produced in such fashion as to identify the department, branch or office in which possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

19. Documents attached to each other should not be separated.

20. If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning its loss.

## **DOCUMENT REQUESTS**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

1.  Copies of any communication(s) between You and Cheyenne Goodman from January 1, 2022 through present.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

2.  Copies of any phone records, including but not limited to call logs, text messages, videos and images, between You and Cheyenne Goodman from December 16 – December 22, 2022.

3.  Copies of any communication(s) between You and Timothy Powell from January 1, 2022 through present.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

4.  Copies of any phone records, including but not limited to call logs, text messages, videos and images, between You and Timothy Powell from December 16 – December 22, 2022.

5.  Copies of any communication(s) between You and the Plaintiff from January 1, 2022 through present.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

6.  Copies of any phone records, including but not limited to call logs, text messages, videos and images, between You and the Plaintiff from December 16 – December 22, 2022.

7.  Copies of any communication(s) between You and Roxanne Eastes from January 1, 2022 through present.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

8.  Copies of any phone records, including but not limited to call logs, text messages, videos and images, between You and Roxanne Eastes from December 16 – December 22, 2022.

9.  Copies of any communication(s) between You and YCST from January 1, 2022 through present that references the Plaintiff.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

10.  Copies of any communication(s) between You and YCST from January 1, 2022 through present that references Cheyenne Goodman.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

11.  Copies of any communication(s) between You and YCST from January 1, 2022 through present that references the December 16, 2022 – December 17, 2022 Outing.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

12.  Communications between You and any person/entity pertaining to the December 16, 2023 – December 17, 2022 Outing.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

13.   Documents containing the name or other identification of persons who have knowledge of the events pertaining to the December 16, 2022 – December 17, 2022 Outing.

14.   The curriculum vitae of all persons retained by You as an expert witness in this matter, whether or not you intend to present such expert witness to testify at trial, including but not limited to persons retained as consulting experts.

15.   The report of all experts retained by You, or on Your behalf, pertaining to the December 16, 2022 – December 17, 2022 Outing.

16.   Any documents referenced in Your Answers to Plaintiff's First Set of Request for Admissions.

**PAX LEGAL, LLC**

Dated: <u>November 21, 2023</u>        By: _____

Lida L. Bonner, Esquire
***Counsel for Plaintiff,***
Edwin León

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

# EXHIBIT B

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

**PAX LEGAL, LLC**
By:  Neil M. Hilkert, Esq.
     Lida L. Bonner, Esq.
Attorney I.D. Nos. 44696 & 83985
600 W. Germantown Ave.
Suite # 400
Plymouth Meeting, PA 19462
(610) 940-1663 TEL
*neil@paxlegalllc.com*
*lida@paxlegalllc.com*

*Counsel for Plaintiff,*
Edwin León

| | |
|---|---|
| **EDWIN LEÓN,** : | **COURT OF COMMON PLEAS** |
| : | **PHILADELPHIA COUNTY, PA** |
| *Plaintiff,* : | |
| : | **CIVIL ACTION** |
| **v.** : | |
| : | **CASE ID NO. 230400452** |
| **NEHAMA HANOCH,** *et al.* : | |
| : | |
| *Defendants* : | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## DIRECTED TO DEFENDANT, NEHAMA HANOCH

Pursuant to Pennsylvania Rule of Civil Procedure 4014, Plaintiff, Edwin León (the "Plaintiff"), by and through his undersigned counsel, PAX Legal, LLC, hereby requests that the Defendant, Nehama Hanoch (the "Defendant"), make the following admissions, for purposes of the pending action only, and subject to all pertinent objections as to relevancy which may be made at the time of trial in this case.

Pursuant to Pennsylvania Rule of Civil Procedure 4014(b), each Request for Admission and the matters contained therein will be considered admitted unless, within thirty (30) days after service of the Request, the Defendant serves upon counsel for Plaintiff answers verified by the Defendant or objections signed by the Defendant or his counsel.

## DEFINITIONS AND INSTRUCTIONS

1.      The term "You" or "Your" or "Defendant" refers to the responding party, any entities owned or co-owned by the responding party, and to its past and present agents, attorneys, servants, employees, representatives and any other persons or entities acting for or on behalf of the responding party.

2.      The term "YCST" refers to the law firm of Young, Conaway, Stargatt and Taylor, LLP.

3.      The term "PFA" refers to the Protection From Abuse Order filed by Cheyenne Goodman against the Plaintiff, Edwin León, in Delaware Family Court sometime in January of 2023.

4.      The term "December 16, 2022 – December 17, 2022 Outing" refers to the dinner and bar hopping in which You, Cheyenne Goodman, the Plaintiff, Edwin León, and various other members of YCST and their friends went to dinner and then two several bars in Philadelphia, Pennsylvania starting in the evening of December 16, 2022 and ending in the early morning hours of December 17, 2022.

5.      The term "Sexting" refers to communications via text message or other forms of social media communication, such as SnapChats, that are sexual in nature.

6.      These Requests for Admission encompass all information, documents, and records that are in the possession, control or custody of the Defendant or any of its employees, agents, servants, assigns, representatives and attorneys.

7.      If any objections are made to any Requests for Admissions, the reasons therefore shall be stated.

8.      A denial shall fairly meet the substance of the Request for Admission, and when good faith requires that Defendant qualify its answer or deny only a part of the matter of which an admission is requested, Defendant should specify as much of it as is true and qualify or deny the remainder.

9.      If there is any claim of privilege relating to any Request for Admission, Defendant shall set forth fully the basis for the claim of privilege, including the facts upon which Defendant is relying to support the claim of privilege, in sufficient detail to permit the Court to rule on the propriety of the privilege.

10.      If any information sought in these Requests for Admissions is withheld based on a claim of privilege, please provide a statement of the claim or privilege and all facts relied on in support of that claim, including the following:

     a.   The date and medium of communication;

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

    b.   The identity of the persons to such communication;
    c.   The subject matter of the communication;
    d.   The identity of any document that was the subject of such communication, and the present location of such document;
    e.   The identity of any document which records, refers to or relates to such communication, and the present location of such document; and
    f.   The paragraph or paragraphs of this request to which such information is responsive.

11.    If any information is withheld based on a claim that such information constitutes attorney work product, please provide all of the information described above and also identify the litigation in connection with which such information was obtained or prepared.

12.    If Defendant's response to any Request for Admission is not an unqualified admission, the answer shall specifically deny the matter or set forth in detail the reasons Defendant cannot truthfully admit or deny the matter, subject to the provisions of the Pennsylvania Rules of Civil Procedure.

13.    A denial shall fairly meet the substance of the Request for Admission, and when good faith requires that Defendant qualify its answer or deny only a part of the matter of which an admission is requested, Defendant should specify as much of it as is true and qualify or deny the remainder.

14.    Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless it is stated that Defendant has made a reasonable inquiry and that the information known to Defendant, or readily obtainable by Defendant, is insufficient to enable Defendant to admit or deny.

15.    This Request for Admission is continuing in nature, and must be supplemented promptly if Defendant obtain or learn further or different information between the date of the responses and the time of trial, by which Defendant know that a previous response was incorrect when made, or though correct when made, is no longer true.

16.    These requests are deemed continuing in nature and require Defendant to provide supplemental answers or production in accordance with the requirements of Rule 4007.4 of the Pennsylvania Rules of Civil Procedure.

17.    Unless otherwise indicated, the time period to which this Request for Admission is directed is from August 2021 through the present.

## REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANT NEHAMA HANOCH

1.    You met the Plaintiff, Edwin León, sometime in August of 2021.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

2.  You and the Plaintiff, Edwin León, were close friends until sometime in late 2022.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

3.  You and the Plaintiff, Edwin León, engaged in personal travel together.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

4.  You met Cheyenne Goodman in the winter of 2022.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

5.  You and Cheyenne Goodman are close personal friends.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

ADMIT _____ DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

6. You have a close family member who was the victim of a sexual assault.

ADMIT _____ DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

7. You were raised in a religiously conservative household.

ADMIT _____ DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

8. You witnessed the Plaintiff, Edwin León, and Cheyenne Goodman interacting at the July 2022 Delaware Bar Examination.

ADMIT _____ DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

9. At the July 2022 Delaware Bar Examination, You observed that Cheyenne Goodman appeared to be alarmed when she was observed by You in the company of the Plaintiff, Edwin León.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

ADMIT _____    DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

10. Cheyenne Goodman, until the January 2023 filing of the PFA, did not disclose to You that she was at any time in a consensual, sexual relationship with Plaintiff, Edwin León.

ADMIT _____    DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

11. You reported the Plaintiff, Edwin León, to YCST.

ADMIT _____    DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

12. You were in attendance at the December 16, 2022 – December 17, 2022 Outing in Philadelphia, Pennsylvania.

ADMIT _____    DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

13. At the December 16, 2022 – December 17, 2022 Outing, You witnessed the Plaintiff, Edwin León, and Cheyenne Goodman both being absent from the public area of the two bars at the same time throughout the evening.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

14. At the December 16, 2022 – December 17, 2022 Outing, Cheyenne Goodman told You that she was uncomfortable with the Plaintiff, Edwin León.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

15. At the December 16, 2022 – December 17, 2022 Outing, Cheyenne Goodman did not tell You that she was Sexting with the Plaintiff, Edwin León throughout the night.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

16. Cheyenne Goodman did not tell You that she had violent sexual fantasies, including a Harry Potter rape fantasy.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

17. Cheyenne Goodman did not tell You that she engaged in a consensual BDSM relationship with the Plaintiff, Edwin León.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

18. In the early morning hours of December 17, 2022, at the end of the December 16, 2022 – December 17, 2022 Outing, Cheyenne Goodman texted You that she was being followed by the Plaintiff, Edwin León.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

19. As a result of the text identified in Request for Admission # 18, above, You told Cheyenne Goodman to stay where she was and that You would come and get her.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

20. As a result of the text identified in Request for Admission # 18, above, You told the police that a sexual assault was occurring.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

21. Cheyenne Goodman did not at any time during the December 16, 2022 – December 17, 2022 Outing state to You that the Plaintiff, Edwin León, was sexually assaulting her.


