IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWIN LEON,** <br>                **Plaintiff,** <br><br> v. <br><br> **NEHAMA HANOCH, and CHEYENNE GOODMAN,** <br>                **Defendants.** | **CIVIL ACTION** <br><br><br><br> **NO.  24CV1060** |

**O R D E R**

**AND NOW**, this 12th day of September, 2024, upon consideration of Defendant Cheyenne Goodman's Motion for Fees and Costs Pursuant to Federal Rule of Civil Procedure 54 (ECF No. 42) and Plaintiff's Response in Opposition (ECF No. 45), it is **HEREBY ORDERED** that Defendant's Motion is **DENIED**.[1]

BY THE COURT:

/s/ Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**

---

[1] After successfully moving to dismiss the claims against her, Cheyenne Goodman now moves for costs and attorneys' fees.  "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs. Notwithstanding this presumption, the word 'should' make clear that the decision to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 377 (2013).  As for attorneys' fees, the American Rule dictates that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser."  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).  Some exceptions to the American Rule exist.  *See, e.g.*, Fed. R. Civ. P. 11 (allowing federal courts to assess various sanctions against attorneys and law firms for misconduct); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (explaining that federal courts have "inherent power" to assess attorneys' fees, but that power "must be exercised with restraint and discretion").  To prevail on a motion for attorneys' fees, "the motion must . . . specify . . . the statute, rule, or other grounds entitling the movant to the award."  Fed. R. Civ. P. 54(d)(2).

In her Motion, Goodman does not cite any authority that a court might rely upon to displace the American Rule, nor does she cite any authority detailing the presumption in favor of awarding costs.  Under both Third Circuit precedent and local rule, that lack of legal support waives her arguments.  *Pa. Dep't of Public Welfare v. U.S. Dep't of Health & Human Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (holding that legal argument supported only by "conclusory assertions," without any citation to authority, was waived); Local Civil Rule 7.1(c) ("Every motion not certified as uncontested, or not governed by local Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions *and authorities relied upon* in support of the motion.") (emphasis added).