IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWIN LEÓN,** <br> **Plaintiff,** <br><br> v. <br><br> **NEHAMA HANOCH,** <br> **Defendant.** | CIVIL ACTION <br><br><br><br><br> NO. 24CV1060 |

### MEMORANDUM OPINION

This matter is before the Court on the one remaining claim in Plaintiff Edwin León's Complaint against Defendant Nehama Hanoch all other claims having been previously dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Hanoch now moves for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on that one remaining claim—which is for assault.[1]

I.  **FACTS**

León and Hanoch are attorneys previously employed by the Delaware law firm Young, Conaway, Stargatt and Taylor, LLP ("Young, Conaway"). During their employment, León began a sexual relationship with Cheyenne Goodman, who was Hanoch's friend and who also worked at Young, Conaway. Throughout the relationship, Goodman told Hanoch that León was stalking, threatening, and harassing her; that he was hazing her at work; and, that she was scared for her safety.

The instant lawsuit is based on events that occurred after the three spent a night barhopping in Philadelphia. As the night began to wind down, Goodman left the bar, telling her

---

[1] Except as otherwise noted, the following facts are not in genuine dispute. The Court writes primarily for the benefit of the parties and assumes familiarity with the facts pertaining to the underlying dispute, which are set forth in *León v. Hanoch*, 2024 WL 3637794 (E.D. Pa. Aug. 2, 2024).

friends that she would order an Uber home. León followed, and Goodman texted Hanoch that she was trying to "get away" from him. Hanoch pursued them both, at one point running across the street, against traffic. During her pursuit, Goodman called Hanoch, crying, and reiterated that León was chasing her down the street.

Once Hanoch caught up to León and Goodman near Philadelphia City Hall, she saw León's hands outstretched towards Goodman as if he was trying to get hold of her while Goodman was "cowering away" from León. She also saw that Goodman was "sobbing, her make-up was streaked everywhere." Nearby—positioned catty-corner to Goodman and León—Hanoch noticed two police officers inside their squad car. She approached them and told them that she thought Goodman was being sexually assaulted. When the officers did not engage with the situation, Hanoch spun around and inserted herself between Goodman and León, yelling at León while she did so. Although in her deposition she testified that she did not remember exactly what she said at the time, the parties agree that Hanoch said something like "Get away from her. Don't ever touch her again. I'll kill you if you ever come near her."[2]

That evening spurred a handful of legal proceedings. Goodman and Hanoch filed a complaint with the New Jersey State Bar, alleging that León had assaulted Goodman. Goodman also filed a petition for a Protection from Abuse ("PFA") order in Delaware Family Court. That petition was referred to a Commissioner of the Delaware Family Court, and the Commissioner issued a 52-page order making a series of factual findings supporting the conclusion that León had abused Goodman. As a result, the Commissioner granted Goodman's petition. León appealed, but the PFA order was affirmed in its entirety. This Complaint by León followed.

---

[2] In his Complaint, León alleged that Hanoch struck him during the confrontation as well but brought only an assault claim against Hanoch, not a battery claim. *See León*, 2024 WL 3637794, at *6 (quoting *C.C.H. v. Phila. Phillies, Inc.*, 940 A.2d 336, 340 n.4 (Pa. 2008).

## II.  LEGAL STANDARDS

A party is entitled to summary judgment if it shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).  "Inferences to be drawn from the underlying facts contained in the evidential sources must be viewed in the light most favorable to the party opposing the motion." *Peters Twp. Sch. Dist. v. Hartford Acc. & Indem. Co.*, 833 F.2d 32, 34 (3d Cir. 1987).

"A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Anderson*, 477 U.S. at 248-52).  "The non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Id.* (citation omitted).  Normally, a moving party is entitled to judgment as a matter of law where the "nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323.  When a moving party asserts that there is no genuine issue of material fact as to the elements of an affirmative defense, "the burden shifts to the plaintiff to set forth a genuine dispute of material fact as to any element essential to the affirmative defense." *Harvey v. City of Phila.*, 253 F. Supp.2d 827, 829 (E.D. Pa. Mar. 27, 2003).

### III. DISCUSSION

Under Pennsylvania law, "an assault occurs when one acts with the unprivileged intent to put another in reasonable and immediate apprehension of a harmful or offensive conduct and which does cause such apprehension." *Proudfoot v. Williams*, 803 F. Supp. 1048, 1054 (E.D. Pa. 1992) (citing *Cucinotti v. Ortmann*, 159 A.2d 216 (Pa. 1960)); *accord* Restatement (Second) of Torts, § 21 (Am. L. Inst. 1965) ("An actor is subject to liability to another for assault if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension.").

#### A. Defense-of-Others

Hanoch invokes the justification of defense-of-others, which Pennsylvania courts recognize as a "complete defense[] to a claim of assault and battery." *León*, 2024 WL 3637794, at *6 (quoting *Garris v. Thompson*, 1997 WL 11308, at *2 (E.D. Pa. Jan. 10, 1997)). The defense applies when the defendant "believes that [s]he or another is in imminent danger of bodily harm," and that belief is "reasonable." *Garris*, 1997 WL 11308, at *2; *accord Smith v. Lauritzen*, 356 F.2d 171, 176 (3d Cir. 1966) ("[T]he defender is privileged to respond only to a reasonable belief on his part that he is in imminent danger of bodily harm."). In Pennsylvania, self-defense is treated the same in civil cases as it is in the criminal context, *Kitay v. Halpern*, 158 A. 309, 310 (Pa. Super. 1932), and defense-of-others is applicable when self-defense would be warranted, 18 Pa. Cons. Stat. § 506. *See Ferguson v. Elec. Factory Concerts, Inc.*, 7 Pa. D. & C. 5th 476, 489-90 (Pa. Comm. Pl. 2009).

