**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EDWIN LEON,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **NEHAMA HANOCH,** | **NO.  24CV1060** |
| **Defendant.** | |

## ORDER

**AND NOW**, this 10th day of February, 2025, upon consideration of Defendant Hanoch's Petition for Attorneys' Fees and Costs (ECF No. 55) and in light of Plaintiff Edwin Leon's failure to respond, **IT IS HEREBY ORDERED** that Defendant's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is liable to and shall pay to Hanoch within thirty (30) days of this Order the amount of $56,404.76, as the prevailing party in an action brought against her by a perpetrator where she satisfied the requirements for defense of others under Pennsylvania 42 Pa. Stat. § 8340.2.[1]

**BY THE COURT:**

**S/WENDY BEETLESTONE**
**WENDY BEETLESTONE, J.**

---

[1] "As a general rule, the timely filing of a notice of appeal . . . immediately confer[s] jurisdiction on a Court of Appeals and divest[s] a district court" of jurisdiction. *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985). Nevertheless, "[a] district court, during the pendency of an appeal is not divested of jurisdiction to determine an application for attorney's fees." *Id.* at 120-121 n.20 (citing *West v. Keve*, 721 F.2d 91, 95 n.5 (3d Cir. 1983)).