      **ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

22. As a result of the text identified in Request for Admission # 18, above, You assaulted the Plaintiff, Edwin León.


      **ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

23. As a result of the text identified in Request for Admission # 18, above, You struck the Plaintiff, Edwin León.


      **ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

24. As a result of the text identified in Request for Admission # 18, above, You scratched the Plaintiff, Edwin León.


      **ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

25. As a result of the text identified in Request for Admission # 18, above, You threatened the Plaintiff, Edwin León.


   **ADMIT _____ DENY _____**


   **IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

26. In the early morning hours of December 17, 2022, You assaulted the Plaintiff, Edwin León.


   **ADMIT _____ DENY _____**


   **IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

27. In the early morning hours of December 17, 2022, You struck the Plaintiff, Edwin León.


   **ADMIT _____ DENY _____**


   **IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

28. In the early morning hours of December 17, 2022, You scratched the Plaintiff, Edwin León.


   **ADMIT _____ DENY _____**


   **IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

29. In the early morning hours of December 17, 2022, You threatened the Plaintiff, Edwin León.

      **ADMIN _____   DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

30. On December 17, 2022, You reported the Plaintiff, Edwin León, to YCST.

      **ADMIT _____   DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

31. On December 17, 2022, You attempted to report the Plaintiff, Edwin León, to Brennan.

      **ADMIT _____   DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

32. On December 17, 2022, You directed the concierge at YCST that the Plaintiff, Edwin León, was to be refused access to the offices of YCST.

      **ADMIT _____   DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

33. On December 17, 2022, You reported the Plaintiff, Edwin León, to YCST.

      **ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

34. On December 18, 2022, You met with Joe Barry of YCST.

      **ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

35. At the December 18, 2022, meeting between You and Joe Barry of YCST, You told Joe Barry of YCST that the Plaintiff, Edwin León, tried to harm someone during the December 16, 2022 – December 17, 2022 Outing.

      **ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

36. At the December 18, 2022, meeting between You and Joe Barry of YCST, You told Joe Barry of YCST that the Plaintiff, Edwin León, harmed someone during the December 16, 2022 – December 17, 2022 Outing.

      **ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

37. You previously reported the Plaintiff, Edwin León, to Joe Barry of YCST.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

38. On December 18, 2022, You told Cheyenne Goodman that You and Ms. Goodman needed to take action to keep the Plaintiff, Edwin León, from having access to YCST.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

39. You took this action on December 18, 2022, to protect Yourself from the police report You believed the Plaintiff, Edwin León, would be filing against You.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

40. You took this action on December 18, 2022, despite the knowledge that no harm had been threatened during the December 16, 2022 – December 17, 2022 Outing.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

**CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

41. You took this action on December 18, 2022, despite the knowledge that no harm had occurred to Cheyenne Goodman during the December 16, 2022 – December 17, 2022 Outing.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

42. On December 18, 2022, Cheyenne Goodman told You that no assault had occurred.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

43. On December 18, 2022, Cheyenne Goodman told You that all she had was a feeling and no actual action taken by the Plaintiff, Edwin León.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

44. On December 18, 2022, Cheyenne Goodman told You that the only thing that the Plaintiff, Edwin León, had done to her was offer to take her home.

**ADMIT _____ DENY _____**

14

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

45. Once You became aware that Cheyenne Goodman was in fact involved in a consensual sexual relationship with the Plaintiff, Edwin León, You revised Your reporting to YCST.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

46. Once You became aware that Cheyenne Goodman was in fact involved in a consensual sexual relationship with the Plaintiff, Edwin León, You notified YCST that Your previous reporting to YCST was based on incorrect information.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

47. You testified truthfully in Your March 15, 2023 Deposition.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

48. You testified truthfully in Your testimony in the PFA Hearing on May 24, 2023.

**ADMIT _____ DENY _____**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

49. You applied for membership to the Bar of the District of Columbia.


**ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

50. You notified the Delaware Bar of Your actions during the December 16, 2022 – December 17, 2022 Outing.


**ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

                                    **PAX LEGAL, LLC**

Dated: <u>November 21, 2023</u>          By: _____
                                         Lida L. Bonner, Esquire
                                         Neil M. Hilkert, Esquire
                                         ***Counsel for Plaintiff,***
                                         Edwin León

16

# EXHIBIT C

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| | : | Court of Common Pleas |
| Edwin León | : | Civil Division |
| v, | : | |
| Cheyenne Goodman, | : | Case ID No. 230400452 |
| Nehama Hanoch and Roxanne Eastes | : | |

## CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing party: _Edwin León, Esq._   By: _Lida L. Bonner, Esq._, Esq.

Counsel's address and telephone number (**IMPORTANT**) _____

_PAX Legal, LLC_

_600 W. Germantown Pike, Suite # 400_

_Plymouth Meeting, PA 19426_

## Part A
### *(to be completed in personal injury cases)*

1. Date of accident or occurrence: _December 16th and 17th, 2022_

   1(a).  Age of Plaintiff(s): _over 21_

2. Most serious injuries sustained: _____

   See claims which will include Intentional Infliction of Emotional Distress, Negligent Inflication of Emotional Distress,

   Invasion of Privacy, Defamantion and Assault as to the Goodman and Hanoch Defendants, only.

3. Is there any permanent injury claimed?   ☑ Yes   ☐ No

   If yes, indicate the type of permanent injury: _____
   Scar on Plaintiff's face.

4. Dates of medical treatment: _Ongoing_

5. Is medical treatment continuing?   ☑ Yes   ☐ No

6. Has there been an inpatient hospitalization?   ☐ Yes   ☑ No

***This form shall be presented to the Case Manager and copies served upon all parties at the Case Management Conference by counsel prepared to discuss its contents.***

01-105 (Rev. 10/99) (1)

<span style="color:red">Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324</span>

7. Has there been any surgery?  ☐ Yes  ☑ No

   If yes, indicate the type of surgery: _____

8. Approximate medical bills to date: $ _TBD_____

   Approximate medical bills recoverable in this case: $ _TBD_____

9. Are there any existing liens (Workers Compensation, DPW, Medical, etc.)?   ☐ Yes  ☑ No

   If yes, what type and approximate amount? _____

10. Time lost from work: _____

11. Approximate past lost wages: _TBD_____

12. Is there a claim for future lost earning capacity?  ☑ Yes  ☐ No

    If yes, approximate future lost earning capacity: _____

13. Are there any related cases or claims pending?  ☑ Yes  ☐ No

    If so, list caption(s) or other appropriate identifier: _Delaware Family Court matter._____

    _____

    _____

14. Do you anticipate joining additional parties?  ☑ Yes  ☐ No

15. Plaintiff's factual position as to liability: _____

    _Liability is joint and several for all counts except the Assault Counts, which is brought against the Goodman and Hanoch_

    _Defendants, only._

    _____

16. Defense factual position as to liability: _Unknown_____

    _____

    _____

17. Defense position as to causation of injuries alleged: _Unknown_____

18. Identify all applicable insurance coverage:

| Defendant | Insurance Carrier | Coverage Limits |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

    Are there issues as to the applicability
    of the above insurance coverage:  ☐ Yes  ☐ No

19. Demand: $ _1,000,000.00 plus_____    Offer: $ _____

01-105 (Rev. 10/99) (2)

<span style="color:red">Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324</span>

# Part B

### *(to be completed in all cases other than personal injury)*

1. Date of contract of transaction: December 16th and 17th, 2022

2. Is there a writing?  ☑ Yes   ☐ No

   If yes, is there an allegation that the writing does
   not contain the entire agreement of the parties?   ☐ Yes   ☑ No

3. Is the Uniform Commercial Code applicable to this case?   ☐ Yes   ☑ No

4. Describe the nature of the conduct alleged as giving rise to the cause of action:

   See claims which will include Intentional Infliction of Emotional Distress, Negligent Inflication of Emotional Distress,

   Invasion of Privacy, Defamantion and Assault as to the Goodman and Hanoch Defendants, only.

5. State the amount of damages claimed by Plaintiff:

   (a)  Direct  $1,000,000.00 plus

   (b)  Consequential  TBD

   (c)  Other (specify)  TBD

6. Defense position as to alleged nature of conduct giving rise to cause of action and any counterclaim:

   Unknown

7. If there is a counterclaim, state the amount of damages sought:

   (a)  Direct  N/A

   (b)  Consequential  N/A

   (c)  Other (specify)  N/A

8. Identify all applicable insurance coverage:

| *Defendant* | *Insurance Carrier* | *Coverage Limits* |
|---|---|---|
|  |  |  |
|  |  |  |

9. Demand: $ 1,000,000.00 plus          Offer: $

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

| | |
|---|---|
| EDWIN LEÓN,      ) | |
|      ) | |
|      Plaintiff,   ) | |
|      ) | |
|      v.     ) | IN THE COURT OF COMMON PLEAS |
|      ) | PHILADELPHIA COUNTY, PA |
| NEHAMA HANOCH   ) | |
|      ) | CIVIL ACTION |
| and     ) | |
|      ) | No. 230400452 |
| CHEYENNE GOODMAN   ) | |
|      ) | |
| and     ) | |
|      ) | |
| ROXANNE EASTES,   ) | |
|      ) | |
|      Defendants.   ) | |

## **CERTIFICATE OF SERVICE**

I, Nehama L. Hanoch, hereby certify that, a true and correct copy of the Emergency Motion

for a Protective Order, and exhibits hereto, was served via email upon the following parties:

Cheyenne A. Goodman
cheyenne.a.goodman@gmail.com

Thomas D. Bielli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
tbielli@bk-legal.com

Lida Bonner, Esquire
Pax Legal, LLC
600 W. Germantown Pike,
Suite 400
Plymouth Meeting, PA 19462
lida@paxlegalllc.com

Niel Hilkert, Esquire
Pax Legal, LLC
600 W. Germantown Pike,
Suite 400
Plymouth Meeting, PA 19462
neil@paxlegalllc.com

Dated:  December 6, 2023

/s/ Nehama L. Hanoch
Nehama L. Hanoch
1701 Pennsylvania Avenue NW
12th Floor
Washington, DC 20006
hanoch.nehama@gmail.com
Tel: (732) 853-2438

*Defendant*

**Tab 28**

EDWIN LEÓN

               Plaintiff,

    v.