It is law of the case that the Delaware Commissioner's findings established the objective element—*i.e.*, that someone in Hanoch's position would reasonably fear that León was about to

4

harm Goodman—because in that proceeding, it was found that León's conduct was "likely to cause fear or emotional distress or to provide a violent or disorderly response." *León*, 2024 WL 3637794, at *6; *see also* 10 Del. C. § 1041(1)(b).  However, because the Commissioner did not make any findings about whether Hanoch herself held that subjective belief, and because it was unclear from the face of the complaint whether she held such a belief, León's claim against Hanoch survived her Motion to Dismiss.  *León*, 2024 WL 3637794, at *6.

      The undisputed facts now confirm that Hanoch subjectively believed that Goodman was in danger of imminent bodily harm.  The record now includes Hanoch's testimony that she believed as much, and León does not offer any evidence to the contrary, nor in his briefing does he attempt to argue that the subjective element is not met.  Therefore, any opposition to Hanoch's argument is waived and there is no genuine dispute as to the subjective element; Hanoch subjectively believed that León posed a threat to Goodman.  *Valentin v. Attorney General of U.S.*, 386 F. App'x 279, 282 (3d Cir. 2010) ("Because no argument is presented . . . we deem the issue waived.").

      As for the objective element, as previously determined and now confirmed by the record, the undisputed facts are that Hanoch held a reasonable belief that León posed a threat of imminent bodily harm to Goodman.  It is undisputed that: Goodman had previously told Hanoch that León was harassing her (which a Delaware court found to be true); Goodman both texted and called Hanoch, alerting her that she was fleeing León's pursuit; Hanoch witnessed Goodman crying, with her makeup streaking down her face, apparently trying to get away from León; and, León had his arms outstretched in what appeared to be an attempt to grab hold of Goodman when Hanoch arrived on the scene.  Together, those facts would lead a reasonable person to believe that Goodman was in danger, or, as the Delaware Commissioner put it, that León's

behavior was "likely to cause fear or emotional distress or to provide a violent or disorderly response."

León does not dispute any of those facts, but he does argue that Hanoch's belief that Goodman was in danger was unreasonable because: two police officers were nearby; Hanoch did not see León touch Goodman; both Goodman and León were clothed when Hanoch caught up to them; and, León immediately left the scene after his confrontation with Hanoch. Taking his last contention first, even assuming that the Delaware "commissioner's findings in the PFA order" do not "establish the objective element," thereby precluding his argument, *León*, 2024 WL 3637794, at *6, León's departure from the scene *after* Goodman's purported assault says nothing about whether her belief that he posed a threat to Goodman was objectively reasonable *at the time* she purportedly assaulted him. Similarly, whether León had yet to touch Goodman or whether the two were clothed does not render Hanoch's belief that Goodman was in danger unreasonable. The defense-of-others inquiry considers "all the circumstances known to" the defendant. *Commonwealth v. Ferguson*, 2017 WL 1382762, at *15 (Pa. Super. Apr. 18, 2017). Hanoch's knowledge of León's abusive relationship with Goodman, her understanding that León had been in pursuit of Goodman through Center City Philadelphia while Goodman attempted to escape, and her witnessing Goodman in a state of obvious distress, which are all facts that León does not dispute, suffice to establish an objectively reasonable belief that Goodman was in danger.

### B. Cost-Shifting

In Pennsylvania, when a defendant "uses force . . . in the protection of other persons" and "prevails in a civil action," "the court shall award reasonable expenses to the" defendant. 42 Pa. Cons. Stat. § 8340.2(a)(1)-(2), (b). Based on that cost-shifting provision, Hanoch requests an additional fourteen days to submit a petition under the statute detailing "attorney fees, expert

6

witness fees, court costs and compensation for loss of income." *Id.* at § 8340.2(b).

León argues that the cost-shifting statute does not apply, because he has not brought a battery claim, so there is no use of force at issue here.[3] León cites no case to support such a narrow reading of the statute, and construing the statute so narrowly would lead to absurd results. To read the statute as León sees it would incentivize *more* violence: someone who commits a battery to defend another would be entitled to reasonable expenses, but someone who commits an assault in defense of others would not.

In any event, the statute straightforwardly applies when self-defense and defense-of-others justifications are established, 42 Pa. Cons. Stat. § 8340.2(a)(1)-(2), and self-defense (and therefore, by extension, defense-of-others) as a justification is just as available in assault cases as in battery ones. *Cf. Commonwealth v. Gonzales*, 483 A.2d 902, 903-04 (Pa. Super. 1984) (self-defense instruction appropriate in aggravated assault case).

Because no genuine dispute exists as to Hanoch's defense-of-others justification, and because she is entitled to summary judgment as a matter of law, Hanoch's Motion for Summary Judgment shall be granted, and she shall have fourteen days to file a petition for "reasonable expenses" under 42 Pa. Cons. Stat. § 8340.2.

An appropriate order follows.

                                                 **BY THE COURT:**

                                                 **S/ WENDY BEETLESTONE**

                                               **WENDY BEETLESTONE, J.**

---

[3] In a footnote in his brief, León also argues that the defense-of-others justification that Hanoch invokes requires a use of force in order for the justification to be available, and so, because he has pleaded assault rather than battery, she cannot invoke the justification. "However, arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived." *John Wyeth & Bro. Ltd. V. CIGNA Intern. Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) (citing *Commonwealth of Pa. v. HHS*, 101 F.3d 393, 345 (3d Cir. 1996)).