NEHAMA HANOCH

and

CHEYENNE GOODMAN

and

ROXANNE EASTES

               Defendants.

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA

CIVIL ACTION

NO. 230400452

*Filed and Attested by the Office of Judicial Records 06 DEC 2023 12:16 pm N. SWEENEY*

## **ORDER**

AND NOW, this _____ day of _____, 2023, upon consideration of Defendant Roxanne Eastes' Emergency Motion for Protective Order (the "Motion"), and any response thereto, the Motion is GRANTED and it is hereby ORDERED that Defendant Roxanne Eastes is not required to respond to (1) *Plaintiff's Request for Production of Documents Directed to Defendant, Roxanne Eastes* and (2) *Plaintiff's First Request for Admissions Directed to Defendant, Roxanne Eastes*, which are attached to the Motion as Exhibits A and B, without further order of the Court.

               BY THE COURT:

               _____

               J.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

Thomas D. Bielli, Esquire (No. 202100)
**BIELLI & KLAUDER, LLC**
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 642-8271
tbielli@bk-legal.com



*Filed and Attested by the Office of Judicial Records 06 DEC 2023 12:16 pm N. SWEENEY*

*Counsel to Defendant Roxanne Eastes*

| | |
|---|---|
| EDWIN LEÓN<br>                    Plaintiff,<br>     v.<br><br>NEHAMA HANOCH<br><br>and<br><br>CHEYENNE GOODMAN<br><br>and<br><br>ROXANNE EASTES<br>                    Defendants. | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>CIVIL ACTION<br><br>NO. 230400452 |

### DEFENDANT ROXANNE EASTES'
### EMERGENCY MOTION FOR PROTECTIVE ORDER

Defendant Roxanne Eastes ("Eastes"), by and through her attorneys, pursuant to

Pennsylvania Rules of Civil Procedure 4003.8(b) and 4012(a), respectfully requests that this

Honorable Court issue an Order that Eastes is not required to respond to (1) *Plaintiff's Request*

*for Production of Documents Directed to Defendant, Roxanne Eastes* (the "RFPs," attached

hereto as Exhibit A) and (2) *Plaintiff's First Request for Admissions Directed to Defendant,*

*Roxanne Eastes* (the "RFAs," attached hereto as Exhibit B) (the RFPs and RFAs collectively, the

"Discovery Requests"), filed by Plaintiff Edwin León ("Plaintiff"), and in support thereof,

alleges the following:

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

## INTRODUCTION

Plaintiff is a resident of Pennsylvania, and an attorney and a member of the Pennsylvania and New Jersey Bars.  This action is brought against three attorneys who are not licensed, do not reside, and do not practice in Pennsylvania.

Plaintiff initiated this action by Writ of Summons over 3 months after he and Defendant Goodman filed PFAs against each other in the State of Delaware Family Court (the "Family Court").  Plaintiff initiated this action by Writ of Summons less than 1 month before a multi-day evidentiary hearing on the PFAs.  Prior to and during the multi-day evidentiary hearing, there were nine witnesses, and volumes of documentary evidence produced by PFA Petitioner/Respondent, Defendant herein Goodman, third party witnesses (Defendants herein Hanoch and Eastes) and many others in responses to subpoenas issued by Plaintiff.

This matter has been pending since March 31, 2023, and service of the Writ of Summons, along with the subject pre-complaint Discovery Requests, was not made until November 21, 2023 - a delay of eight months.  We are now on month nine and no Complaint has been filed.

This case was initiated in bad faith.  The Discovery Requests that are the subject of this Motion are a continuation of Plaintiff's bad faith attack against Eastes and the other Defendants that he commenced in the Family Court and now continues in this Court.

## ALLEGATIONS

1.     Plaintiff's claims (while not yet asserted in a filed complaint) presumably relate to an outing involving several individuals who at the time were employed by the law firm of Young, Conaway, Stargatt and Taylor, LLP.  *See* RFA Definition 4 ("The term "December 16, 2022 – December 17, 2022 Outing" refers to the dinner and bar hopping in which You, Cheyenne Goodman, the Plaintiff, Edwin León, and various other members of YCST and their

2

friends went to dinner and then two [sic] several bars in Philadelphia, Pennsylvania starting in the evening of December 16, 2022 and ending in the early morning hours of December 17, 2022.").

2.        Defendant Cheyenne Goodman ("Goodman") filed a Petition for an Order of Protection from Abuse (a "PFA") against Plaintiff in the Family Court on January 3, 2023; Plaintiff filed his own cross petition for a PFA in the Family Court on April 12, 2023 against Goodman.[1]

3.        In the Family Court proceedings, the Defendants herein[2], as well as others who are not named defendants in this matter, produced numerous documents – including the categories of documents sought in Plaintiff's Discovery Requests – and gave sworn testimony during a multiple-day hearing on the two PFAs.  The Family Court heard the PFA petitions on April 26, May 17, May 24, and May 31, 2023.  At the Family Court hearing, the court heard testimony from Plaintiff, Goodman as the petitioner, Eastes and Hanoch as witnesses, and five other fact witnesses all subpoenaed by Plaintiff.

4.        On June 13, 2023, the Family Court found in favor of Goodman and against Plaintiff and, accordingly, granted her PFA and denied his PFA.  On August 31, 2023, the Family Court issued a fifty-two page opinion, which expounded on the Family Court's rulings and findings of fact.

---

[1] It must be noted that Plaintiff also filed a PFA in the Family Court on April 12, 2023 against Defendant Nehama Hanoch.  Based on information and belief, the PFA against Hanoch was withdraw or dismissed and was never litigated.

[2] To be clear, Eastes was not a party to any PFA proceeding in the Family Court.  Eastes produced documents and provided witness testimony in the Family Court responsive to a subpoena issued by Plaintiff.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

5.      Plaintiff initiated this action by filing a Writ of Summons nearly eight months ago, but still has not filed a Complaint.  Plaintiff served the Writ of Summons and the Discovery Requests on Eastes on November 21, 2023.

6.      This Honorable Court should grant this Motion for Protective Order because (1) the discovery sought by the Discovery Requests is not material and necessary for the drafting and filing of Plaintiff's Complaint (as he already has substantial documents and testimony from the Family Court proceedings) and (2) the discovery sought presents Eastes with unreasonable annoyance, embarrassment, oppression, burden, and expense.

7.      Rule 4012(a) provides that: "Upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense, including one or more of the following: (1) that the discovery or deposition shall be prohibited."  Pa.R.C.P. 4012(a).

8.      Rule 4003.8, pertaining to pre-complaint discovery, provides that: "A plaintiff may obtain pre-complaint discovery where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party."  Pa.R.C.P. 4003.8(a); *see also* Pa.R.C.P. 4011 ("No discovery, including discovery of electronically stored information, shall be permitted which (a) is sought in bad faith; (b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party.").

9.      When ruling upon a motion for protective order regarding pre-complaint discovery, "the court shall weigh the importance of the discovery request against the burdens imposed on any person or party from whom the discovery is sought."  Pa.R.C.P. 4003.8(b).

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

10.     "[P]re-complaint discovery is a means to the specific end of *gathering sufficient*
*information* for the filing of a complaint, and is appropriate only when there is probable cause to
believe it will achieve that end."  *McNeil v. Jordan*, 586 Pa. 413, 443, 894 A.2d 1260, 1278 (Pa.
2006) (emphasis added).  "[T]o obtain pre-complaint discovery a litigant should be required to
demonstrate his good faith as well as probable cause that the information sought is both material
and necessary to the filing of a complaint in a pending action."  *Id*.  The plaintiff should be able
to aver "that, but for the discovery request, he will be unable to formulate a legally sufficient
pleading."  *Id*., 586 Pa. at 44, 894 A.2d 1278.

11.     Here, Plaintiff already has information – specifically, an overwhelming amount of
documents and testimony from the Family Court proceeding – sufficient to prepare and file his
Complaint.  In addition to his own testimony, Plaintiff has the testimony of the three Defendants
in this case as well as five other fact witnesses.  This testimony was obtained over four days in
the Family Court trial.  Furthermore, Plaintiff has numerous documents, including text messages,
emails, etc., and video surveillance footage, which was introduced as evidence in the Family
Court proceedings.  There is nothing further that Plaintiff needs to gather to prepare his
Complaint; responding to the Discovery Requests is not material and necessary to the filing of
Plaintiff's Complaint in the pending action.

12.     This Court can grant Eastes' Motion for Protective Order on the foregoing basis
alone; however, the Motion should also be granted because responding to the Discovery
Requests would cause unreasonable annoyance, embarrassment, oppression, burden, and expense
to Eastes.

13.     Plaintiff's RFAs include 42 requests, which is unreasonable for pre-complaint
discovery and is more appropriately suited to discovery served after filing a complaint.  Requests

5

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

for admission are not used for gathering information necessary to formulate causes of action and

draft a complaint; rather, they are pertinent to eliminating factual disputes post-complaint and

before trial.

14.    Also, Plaintiff's RFAs will cause unreasonable annoyance and embarrassment.

For example, several of the RFAs are as follows:

- "6. You have a close family member who was the victim of a sexual
  assault."

- "13. Cheyenne Goodman did not tell You that she had violent sexual
  fantasies, including a Harry Potter rape fantasy."

- "14. Cheyenne Goodman did not tell You that she engaged in a consensual
  BDSM relationship with the Plaintiff, Edwin León."

- "39. You purposefully evaded Service of the instant Complaint."

- "41. You notified the New York Bar of Your actions during the December
  16, 2022 – December 17, 2022 Outing."

- "42. You notified the Delaware Bar of Your actions during the December
  16, 2022 – December 17, 2022 Outing."

15.    As the above examples demonstrate, Plaintiff included in his RFAs scandalous

information that is not necessary to drafting his Complaint and is designed to harass and

embarrass Eastes and the other Defendants.  Likewise, the requests in RFAs 41 and 42 are not

relevant to Plaintiff's claims, are disparaging, and presuppose some wrongdoing by Eastes.

Also, as seen in RFA 39, Plaintiff could not even remotely be factually correct – he has not

served a Complaint in this action, therefore it is impossible for Eastes to evade service of a non-

existent document.  The Court should not allow such improper Discovery Requests to proceed.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

16.     Finally, the Discovery Requests will cause an unreasonable expense to Eastes because she will have to engage in the discovery process before Plaintiff even files his Complaint (while he has sufficient information to do so now).  Eastes was subpoenaed as a witness by Plaintiff and has already made a production of all communications relevant to the events of the December 16, 2022 – December 17, 2022 Outing.[3]  Plaintiff will be forced to incur discovery expenses prior to actual claims being alleged, prior to any potential counterclaims, prior to any of the Defendants' opportunity to file preliminary objections, etc.  It is unreasonable to force Eastes to incur such expenses now when the sought discovery is unnecessary.

WHEREFORE, for the foregoing reasons, Defendant Roxanne Eastes respectfully requests that this Honorable Court issue a protective order directing that she need not respond to Plaintiff's Request for Production of Documents and Plaintiff's First Request for Admissions.

---

[3] In the Family Court proceeding, Plaintiff's subpoena to Eastes requested the following categories of documents, which she produced:

1.     Documentation of any communications (including but not limited to phone calls, email, text messages, Snap Chat messages, social media messages) between You and Nehama Hanoch, Cheyenne Goodman or Edwin Leon from September 1, 2022 until present. This request does not seek correspondence related to the parties' legal work at Young, Conaway, Stargatt & Taylor.

2.     Documentation of any communications (including but not limited to phone calls, email, text messages, social media messages) between You and any third party from September 1, 2022 until present related to the relationship between Edwin Leon and Cheyenne Goodman or the events of December 15-20, 2022.

3.     Any photographs or video or audio recordings from December 15, 2022 through present in your possession, custody or control related to Cheyenne Goodman and/or Edwin Leon.

4.     Any photographs or video or audio recordings from December 15, 2022 through present related to the events of December 16-20, 2022 involving Nehama Hanoch, Cheyenne Goodman and/or Edwin Leon.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

Dated:  December 6, 2023

**BIELLI & KLAUDER, LLC**

By: */s/ Thomas D. Bielli*
Thomas D. Bielli, Esquire (No. 202100)
1905 Spruce Street
Philadelphia, PA 19103
Phone: (215) 642-8271
Email: tbielli@bk-legal.com

*Counsel to Defendant Roxanne Eastes*

8

# Exhibit A

Filed and Attested by the
Office of Judicial Records
06 DEC 2023 12:16 pm
N. SWEENEY

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

**PAX LEGAL, LLC**                          *Counsel for Plaintiff,*
By:  Neil M. Hilkert, Esq.                   Edwin León
      Lida L. Bonner, Esq.
Attorney I.D. Nos. 44696 & 83985
600 W. Germantown Ave.
Suite # 400
Plymouth Meeting, PA 19462
(610) 940-1663 TEL
*neil@paxlegalllc.com*
*lida@paxlegalllc.com*

| | | |
|---|---|---|
| **EDWIN LEÓN,** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY, PA** |
| *Plaintiff,* | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **CASE ID NO. 230400452** |
| **NEHAMA HANOCH,** *et al.* | : | |
| | : | |
| *Defendants* | : | |

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, ROXANNE EASTES

Pursuant to Pa.R.C.P. 4009, Plaintiff, Edwin León  (the "Plaintiff"), by and through this

counsel, PAX Legal, LLC, hereby demands Defendant, Cheyenne Goodman (the "Defendant"),

respond to Plaintiff's Request for Production of Documents and Things to be answered in

accordance with Pennsylvania Rules of Civil Procedure, which requires service of response on

Plaintiff's counsel within thirty (30) days after service of these requests.

## DEFINITIONS AND INSTRUCTIONS

1.      The term "You" or "Your" or "Defendant" refers to the responding party, any entities owned or co-owned by the responding party, and to its past and present agents, attorneys, servants, employees, representatives and any other persons or entities acting for or on behalf of the responding party.

2.      The term "YCST" refers to the law firm of Young, Conaway, Stargatt and Taylor, LLP.

3.      The term "December 16, 2022 – December 17, 2022 Outing" refers to the dinner and bar hopping in which You, Nehama Hanoch, Cheyenne Goodman, the Plaintiff, Edwin León, and various other members of YCST and their friends went to dinner and then two several bars in Philadelphia, Pennsylvania starting in the evening of December 16, 2022 and ending in the early morning hours of December 17, 2022.

<span style="color:red">Certification Due Date: 12/13/2023<br>Response Date: 12/20/2023<br>Case ID: 230400452<br>Control No.: 23121325</span>

4.     "Documents" includes, without limitation, correspondence, memoranda, inter office communications, minutes, reports, notes, schedules, computations, analyses, drawings, diagrams, specifications, tables, graphs, charts, maps, surveys, books of account, ledgers, invoices, quotations, bids, purchase orders, pleadings, questionnaires, contracts, bills, check drafts, diaries, logs, proposals, print-outs, recordings, telegrams, faxes, films, tests, studies, computer records, electronic mail, text messages, social media messages or chats, CAD Files and all other documents, tangible or retrievable, of any kind.  "Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however, reproduces or stored.  "Documents" also include any preliminary notes and drafts of any of the foregoing, in whatever form.  "Documents" includes any compilation of data from which information can be obtained, and/or translated, if necessary, by Defendant through detection devices into reasonably usable form.

5.     "Employee" means, without limitation, current and former officers, directors, executives, managers, sales personnel, secretaries, clerical staff, messengers, architects, contractors, subcontractors, or any other person employed by the Defendant.

6.     "Identify" or "identification" when used in reference to a document means to state the date and author, the custodian of the document, the addressees of the document and those copied on the document, the type of document (e.g., letter, memorandum, chart, etc.) and other means of identifying it, including a brief summary of its contents.  If such document was, but is no longer, in your possession and subject to your control, state its disposition.

7.     "Identify" or "identification" when used in reference to a firm, partnership, corporation, or other entity, means to state its full legal name, any other name(s) under which it conducts its trade or business, the address of its corporate headquarters, the address of its principal place of business, its telephone number, website address, the legal form of the entity and its current officers, directors or chief executive.

8.     "Identify" or "identification" when used in reference to an individual person, means to state that person's full legal name, residence address (designated as current or last known), job title, job description and direct supervisor, dates or employment with you or your company, and business (include extension), home, cellular and mobile telephone numbers (designated as current or last known).

9.     If any information requests in this request for documents is withheld based on a claim of privilege, please provide a statement of the claim or privilege and all facts relied on in support of that claim, including the following:

    a.  The date and medium of communication;
    b.  The identity of the persons to such communication;
    c.  The subject matter of the communication;
    d.  The identity of any document that was the subject of such communication, and the present location of such document;
    e.  The identity of any document which records, refers to or relates to such communication, and the present location of such document; and
    f.  The paragraph or paragraphs of this request to which such information is responsive.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

10.     If any information is withheld based on a claim that such information constitutes attorney work product, please provide all of the information described above and also identify the litigation in connection with which such information was obtained or prepared.

11.     Each definition set forth above shall apply to the singular or plural, and to the past, present or future form of each term.

12.     These requests are deemed continuing in nature and require Defendant to provide supplemental answers or production in accordance with the requirements of Rule 4007.4 of the Pennsylvania Rules of Civil Procedure.

13.     In producing documents, you are requested to produce the original of each document requested, together with all non-identical copies and drafts of such document.  If the original of any document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

14.     If any requested document or thing cannot be produced in full, you are to produce it to the extent possible, indicating which document, or portion of such document, is being withheld, and the reason that document, or portion of such document, is being withheld.

15.     Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these requests.

16.     Any documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business.

17.     Any documents shall be produced in the file folder, envelope or other container in which documents are kept and maintained by you.  If for any reason the container cannot be produced, produce copies of any labels or other identifying marks.

18.     Documents shall be produced in such fashion as to identify the department, branch or office in which possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

19.     Documents attached to each other should not be separated.

20.     If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning its loss.

## **DOCUMENT REQUESTS**

1.     Copies of any communication(s) between You and Cheyenne Goodman from January 1, 2022 through present.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

2.  Copies of any phone records, including but not limited to call logs, text messages, videos and images, between You and Cheyenne Goodman from December 16 – December 22, 2022.

3.  Copies of any communication(s) between You and the Plaintiff from January 1, 2022 through present.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

4.

5.  Copies of any phone records, including but not limited to call logs, text messages, videos and images, between You and the Plaintiff from December 16 – December 22, 2022.

6.  Copies of any communication(s) between You and Nehama Hanoch from January 1, 2022 through present.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

7.  Copies of any phone records, including but not limited to call logs, text messages, videos and images, between You and Nehama Hanoch from December 16 – December 22, 2022

8.  Copies of any communication(s) between You and YCST from January 1, 2022 through present that references the Plaintiff.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

9.  Copies of any communication(s) between You and YCST from January 1, 2022 through present that references Cheyenne Goodman.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

10.  Copies of any communication(s) between You and YCST from January 1, 2022 through present that references the December 16, 2022 – December 17, 2022 Outing. This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

11.  Communications between You and any person/entity pertaining to the December 16, 2023 – December 17, 2022 Outing.  This request specifically includes a request for copies of texts, emails and/or other forms of electronic communication.

12.  Documents containing the name or other identification of persons who have knowledge of the events pertaining to the December 16, 2022 – December 17, 2022 Outing.

13.  The curriculum vitae of all persons retained by You as an expert witness in this matter, whether or not you intend to present such expert witness to testify at trial, including but not limited to persons retained as consulting experts.

14.  The report of all experts retained by You, or on Your behalf, pertaining to the December 16, 2022 – December 17, 2022 Outing.

15.  Any documents referenced in Your Answers to Plaintiff's First Set of Request for Admissions.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

**PAX LEGAL, LLC**

Dated: <u>November 21, 2023</u>                By: _____

Lida L. Bonner, Esquire
***Counsel for Plaintiff,***
Edwin León

5

# Exhibit B



Filed and Attested by the
Office of Judicial Records
06 DEC 2023 12:16 pm
N. SWEENEY

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

**PAX LEGAL, LLC**
By: Neil M. Hilkert, Esq.
    Lida L. Bonner, Esq.
Attorney I.D. Nos. 44696 & 83985
600 W. Germantown Ave.
Suite # 400
Plymouth Meeting, PA 19462
(610) 940-1663 TEL
*neil@paxlegalllc.com*
*lida@paxlegalllc.com*

*Counsel for Plaintiff,*
Edwin León

|  |  |
|---|---|
| **EDWIN LEÓN,** : | **COURT OF COMMON PLEAS** |
| : | **PHILADELPHIA COUNTY, PA** |
| *Plaintiff,* : | |
| : | **CIVIL ACTION** |
| **v.** : | |
| : | **CASE ID NO. 230400452** |
| **NEHAMA HANOCH,** *et al.* : | |
| : | |
| *Defendants* : | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### DIRECTED TO DEFENDANT, ROXANNE EASTES

Pursuant to Pennsylvania Rule of Civil Procedure 4014, Plaintiff, Edwin León (the

"Plaintiff"), by and through his undersigned counsel, PAX Legal, LLC, hereby requests that the

Defendant, Roxanne Eastes (the "Defendant"), make the following admissions, for purposes of

the pending action only, and subject to all pertinent objections as to relevancy which may be

made at the time of trial in this case.

Pursuant to Pennsylvania Rule of Civil Procedure 4014(b), each Request for Admission

and the matters contained therein will be considered admitted unless, within thirty (30) days after

service of the Request, the Defendant serves upon counsel for Plaintiff answers verified by the

Defendant or objections signed by the Defendant or his counsel.

## DEFINITIONS AND INSTRUCTIONS

1.      The term "You" or "Your" or "Defendant" refers to the responding party, any entities owned or co-owned by the responding party, and to its past and present agents, attorneys, servants, employees, representatives and any other persons or entities acting for or on behalf of the responding party.

2.      The term "YCST" refers to the law firm of Young, Conaway, Stargatt and Taylor, LLP.

3.      The term "PFA" refers to the Protection From Abuse Order filed by Cheyenne Goodman against the Plaintiff, Edwin León, in Delaware Family Court sometime in January of 2023.

4.      The term "December 16, 2022 – December 17, 2022 Outing" refers to the dinner and bar hopping in which You, Cheyenne Goodman, the Plaintiff, Edwin León, and various other members of YCST and their friends went to dinner and then two several bars in Philadelphia, Pennsylvania starting in the evening of December 16, 2022 and ending in the early morning hours of December 17, 2022.

5.      The term "Sexting" refers to communications via text message or other forms of social media communication, such as SnapChats, that are sexual in nature.

6.      These Requests for Admission encompass all information, documents, and records that are in the possession, control or custody of the Defendant or any of its employees, agents, servants, assigns, representatives and attorneys.

7.      If any objections are made to any Requests for Admissions, the reasons therefore shall be stated.

8.      A denial shall fairly meet the substance of the Request for Admission, and when good faith requires that Defendant qualify its answer or deny only a part of the matter of which an admission is requested, Defendant should specify as much of it as is true and qualify or deny the remainder.

9.      If there is any claim of privilege relating to any Request for Admission, Defendant shall set forth fully the basis for the claim of privilege, including the facts upon which Defendant is relying to support the claim of privilege, in sufficient detail to permit the Court to rule on the propriety of the privilege.

10.     If any information sought in these Requests for Admissions is withheld based on a claim of privilege, please provide a statement of the claim or privilege and all facts relied on in support of that claim, including the following:

    a.   The date and medium of communication;

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

b. The identity of the persons to such communication;
c. The subject matter of the communication;
d. The identity of any document that was the subject of such communication, and the present location of such document;
e. The identity of any document which records, refers to or relates to such communication, and the present location of such document; and
f. The paragraph or paragraphs of this request to which such information is responsive.

11. If any information is withheld based on a claim that such information constitutes attorney work product, please provide all of the information described above and also identify the litigation in connection with which such information was obtained or prepared.

12. If Defendant's response to any Request for Admission is not an unqualified admission, the answer shall specifically deny the matter or set forth in detail the reasons Defendant cannot truthfully admit or deny the matter, subject to the provisions of the Pennsylvania Rules of Civil Procedure.

13. A denial shall fairly meet the substance of the Request for Admission, and when good faith requires that Defendant qualify its answer or deny only a part of the matter of which an admission is requested, Defendant should specify as much of it as is true and qualify or deny the remainder.

14. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless it is stated that Defendant has made a reasonable inquiry and that the information known to Defendant, or readily obtainable by Defendant, is insufficient to enable Defendant to admit or deny.

15. This Request for Admission is continuing in nature, and must be supplemented promptly if Defendant obtain or learn further or different information between the date of the responses and the time of trial, by which Defendant know that a previous response was incorrect when made, or though correct when made, is no longer true.

16. These requests are deemed continuing in nature and require Defendant to provide supplemental answers or production in accordance with the requirements of Rule 4007.4 of the Pennsylvania Rules of Civil Procedure.

17. Unless otherwise indicated, the time period to which this Request for Admission is directed is from August 2021 through the present.

## REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANT NEHAMA HANOCH

1. You met the Plaintiff, Edwin León, sometime in August of 2021.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

2.  You and the Plaintiff, Edwin León, were colleagues at YCST.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

3.  You met the Defendant, Cheyenne Goodman, sometime in the winter of 2022.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

4.  You were a mentor to the Defendant, Cheyenne Goodman, at YCST.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

5.  You and Cheyenne Goodman are close personal friends.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

6. You have a close family member who was the victim of a sexual assault.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

7. You were raised in South Africa.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

8. Cheyenne Goodman, until the January 2023 filing of the PFA, did not disclose to You that she was at any time in a consensual, sexual relationship with Plaintiff, Edwin León.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

9. You reported the Plaintiff, Edwin León, to YCST.

**ADMIT** _____ **DENY** _____

5

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

10. You were in attendance at the December 16, 2022 – December 17, 2022 Outing in Philadelphia, Pennsylvania.


**ADMIT** _____ **DENY** _____


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

11. At the December 16, 2022 – December 17, 2022 Outing, You witnessed the Plaintiff, Edwin León, and Cheyenne Goodman both being absent from the public area of the two bars at the same time throughout the evening.


**ADMIT** _____ **DENY** _____


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

12. You were aware that during the December 16, 2022 – December 17, 2022 Outing, Cheyenne Goodman was Sexting with the Plaintiff, Edwin León throughout the night.


**ADMIT** _____ **DENY** _____


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

13. Cheyenne Goodman did not tell You that she had violent sexual fantasies, including a Harry Potter rape fantasy.


**ADMIT** _____ **DENY** _____

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

14. Cheyenne Goodman did not tell You that she engaged in a consensual BDSM relationship with the Plaintiff, Edwin León.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

15. As a result of the events that occurred during the December 16, 2022 – December 17, 2022 Outing, You told third parties that the Plaintiff, Edwin León, had sexually assaulted Cheyenne Goodman.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

16. As a result of the events that occurred during the December 16, 2022 – December 17, 2022 Outing, You told YCST that the Plaintiff, Edwin León, had sexually assaulted Cheyenne Goodman.

**ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

17. You told third parties that the Plaintiff, Edwin León, had sexually assaulted Cheyenne Goodman.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

18. You told YCST that the Plaintiff, Edwin León, had sexually assaulted Cheyenne Goodman.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

19. You are aware that the Defendant, Nehama Hanoch, assualted the Plaintiff, Edwin León, early in the morning on December 17, 2022.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

20. You are aware that the Defendant, Nehama Hanoch, punched the Plaintiff, Edwin León, early in the morning on December 17, 2022.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

21. You are aware that the Defendant, Nehama Hanoch, scratched the Plaintiff, Edwin León, early in the morning on December 17, 2022.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

ADMIT _____ DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

22. You are aware that the Defendant, Nehama Hanoch, kicked the Plaintiff, Edwin León, early in the morning on December 17, 2022.

ADMIT _____ DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

23. You are aware that the Defendant, Nehama Hanoch, threatened the Plaintiff, Edwin León, early in the morning on December 17, 2022.

ADMIT _____ DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

24. On December 17, 2022, You reported the Plaintiff, Edwin León, to YCST.

ADMIT _____ DENY _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

25. On December 18, 2022, You reported the Plaintiff, Edwin León, to YCST.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

26. On December 18, 2022, You met with Joe Barry of YCST.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

27. At the December 18, 2022, meeting between You and Joe Barry of YCST, You told Joe Barry of YCST that the Plaintiff, Edwin León, tried to harm someone during the December 16, 2022 – December 17, 2022 Outing.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

28. At the December 18, 2022, meeting between You and Joe Barry of YCST, You told Joe Barry of YCST that the Plaintiff, Edwin León, harmed someone during the December 16, 2022 – December 17, 2022 Outing.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

29. You previously reported the Plaintiff, Edwin León, to Joe Barry of YCST.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

30. On December 18, 2022, You told Cheyenne Goodman that Ms. Goodman and Nehama Hanoch needed to take action to keep the Plaintiff, Edwin León, from having access to YCST.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

31. On December 18, 2022, You told Cheyenne Goodman that Ms. Goodman and Nehama Hanoch needed to take action to protect Ms. Hanoch from her actions in the early morning hours of December 18, 2023.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

32. You took this action on December 18, 2022, despite the knowledge that no harm had been threatened during the December 16, 2022 – December 17, 2022 Outing.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

33. You took this action on December 18, 2022, despite the knowledge that no harm had occurred to Cheyenne Goodman during the December 16, 2022 – December 17, 2022 Outing.


      **ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

34. On December 18, 2022, Cheyenne Goodman told You that no assault had occurred.


      **ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

35. On December 18, 2022, Cheyenne Goodman told You that all she had was a feeling and no actual action taken by the Plaintiff, Edwin León.


      **ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

36. On December 18, 2022, Cheyenne Goodman told You that the only thing that the Plaintiff, Edwin León, had done to her was offer to take her home.


      **ADMIT _____ DENY _____**


**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

**CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

37. Once You became aware that Cheyenne Goodman was in fact involved in a consensual sexual relationship with the Plaintiff, Edwin León, You revised Your reporting to YCST.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

38. Once You became aware that Cheyenne Goodman was in fact involved in a consensual sexual relationship with the Plaintiff, Edwin León, You notified YCST that Your previous reporting to YCST was based on incorrect information.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

39. You purposefully evaded Service of the instant Complaint.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

40. You testified truthfully in Your testimony in the PFA Hearing on May 24, 2023.

**ADMIT** _____ **DENY** _____

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT**

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

**CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

41. You notified the New York Bar of Your actions during the December 16, 2022 – December 17, 2022 Outing.

      **ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

42. You notified the Delaware Bar of Your actions during the December 16, 2022 – December 17, 2022 Outing.

      **ADMIT _____ DENY _____**

**IF YOUR RESPONSE IS ANYTHING OTHER THAN AN UNQUALIFIED ADMISSION, PLEASE IDENTIFY ALL SUCH EVIDENCE AND ITS PRESENT CUSTODIAN OR IDENTIFY BY NAME AND ADDRESS ALL WITNESSES WHOM YOU BELIEVE CAN TESTIFY ON THE ISSUE.**

**PAX LEGAL, LLC**

Dated: <u>November 21, 2023</u>　　　　By: _____

                           Lida L. Bonner, Esquire
                           Neil M. Hilkert, Esquire
                           ***Counsel for Plaintiff,***
                           Edwin León

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

## **VERIFICATION**

*Filed and Attested by the
Office of Judicial Records
on DATE 12:16 pm
N. SWEENEY*

Roxanne Eastes verifies that she is empowered to sign this Verification on behalf, and she further verifies that she has sufficient knowledge or information based upon her own investigation of the matters set forth in the foregoing document to make this Verification, and that the facts set forth in the foregoing document are true and correct to the best of her knowledge, information, and belief.

This Verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

*/s/ Roxanne Eastes*
Roxanne Eastes

Thomas D. Bielli, Esquire (No. 202100)
**BIELLI & KLAUDER, LLC**
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 642-8271
tbielli@bk-legal.com



*Filed and Attested by the
Office of Judicial Records
06 DEC 2023 12:16 pm
N. SWEENEY*

*Counsel to Defendant Roxanne Eastes*

| | |
|---|---|
| EDWIN LEÓN<br>                    Plaintiff,<br>     v.<br><br>NEHAMA HANOCH<br><br>and<br><br>CHEYENNE GOODMAN<br><br>and<br><br>ROXANNE EASTES<br>                    Defendants. | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>CIVIL ACTION<br><br>NO. 230400452 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROXANNE EASTES'
EMERGENCY MOTION FOR PROTECTIVE ORDER**

Defendant Roxanne Eastes ("Eastes"), by and through her attorneys, pursuant to

Pennsylvania Rules of Civil Procedure 4003.8(b) and 4012(a), respectfully requests that this

Honorable Court issue an Order directing that Eastes is not required to respond to (1) *Plaintiff's*

*Request for Production of Documents Directed to Defendant, Roxanne Eastes* (the "RFPs") and

(2) *Plaintiff's First Request for Admissions Directed to Defendant, Roxanne Eastes* (the "RFAs")

(the RFPs and RFAs collectively, the "Discovery Requests," filed as Exhibits A and B,

respectively, to the Motion), filed by Plaintiff Edwin León ("Plaintiff").

**I.      QUESTIONS BEFORE THE COURT**

Whether Plaintiff's pre-complaint Discovery Requests (the RFPs and RFAs) are not

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

necessary and material to Plaintiff to draft his Complaint and, therefore, Eastes should not be required to respond to them?

SUGGESTED ANSWER: Yes

Whether Plaintiff's pre-complaint Discovery Requests (the RFPs and RFAs) would cause unreasonable annoyance, embarrassment, oppression, burden, and expense and, therefore, Eastes should not be required to respond to them?

SUGGESTED ANSWER: Yes

**II.    FACTS**

**<u>Introduction</u>**

Plaintiff is a resident of Pennsylvania, and an attorney and a member of the Pennsylvania and New Jersey Bars.  This action is brought against three attorneys who are not licensed, do not reside, and do not practice in Pennsylvania.

Plaintiff initiated this action by Writ of Summons over 3 months after he and Defendant Goodman filed PFAs against each other in the State of Delaware Family Court (the "Family Court").  Plaintiff initiated this action by Writ of Summons less than 1 month before a multi-day evidentiary hearing on the PFAs.  Prior to and during the multi-day evidentiary hearing, there were nine witnesses, and volumes of documentary evidence produced by PFA Petitioner/Respondent, Defendant herein Goodman, third party witnesses (Defendants herein Hanoch and Eastes) and many others in responses to subpoenas issued by Plaintiff.

This matter has been pending since March 31, 2023, and service of the Writ of Summons, along with the subject pre-complaint Discovery Requests, was not made until November 21, 2023 - a delay of eight months.  We are now on month nine and no Complaint has been filed.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

This case was initiated in bad faith. The Discovery Requests that are the subject of this Motion are a continuation of Plaintiff's bad faith attack against Eastes and the other Defendants that he commenced in the Family Court and now continues in this Court.

## Allegations

Plaintiff's claims (while not yet asserted in a filed complaint) presumably relate to an outing involving several individuals who at the time were employed by the law firm of Young, Conaway, Stargatt and Taylor, LLP. *See* RFA Definition 4 ("The term "December 16, 2022 – December 17, 2022 Outing" refers to the dinner and bar hopping in which You, Cheyenne Goodman, the Plaintiff, Edwin León, and various other members of YCST and their friends went to dinner and then two [sic] several bars in Philadelphia, Pennsylvania starting in the evening of December 16, 2022 and ending in the early morning hours of December 17, 2022.").

Defendant Cheyenne Goodman ("Goodman") filed a Petition for an Order of Protection from Abuse (a "PFA") against Plaintiff in the Family Court on January 3, 2023; Plaintiff filed his own cross petition for a PFA in the Family Court on April 12, 2023 against Goodman.[4]

In the Family Court proceedings, the Defendants herein[5], as well as others who are not named defendants in this matter, produced numerous documents – including the categories of documents sought in Plaintiff's Discovery Requests – and gave sworn testimony during a multiple-day hearing on the two PFAs. The Family Court heard the PFA petitions on April 26, May 17, May 24, and May 31, 2023. At the Family Court hearing, the court heard testimony

---

[4] It must be noted that Plaintiff also filed a PFA in the Family Court on April 12, 2023 against Defendant Nehama Hanoch. Based on information and belief, the PFA against Hanoch was withdraw or dismissed and was never litigated.

[5] To be clear, Eastes was not a party to any PFA proceeding in the Family Court. Eastes produced documents and provided witness testimony in the Family Court responsive to a subpoena issued by Plaintiff.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

from Plaintiff, Goodman as the petitioner, Eastes and Hanoch as witnesses, and five other fact witnesses all subpoenaed by Plaintiff.

On June 13, 2023, the Family Court found in favor of Goodman and against Plaintiff and, accordingly, granted her PFA and denied his PFA.  On August 31, 2023, the Family Court issued a fifty-two page opinion, which expounded on the Family Court's rulings and findings of fact.

Plaintiff initiated this action by filing a Writ of Summons nearly eight months ago, but still has not filed a Complaint.  Plaintiff served the Writ of Summons and the Discovery Requests on Eastes on November 21, 2023.

This Honorable Court should grant this Motion for Protective Order because (1) the discovery sought by the Discovery Requests is not material and necessary for the drafting and filing of Plaintiff's Complaint (as he already has substantial documents and testimony from the Family Court proceedings) and (2) the discovery sought presents Eastes with unreasonable annoyance, embarrassment, oppression, burden, and expense.

## III.    ARGUMENT

Rule 4012(a) provides that: "Upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense, including one or more of the following: (1) that the discovery or deposition shall be prohibited."  Pa.R.C.P. 4012(a).

Rule 4003.8, pertaining to pre-complaint discovery, provides that: "A plaintiff may obtain pre-complaint discovery where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party."  Pa.R.C.P. 4003.8(a); *see also* Pa.R.C.P.

4

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

4011 ("No discovery, including discovery of electronically stored information, shall be permitted

which (a) is sought in bad faith; (b) would cause unreasonable annoyance, embarrassment,

oppression, burden or expense to the deponent or any person or party.").

When ruling upon a motion for protective order regarding pre-complaint discovery, "the

court shall weigh the importance of the discovery request against the burdens imposed on any

person or party from whom the discovery is sought."  Pa.R.C.P. 4003.8(b).

"[P]re-complaint discovery is a means to the specific end of *gathering sufficient*

*information* for the filing of a complaint, and is appropriate only when there is probable cause to

believe it will achieve that end."  *McNeil v. Jordan*, 586 Pa. 413, 443, 894 A.2d 1260, 1278 (Pa.

2006) (emphasis added).  "[T]o obtain pre-complaint discovery a litigant should be required to

demonstrate his good faith as well as probable cause that the information sought is both material

and necessary to the filing of a complaint in a pending action."  *Id*.  The plaintiff should be able

to aver "that, but for the discovery request, he will be unable to formulate a legally sufficient

pleading."  *Id*., 586 Pa. at 44, 894 A.2d 1278.

Here, Plaintiff already has information – specifically, an overwhelming amount of

documents and testimony from the Family Court proceeding – sufficient to prepare and file his

Complaint.  In addition to his own testimony, Plaintiff has the testimony of the three Defendants

in this case as well as five other fact witnesses.  This testimony was obtained over four days in

the Family Court trial.  Furthermore, Plaintiff has numerous documents, including text messages,

emails, etc., and video surveillance footage, which was introduced as evidence in the Family

Court proceedings.  There is nothing further that Plaintiff needs to gather to prepare his

Complaint; responding to the Discovery Requests is not material and necessary to the filing of

Plaintiff's Complaint in the pending action.

5

This Court can grant Eastes' Motion for Protective Order on the foregoing basis alone; however, the Motion should also be granted because responding to the Discovery Requests would cause unreasonable annoyance, embarrassment, oppression, burden, and expense to Eastes.

Plaintiff's RFAs include 42 requests, which is unreasonable for pre-complaint discovery and is more appropriately suited to discovery served after filing a complaint. Requests for admission are not used for gathering information necessary to formulate causes of action and draft a complaint; rather, they are pertinent to eliminating factual disputes post-complaint and before trial.

Also, Plaintiff's RFAs will cause unreasonable annoyance and embarrassment. For example, several of the RFAs are as follows:

a.  "6. You have a close family member who was the victim of a sexual assault."

b. "13. Cheyenne Goodman did not tell You that she had violent sexual fantasies, including a Harry Potter rape fantasy."

c. "14. Cheyenne Goodman did not tell You that she engaged in a consensual BDSM relationship with the Plaintiff, Edwin León."

d. "39. You purposefully evaded Service of the instant Complaint."

e. "41. You notified the New York Bar of Your actions during the December 16, 2022 – December 17, 2022 Outing."

f. "42. You notified the Delaware Bar of Your actions during the December 16, 2022 – December 17, 2022 Outing."

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

As the above examples demonstrate, Plaintiff included in his RFAs scandalous information that is not necessary to drafting his Complaint and is designed to harass and embarrass Eastes and the other Defendants.  Likewise, the requests in RFAs 41 and 42 are not relevant to Plaintiff's claims, are disparaging, and presuppose some wrongdoing by Eastes.  Also, as seen in RFA 39, Plaintiff could not even remotely be factually correct – he has not served a Complaint in this action, therefore it is impossible for Eastes to evade service of a non-existent document.  The Court should not allow such improper Discovery Requests to proceed.

Finally, the Discovery Requests will cause an unreasonable expense to Eastes because she will have to engage in the discovery process before Plaintiff even files his Complaint (while he has sufficient information to do so now).  Eastes was subpoenaed as a witness by Plaintiff and has already made a production of all communications relevant to the events of the December 16, 2022 – December 17, 2022 Outing.[6]  Plaintiff will be forced to incur discovery expenses prior to

---

[6] In the Family Court proceeding, Plaintiff's subpoena to Eastes requested the following categories of documents, which she produced:

    1.     Documentation of any communications (including but not limited to phone calls, email, text messages, Snap Chat messages, social media messages) between You and Nehama Hanoch, Cheyenne Goodman or Edwin Leon from September 1, 2022 until present. This request does not seek correspondence related to the parties' legal work at Young, Conaway, Stargatt & Taylor.

    2.     Documentation of any communications (including but not limited to phone calls, email, text messages, social media messages) between You and any third party from September 1, 2022 until present related to the relationship between Edwin Leon and Cheyenne Goodman or the events of December 15-20, 2022.

    3.     Any photographs or video or audio recordings from December 15, 2022 through present in your possession, custody or control related to Cheyenne Goodman and/or Edwin Leon.

    4.     Any photographs or video or audio recordings from December 15, 2022 through present related to the events of December 16-20, 2022 involving Nehama Hanoch, Cheyenne Goodman and/or Edwin Leon.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

actual claims being alleged, prior to any potential counterclaims, prior to any of the Defendants' opportunity to file preliminary objections, etc.  It is unreasonable to force Eastes to incur such expenses now when the sought discovery is unnecessary.

WHEREFORE, for the foregoing reasons, Defendant Roxanne Eastes respectfully requests that this Honorable Court issue a protective order directing that she need not respond to (1) *Plaintiff's Request for Production of Documents Directed to Defendant, Roxanne Eastes* and (2) *Plaintiff's First Request for Admissions Directed to Defendant, Roxanne Eastes*.

Dated:  December 6, 2023

**BIELLI & KLAUDER, LLC**

By: */s/ Thomas D. Bielli*
Thomas D. Bielli, Esquire (No. 202100)
1905 Spruce Street
Philadelphia, PA 19103
Phone: (215) 642-8271
Email: tbielli@bk-legal.com

*Counsel to Defendant Roxanne Eastes*

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

Thomas D. Bielli, Esquire (No. 202100)
**BIELLI & KLAUDER, LLC**
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 642-8271
tbielli@bk-legal.com



*Filed and Attested by the Office of Judicial Records 06 DEC 2023 12:16 pm N. SWEENEY*

*Counsel to Defendant Roxanne Eastes*

|  |  |
|---|---|
| EDWIN LEÓN<br>               Plaintiff,<br>   v.<br><br>NEHAMA HANOCH<br><br>and<br><br>CHEYENNE GOODMAN<br><br>and<br><br>ROXANNE EASTES<br>               Defendants. | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>CIVIL ACTION<br><br>NO. 230400452 |

## <u>ATTORNEY CERTIFICATION OF GOOD FAITH</u>

The undersigned counsel for Movant herby certifies and attests that I have made good faith but unsuccessful efforts described below to contact counsel to the Plaintiff in an effort to resolve this discovery dispute.

*Description*: Counsel for the Movant contacted Plaintiff's counsel, Lida Bonner, by email on Tuesday, December 5, 2023 and copied the other Defendants. The correspondence outlined the grounds set forth herein with a request that the discovery be withdrawn by 12:00 (noon) today, Wednesday, December 6, 2023. As of the filing of this Motion undersigned counsel has not received any response.

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

Dated: December 6, 2023

BIELLI & KLAUDER, LLC

By: /s/ Thomas D. Bielli
Thomas D. Bielli, Esquire (No. 202100)
1905 Spruce Street
Philadelphia, PA 19103
Phone: (215) 642-8271
Email: tbielli@bk-legal.com

*Counsel to Defendant Roxanne Eastes*

2

Thomas D. Bielli, Esquire (No. 202100)
**BIELLI & KLAUDER, LLC**
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 642-8271
tbielli@bk-legal.com

*Filed and Attested by the Office of Judicial Records 06 DEC 2023 12:16 pm N. SWEENEY*

*Counsel to Defendant Roxanne Eastes*

| | |
|---|---|
| EDWIN LEÓN | IN THE COURT OF COMMON PLEAS |
|                 Plaintiff, | PHILADELPHIA COUNTY, PA |
|    v. | CIVIL ACTION |
| NEHAMA HANOCH | NO. 230400452 |
| and | |
| CHEYENNE GOODMAN | |
| and | |
| ROXANNE EASTES | |
|           Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the *Defendant Roxanne Eastes' Emergency Motion for Protective Order* was served upon the following parties via the method indicated:

<u>First Class U.S. Mail and Electronic Mail:</u>

Derek S. Keightly, Esq.
Rudolph Clarke, LLC
7 Neshaminy Interplex, Suite 200
Trevose, PA 19053
dkeightly@rudolphclarke.com

Neil M. Hilkert, Esq.
Lida L. Bonner, Esq.
Pax Legal, LLC
600 West Germantown Pike, Suite 400
Plymouth Meeting, PA 19462

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

neil@paxlegalllc.com
lida@paxlegalllc.com
Electronic Mail:

Cheyenne Goodman, Esq.
Cheyenne.A.Goodman@gmail.com

Nehama Hanoch, Esq.
hanoch.nehama@gmail.com

<div style="text-align: right;">

*/s/  Thomas D. Bielli*
*Counsel to Defendant Roxanne Eastes*

</div>

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

Thomas D. Bielli, Esquire (No. 202100)
**BIELLI & KLAUDER, LLC**
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 642-8271
tbielli@bk-legal.com



*Filed and Attested by the Office of Judicial Records 06 DEC 2023 12:16 pm N. SWEENEY*

*Counsel to Defendant Roxanne Eastes*

| | |
|---|---|
| EDWIN LEÓN<br><br>                       Plaintiff,<br>   v.<br><br>NEHAMA HANOCH<br><br>and<br><br>CHEYENNE GOODMAN<br><br>and<br><br>ROXANNE EASTES<br>                     Defendants. | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>CIVIL ACTION<br><br>NO. 230400452 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the *Defendant Roxanne Eastes' Emergency Motion for Protective Order* was served upon the following parties via the method indicated:

First Class U.S. Mail and Electronic Mail:

Derek S. Keightly, Esq.
Rudolph Clarke, LLC
7 Neshaminy Interplex, Suite 200
Trevose, PA 19053
dkeightly@rudolphclarke.com

Neil M. Hilkert, Esq.
Lida L. Bonner, Esq.
Pax Legal, LLC
600 West Germantown Pike, Suite 400
Plymouth Meeting, PA 19462

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

neil@paxlegalllc.com
lida@paxlegalllc.com
<u>Electronic Mail:</u>

Cheyenne Goodman, Esq.
Cheyenne.A.Goodman@gmail.com

Nehama Hanoch, Esq.
hanoch.nehama@gmail.com

/s/  *Thomas D. Bielli*
*Counsel to Defendant Roxanne Eastes*

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

**Tab 29**

Thomas D. Bielli, Esquire (No. 202100)
**BIELLI & KLAUDER, LLC**
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 642-8271
tbielli@bk-legal.com



*Filed and Attested by the Office of Judicial Records 06 DEC 2023 03:30 pm S. GILLIAM*

*Counsel to Defendant Roxanne Eastes*

| | |
|---|---|
| EDWIN LEÓN<br><br>        Plaintiff,<br><br>    v.<br><br>NEHAMA HANOCH<br><br>and<br><br>CHEYENNE GOODMAN<br><br>and<br><br>ROXANNE EASTES<br>        Defendants. | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>CIVIL ACTION<br><br>NO. 230400452 |

## CERTIFICATE OF SERVICE

I, Thomas D. Bielli, Esquire, hereby certify that on December 6, 2023, a true and correct

Notice of Hearing in the above-captioned matter was served via electronic mail upon the following:

Derek S. Keightly, Esq.
Rudolph Clarke, LLC
7 Neshaminy Interplex, Suite 200
Trevose, PA 19053
dkeightly@rudolphclarke.com

Neil M. Hilkert, Esq.
Lida L. Bonner, Esq.
Pax Legal, LLC
600 West Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
neil@paxlegalllc.com
lida@paxlegalllc.com

1

Cheyenne Goodman, Esq.
Cheyenne.A.Goodman@gmail.com

Nehama Hanoch, Esq.
hanoch.nehama@gmail.com


Attached hereto as <u>Exhibit A</u> is a true and correct copy of the email.


Dated: December 6, 2023          By: */s/ Thomas D. Bielli*
                                 Thomas D. Bielli, Esquire
                                 BIELLI & KLAUDER LLC
                                 PA ID No. 202100
                                 1905 Spruce Street
                                 Philadelphia, PA 19103
                                 215-642-8271
                                 tbielli@bk-legal.com

                                 *Counsel to Defendant Roxanne Eastes*

Case ID: 230400452

# Exhibit A



Case ID: 230400452

12/6/23, 1:46 PM
Case 2:24-cv-01060-WB Document 1-3 - Filed 03/11/24 - Page 320 of 328
Bielli & Klauder, LLC Mail - Leon v. Goodman, et al., (No. 230400452)



## Leon v. Goodman, et al., (No. 230400452)

**Thomas Bielli** <tbielli@bk-legal.com>                                    Wed, Dec 6, 2023 at 1:12 PM
To: Neil Hilkert <neil@paxlegalllc.com>, Lida <lida@paxlegalllc.com>, Chey Goodman <Cheyenne.A.Goodman@gmail.com>,
Nehama Hanoch <hanoch.nehama@gmail.com>, dkeightly@rudolphclarke.com
Cc: Ryan Ernst <rernst@bk-legal.com>, Brooke Hoffmann <bhoffmann@bk-legal.com>, Thomas Bielli <tbielli@bk-legal.com>

Good Afternoon Counsel

This office represents Defendant Eastes in the above matter.

Please be advised that the Court scheduled a hearing on the following Motions tomorrow, **Thursday, December 7, 2023 at 9:00 a.m. via zoom**.  The link is below.

1. Defendant Nehama Hanoch's Emergency Motion for a Protective Order (Motion E-File No. 2312011417);
2. Cheyenne Goodman's Emergency Motion for Protective Order (Motion E-File No. 2312011394); and
3. Roxanne Eastes' Emergency Motion for a Protective Order (Motion E-File No. 2312011417).

**Thursday 9:00 am Judge Roberts**
**Meeting ID: 381 803 9948**
**Link: https://zoom.us/j/3818039948**

Please confirm receipt of this email.

Thank you

Tom Bielli



Thomas D. Bielli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(215) 642-8271

Licensed in New York and Pennsylvania

Case ID: 230400452

**Tab 30**

IN THE COURT OF COMMON PLEAS
PHILADELPHIA TRIAL DIVISION - CIVIL

Edwin Leon,

        Plaintiff

        v.

Cheyenne Goodman, *et al.*,

        Defendants.

Civil Action Docket No. 230400452

## ORDER

AND NOW, this ___7___ day of *December*, 2023, upon consideration of Defendant Cheyenne Goodman's Emergency Motion for Protective Order (the "Motion") , and any ~~response thereto, the Motion~~ is GRANTED and it is hereby ~~ORDERED~~ that Defendant Cheyenne Goodman is not required to respond to the Plaintiff's ~~Request for Production of Documents and Plaintiff's First Request for Admissions that are attached to the Motion as Exhibits A and B without further order of the Court.~~

*Moot*

BY THE COURT:

_____
JUDGE

230400452-Leon Vs Goodman Etal

||||||| 23040045200054 |||||||

DOCKETED
DEC 0 7 2023
D. STEWART
JUDICIAL RECORDS

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121323

**Tab 31**

EDWIN LEÓN,                          )

          Plaintiff,               )

        v.                          )   IN THE COURT OF COMMON PLEAS
                      )   PHILADELPHIA COUNTY, PA

NEHAMA HANOCH                       )

and                                 )   CIVIL ACTION
                      )   No. 230400452
CHEYENNE GOODMAN                    )

and                                 )

ROXANNE EASTES,                     )   230400452-Leon Vs Goodman Etal

         Defendants.               )

Filed and Attested by the
Office of Judicial Records
06 DEC 2023 11:56 am
SWEENEY

||||| 23040045200055 |||||

### ORDER

AND NOW, this ___7___ day of ___December___, 2023, upon consideration of Defendant

Nehama Hanoch's Emergency Motion for a Protective Order (the "Motion"), and any response

thereto, the Motion is GRANTED and it is hereby ORDERED that Defendant Nehama Hanoch

is not required to respond to Plaintiff's Request for Production of Documents and Plaintiff's

Request for Admissions, attached to the Motion as Exhibits A and B, without further order of the

Court.

*Moot*

                                 BY THE COURT:

                                 _____

                                 Judge

**DOCKETED**

DEC 0 7 2023

D. STEWART
JUDICIAL RECORDS

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121324

**Tab 32**

EDWIN LEÓN

                  Plaintiff,

    v.

NEHAMA HANOCH

and

CHEYENNE GOODMAN

and

ROXANNE EASTES

                Defendants.

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA

CIVIL ACTION

NO. 230400452

*Filed and Attested by the Office of Judicial Records
06 DEC 2023 12:15 pm
N. SWEENEY*

## ORDER

AND NOW, this __7__ day of __December__, 2023, upon consideration of Defendant Roxanne Eastes' Emergency Motion for Protective Order (the "Motion"), and any response thereto, the Motion is GRANTED and it is hereby ORDERED that Defendant Roxanne Eastes is not required to respond to (1) *Plaintiff's Request for Production of Documents Directed to Defendant, Roxanne Eastes* and (2) *Plaintiff's First Request for Admissions Directed to Defendant, Roxanne Eastes*, which are attached to the Motion as Exhibits A and B, without further order of the Court.

*Moot*

BY THE COURT:

_____
J.

230400452-Leon Vs Goodman Etal

23040045200056

**DOCKETED**

DEC 0 7 2023

D. STEWART
JUDICIAL RECORDS

Certification Due Date: 12/13/2023
Response Date: 12/20/2023
Case ID: 230400452
Control No.: 23121325

**Tab 33**

**PAX LEGAL, LLC**
By: Neil M. Hilkert, Esq.
Lida L. Bonner, Esq.
Attorney I.D. Nos. 44696 & 83985
600 W. Germantown Ave.
Suite # 400
Plymouth Meeting, PA 19462
(610) 940-1663 TEL
*neil@paxlegalllc.com*
*lida@paxlegalllc.com*



*Filed and Attested by the
Office of Judicial Records
13 DEC 2023 11:49 am
B. MERCEDES*

| | | |
|---|---|---|
| Edwin Leon, | : | **IN THE COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| Plaintiff | : | |
| vs. | : | |
| | : | **CIVIL DIVISION – LAW** |
| Cheyenne Goodman | : | |
| and | : | |
| Nehama Hanoch | : | **Case ID No. 230400452** |
| and | : | |
| Roxanne Eastes | : | |
| | : | |
| Defendants | : | |

## PRAECIPE FOR DISMISSAL OF DEFENDANT
## ROXANNE EASTES ONLY WITHOUT PREJUDICE

**To The Office of Judicial Records:**

IT IS HEREBY AGREED by and between the parties hereto, as evidenced by the

signatures of the Defendant attorneys set forth herein below, that defendant Roxanne Eastes is

dismissed without prejudice as defendant in the within action.

/s/  Cheyenne A. Goodman, Esquire
**CHEYENNE A. GOODMAN, ESQUIRE**
**SELF REPRESENTED**

/s/ Nehama L. Hanoch, Esquire
**NEHAMA L. HANOCH, ESQUIRE**
**SELF REPRESENTED**

**BIELLI & KLAUDER, LLC**

**PAX LEGAL, LLC**

/s/ Thomas D. Bielli, Esquire
**BY: THOMAS D. BIELLI, ESQUIRE**
**ATTORNEY FOR DEFENDANT**
**Roxanne Eastes**

**BY: NEIL M. HILKERT, ESQUIRE**
**ATTORNEY FOR PLAINTIFF**
**Edwin Leon**

DATED: December 13, 2023